**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| | | ) | |
| | Debtor | ) | Chapter 11 (Voluntary) |
| | | ) | Subchapter V |

## SUBCHAPTER V STATUS CONFERENCE REPORT OF DEBTOR PURSUANT TO 11 U.S.C. §1188(c)

**COMES NOW** Debtor, Victory Cleaning Systems, Inc. (the "Debtor"), by and through Counsel, and for the Debtor's 11 U.S.C. §1188(c) Status Conference Report, as ordered in the Court's Agreed Scheduling Order (Doc. #17), shows the Court as follows:

1.      The date the case was filed, and the date Debtor's counsel applied for appointment to represent the Debtor:

On January 5, 2024, Debtor filed the Petition under Chapter 11, Subchapter V. On January 11, 2024, Debtor filed its Application to Employ WM Law as counsel.  This Court entered an Order approving the Application to Employ on February 5, 2024 (Doc. #18).

2.      The name, address, and phone number of the trustee appointed to serve in this case under §1183:

ROBBIN L. MESSERLI
6917 TOMAHAWK RD
P.O. BOX 8686
PRAIRIE VILLAGE, KS 66208-2618
913.662.3524
rob.messerli@gunrockvp.com

3.      The Debtor is a Debtor as defined in 11 U.S.C. §1182(1).  The Debts scheduled are less than $7,500,000, not less than 50 percent of which arose from the commercial or business activities of the debtor.  There have been no objections to the debtor's election to proceed under Subchapter V.

4.   The Debtor's Proposed Deadline for Filing Objections to Claims:  April 25, 2024, three weeks after the deadline for the filing of the Chapter 11 Plan.  This is the same date as the deadline for the creditors to make an 1111(b) election.

5.   The Debtor's Proposed Deadline for Filing a Spreadsheet Report of Allowed and Disputed Claims by Class: April 25, 2024.  The Debtor does not anticipate objecting to any claims at this time.

6.      The Debtor's Proposed Deadline for Filing any Avoidance Actions:  The Debtor

1

believes that the limitations on avoiding powers under 11 U.S.C. §546 governs.  Specifically, Section 546 provides that an action under 11 U.S.C. §§544-553 may not be commenced after … (2) the time the case is closed or dismissed.  (11 U.S.C. §546(a)(2)).

The Debtor will likely seek to administratively close this case upon entry of an order confirming the Subchapter V Plan of Reorganization and Substantial consummation thereto.  Therefore, the Debtor currently proposes a deadline of Friday, October 4, 2024.

7.      The Debtor's Proposed Deadline for filing a plan of reorganization, which under §1189(b) may not be later than 90 days after the order for relief unless ordered by the Court.  April 4, 2024.  Unless the Debtor and a creditor are in negotiations materially impacting the Plan, the Debtor does not anticipate seeking an extension of the deadline to file the Plan.

8.      The Efforts the Debtor has undertaken and will undertake to attain a consensual plan of reorganization:

Debtor has received and started to review claims filed, including a secured claim.  Debtor is coordinating with the Subchapter V Trustee on a meeting to discuss cash flow projections in support of a plan.  Given the lack of large secured creditors, Debtor does not anticipate any creditors being particularly antagonistic.

In order to seek consensual approval of the Plan, the Debtor anticipates soliciting ballots from the taxing authorities once income tax returns are filed and processed and any secured creditors whose debts are impaired.

Additional Information:

1.      Whether the initial financial report and other documentation required by the United States Trustee has been or will be filed, and whether the Debtor is current on the filing of monthly financial reports to the United States Trustee.

Answer:  The Debtor is not currently due for a Monthly Operating Report, with the first due in late February 2024.  The Debtor believes it has provided much of the information requested by the US Trustee after the Initial Debtor Interview.

2.      Whether the Debtor's schedules have been filed in substantially complete form.

**Answer:**  Yes, the Debtor believes there may be amendments necessary, which would likely be filed after the Section 341 Meeting of Creditors, but that all schedules have been filed in substantially complete form.

2

3.        Whether the Debtor is current on all tax filings, and if not, which returns are outstanding and when they will be filed.

**Answer:**  The Debtor is due for Income Tax Returns for the tax years 2020-2022 with 2023 returns coming due soon.

4.        The Debtor's projections for financial operations for the first 120 days of this case.

**Answer:**  This information shall be provided on or before the date of the Scheduling Conference

5.        The Debtors' financial history for the three (3) years prior to the filing of the petition (annual figures)

**Answer:** This information shall be provided on or before the date of the Scheduling Conference. Debtor's Accountant is working on the filing of income tax returns and financial statements.

