**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| | Debtor | ) | Chapter 11 (Voluntary) |
| | | ) | Subchapter V |

**ORDER CONFIRMING DEBTOR'S SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION DATED APRIL 4, 2024**

Victory Cleaning Systems, Inc. herein referred to as "Debtor," has proposed its Subchapter V Small Business Plan under of Reorganization under Chapter 11 of the Bankruptcy Code on April 4, 2024 (Doc. 29) (the "Plan").

A hearing to consider confirmation of the Plan was conducted on June 5, 2024 (the "Hearing"). All parties appeared telephonically. The Debtor appeared in person through its representative, Dan Brown, and by its counsel, Ryan A. Blay of WM Law, Adam E. Miller appeared on behalf of the United States Trustee's Office. Robin Messerli, the Subchapter V Trustee, appeared.

A hearing was held with respect to confirmation. Ryan A. Blay, attorney for the Debtor, made preliminary statements as well as an oral motion to extend the deadline for creditor Ally Bank to accept the plan through June 3, 2024.  The Court granted the oral motion. The Court then accepted a proffer on behalf of the Debtor in support of confirmation of the Plan.  On the record, the Court announced that it would confirm the Plan under 11 U.S.C. §1191(b).

**THE GENERAL REQUIREMENTS OF 11 U.S.C. §1129 HAVE BEEN MET**

1. The Debtor is eligible for relief under Chapter 11 and the Plan filed by the Debtor, complies with the provisions of Chapter 11 and all other applicable provisions of Title 11 of the United States Code.

2. The Debtor certifies that the Subchapter V Small Business Plan of Reorganization filed on April 4, 2024, and the notice of confirmation hearing was sent to all creditors, parties in interest and the United States Trustee. No objections to the Plan were received.

3.  The Plan and the proponent of the Plan comply with the applicable provisions of Title 11, and therefore the Plan complies with 11 U.S.C. §1129(a)(1) and (a)(2).

4. The Plan has been proposed in good faith and not by any means forbidden by law and therefore the Plan complies with 11 U.S.C. §1129(a)(3).

5.  Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been

approved by, or is subject to the approval of, the court as reasonable. Thus, the Plan complies with 11 U.S.C. §1129(a)(4).

6. The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

**(ii)**
the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and

**(B)**
the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

7. 11 U.S.C. §§1129(a)(5), (a)(6), (a)(13), and (a)(14) and (a)(15) do not apply to this Plan.

8. With respect to each impaired class of claims or interests—

**(A)** each holder of a claim or interest of such class—
**(i)**
has accepted the plan; or

**(ii)**
will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of Title 11 on such date. Thus, the Plan complies with 11 U.S.C. §1129(a)(7).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

**(A)**
with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of Title 11, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

**(B)**with respect to a class of claims of a kind specified in 11 U.S.C. §§507(a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) of Title 11, , each holder of a claim of such class will receive—
**(i)**
if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

**(ii)**
if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim;

With respect to a claim of a kind specified in 11 U.S.C. §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—

**(i)**

of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

**(ii)**

over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

**(iii)**

in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under 11 U.S.C. §1122(b); and

**(D)**

with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

Thus, the Plan complies with 11 U.S.C. §1129)(a)(9).

10.  Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.  Thus, the Plan complies with 11 U.S.C. §1129(a)(11).

11.  No fees are payable under 28 U.S.C. §1930 since this is a case under Subchapter V.  Thus, the Plan complies with 11 U.S.C. §1129(a)(12).

12.  All transfers of property under the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.  Thus, the Plan complies with 11 U.S.C. §1129(a)(16).

13.  The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.  Thus, the Plan complies with 11 U.S.C. §1191(b) and may be confirmed, notwithstanding any failure to comply with 11 U.S.C. §§1129 (a)(8).  The requirements of 11 U.S.C. §1191(b)(2) are satisfied by the Plan.