6.        The expected budget for professionals in this case and whether the trustee anticipates the need for retention of professionals.

**Answer:** This information shall be provided on or before the date of the Scheduling Conference. The Debtor is working on employment of its Accountant.

7.        The problems which require resolution through the bankruptcy process.

**Answer:**  This information shall be provided on or before the date of the Scheduling Conference. Other than the necessary filing of some  delinquent tax returns, Debtor does not anticipate any significant litigation or confirmation issues beyond proving feasibility of its Plan.

Dated: February 7, 2024          Respectfully submitted,
                                 WM Law

                                 s/ Ryan A. Blay
                                 Ryan A. Blay, MO #KS001066; KS #28110
                                 15095 W. 116th St.
                                 Olathe, KS 66062
                                 Phone (913) 422-0909 / Fax (913) 428-8549
                                 blay@wagonergroup.com
                                 ATTORNEY FOR DEBTOR & Debtor-in- Possession
                                 **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 7, 2024, the foregoing was delivered via e-mail to the effected parties who are registered to receive electronic notice via ECF, including the United States Trustee and the duly appointed Subchapter V Trustee, and regular 1st-class, postage prepaid to the parties listed below that are not registered to receive ECF notice.

[See attached mailing matrix]

                                 s/ Ryan A. Blay

Label Matrix for local noticing
0866-4
Case 24-40010-can11
Western District of Missouri
Kansas City
Thu Jan 11 12:19:20 CST 2024

U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO 64106-2625

Victory Cleaning Systems, Inc.
1000 W. 100th St.
Kansas City, MO 64114-4208

Ally Financial
PO Box 380901
Bloomington MN 55438-0901

Ally Financial
PO Box 380902
Minneapolis MN 55438-0902

American Express
Customer Service
PO Box 981535
El Paso TX 79998-1535

American Express
PO Box 981537
El Paso TX 79998-1537

Attn Recovery First Citizens Bank
10201 Centurion PKWY N
Jacksonville, FL 32256-0541

BANK OF AMERICA
PO BOX 982238
El Paso TX 79998-2238

Bank of America
4060 Ogletown/Stanton Rd
DE5-019-03-07
Newark DE 19713-0000

Bank of America
PO Box 15796
Wilmington DE 19850-5796

CIT Bank, N.A.
PO Box 7056
Pasadena CA 91109-7056

Channel Partners
10900 Wayzata Blvd, Ste. 300
Hopkins MN 55305-1576

Channel Partners
1210 Office Plaza Dr.
West Des Moines IA 50266-2300

Channel Partners
4080 East Main St
Bldg. #300
Ste. 1
Marshall MN 56258-0000

Channel Partners
600 TownPark Lane, Ste. 555
Kennesaw GA 30144-3769

Citi Bank
5800 S Corporate place
Sioux Falls SD 57108-5027

Dan Brown
1000 W 100th St.
Kansas City MO 64114-4208

Direct Capital Corporation
155 Commerce Way
Portsmouth NH 03801-3243

Direct Capital Corporation
4300 Six Forks Road
Raleigh NC 27609-5718

Extra Space
9435 Holmes Rd.
Kansas City MO 64131-2975

(p)FIRST NATIONAL BANK OF OMAHA
1620 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1593

Financial Pacific Leasing, Inc
3455 S. 344th Way
Suite 300
Federal Way WA 98001-9546

Internal Revenue Service
Centralized Insolvency Ops
Post Office Box 7346
Philadelphia PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

JPMBCB Card Services
PO Box 15369
Wilmington DE 19850-5369

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Mikala Allen
1000 W 100th st.
Kansas City MO 64114-4208

Missouri Department of Revenue
PO Box 475
Jefferson City MO 65105-0475

Robbin Messerli
6917 Tomahawk Rd
PO Box 8686
Prairie Village, KS 66208-0686

Ryan A. Blay
Wm Law
15095 W 116th St.
Olathe, KS 66062-1098

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

(d)Bank of America                     FNBO                              JPMCB - Card Services
PO Box 982235                          1620 Dodge Stree                  301 N Walnut St, Floor 09
El Paso TX 79998-2235                  Omaha NE 68197-0000               Wilmington DE 19801-3935

End of Label Matrix
Mailable recipients    30
Bypassed recipients     0
Total                  30