14.  The Plan, as amended, should be confirmed subject to the clarified or modified treatment stated herein and hereby incorporated into and to be a part of the Plan, as follows:

(1) A Stipulation between Debtor and the United States Trustee is hereby incorporated into this Order to clarify potential objections to the Plan.  The terms are listed below:

Debtor agrees to modify the Plan as follows:

a.  Disbursements to general unsecured creditors shall be made no later than June 30th of each

year of the Plan, starting with June 30, 2025 for payments for year 1 of the Plan.

c.  The Debtor shall calculate the disposable income received during the year in accordance with 11 U.S.C. § 1191(d) and shall provide a calculation of that disposable income as well as a listing of payments made to the general unsecured creditors to the Subchapter V Trustee and the United States Trustee's office no later than July 31 of each year of the Plan, starting with July 31, 2025 for payments for year 1 of the Plan.

(2) A Stipulation between Debtor and Ally Bank, Filed as Docket #46 is hereby incorporated into this Order to clarify potential objections to the Plan.  The terms are listed below:

a.  Debtor admits the allegations contained within the Motion for Relief from Automatic Stay (the "Motion") filed by Ally Bank on May 31, 2024.
b.  The failure to address the scheduled obligation of Ally Bank in the plan was inadvertent on the part of the debtor and its counsel.
c.  The Debtor wishes to retain the 2015 Isuzu NPR that is the subject of The Motion
d. The Debtor has sufficient funds to pay Ally Bank its contractual obligations under the note without reducing or impacting payments to creditors under the Plan that is subject for confirmation on June 5, 2024.
 e.  Ally Bank did not receive a ballot for the Plan but supports the Plan with the language of this stipulation incorporated into the Order Confirming Plan. The proposed order would be circulated to the United States Trustee, the Subchapter V Trustee, counsel for Ally Bank, and any creditors who appear at the confirmation hearing directly or through counsel before submission to the Court for signature.
f.  The Debtor intends to commence payments under the Plan effective July 2024 and can continue to do so, including payments to Ally Bank at the contractual payment rate of $529.89 per month until the note is paid in full.
g.  It is in the best interest of all creditors if the Debtor retains its property and its Plan is confirmed by Order of this Court.
h.  The Debtor shall continue to maintain adequate insurance on the Isuzu and provide proof to Ally Bank via its counsel within a reasonable time upon request.
i.  Upon oral confirmation of the Plan, Ally Bank shall withdraw its Motion for Relief from the Automatic Stay without prejudice.
j.  Article 6.8 (Creditor Remedies in Event of Default under Plan) of SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION FOR DEBTOR VICTORY CLEANING SYSTEMS, INC., DATED APRIL 4, 2024 (Document No. 29) shall apply to this Stipulation.

**NOW, THEREFORE, IT IS ORDERED the Debtor's First Amended Chapter 11 Plan, be and is hereby confirmed under 11 U.S.C. § 1191(b).**

**IT IS FURTHER ORDERED,** that confirmation shall bind the Debtor and each creditor, whether or not such creditor is provided for in the Plan and whether or not such creditor has voted to accept the Plan.

**IT IS FURTHER ORDERED**, that except as provided in the Plan, all property of the

estate is vested in the Debtor free and clear of all claims or interest of the creditors.

**IT IS FURTHER ORDERED**, that the Debtor shall be the disbursing agent for all payments made under this Plan and shall be responsible for timely disbursing all payments.

**IT IS FURTHER ORDERED,** that the Debtor is not discharged from any debt excepted from discharge under 11 U.S.C. §523.

Dated:  June 14, 2024                                          /s/ Cynthia A. Norton

Cynthia A. Norton
United States Bankruptcy Judge

Drafted by:

/s/ Ryan A. Blay
Ryan A. Blay
WM Law
MO Bar KS-001066, counsel for the Debtor

Approved by:

/s Adam E. Miller
Adam E. Miller, Mo. Bar #65429
Trial Attorney
Office of the United States Trustee
400 E 9th Street, Ste. 3440
Kansas City, MO  64106

Approved by:

/s Robbin Messerli
Robbin Messerli
Subchapter V Trustee

Approved by:

/s/ Evan Moscov
Evan Moscov
Attorney for Ally Bank