**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **In Re:**<br><br>VICTORY CLEANING SYSTEMS, INC.<br><br>**DEBTOR.** | Case Number: 24-40010-CAN11<br>Chapter 11 |

## NOTICE OF DEFAULT

To:     Ryan Blay(blay@wagonergroup.com)

PLEASE TAKE NOTICE that pursuant to Section 6.8 of Debtor's April 4, 2024 Subchapter V Small Business Plan of Reorganization ("the Plan"), which was confirmed on June 14, 2024, the Debtor has defaulted on the Plan by failing to remit monthly post-confirmation contractual installment payments in the amount of $529.89 directly to Ally Bank. Copies of the Plan, the Order Confirming Plan and the Payment History are attached hereto as Exhibits. As of 12/30/24, the total amount Debtor is in default to Ally Bank is $2,649.45.

/s/ Evan Lincoln Moscov
Evan Lincoln Moscov
Missouri Bar No. 64415
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
Evan.moscov@moscovlaw.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Default was filed electronically on 1/31/25 with the United States Bankruptcy Court and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

Ryan A. Blay Wm Law 15095 W 116th St. Olathe, KS 66049
Robbin Messerli 6917 Tomahawk Rd PO Box 8686 Prairie Village, KS 66208
U.S. Trustee, Room 3440 400 East 9th Street Kansas City, MO 64106-1910
Adam E. Miller Office of the United States Trustee 400 E. 9th St., Ste. 3440 Kansas City, MO 64106

I certify that a true and correct copy of the Notice of Default was served on 1/31/25 on the following parties via first class U.S. Mail, postage prepaid:

Victory Cleaning Systems, Inc. 1000 W. 100th St. Kansas City, MO 64114

/s/ Evan L. Moscov
Evan L. Moscov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

In re:     VICTORY CLEANING SYSTEMS, INC.     )   Case No. 24-40010
                                       Debtor     )   Chapter 11 (Voluntary), Subchapter V

## SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION
## FOR DEBTOR VICTORY CLEANING SYSTEMS, INC., DATED APRIL 4, 2024

This Plan of Reorganization is presented to you to inform you of the proposed Plan for restructuring the debt of Proponent Victory Cleaning Systems, Inc. (the "Debtor"). and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, THE OBJECTION DATES WILL BE PROVIDED IN A SEPARATE NOTICE.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY [DATE TO BE SET BY THE COURT IN A SEPARATE NOTICE].**

**THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:**
**RYAN A. BLAY, 15095 WEST 116TH STREET, OLATHE, KS 66062.**

**A HEARING ON THE CONFIRMATION OF THIS PLAN IS SCHEDULED FOR A DATE AND TIME TO BE SET BY THE COURT IN A SEPARATE NOTICE.**

Your rights may be affected by this Plan of Reorganization. You should consider discussing this document with an attorney.

Dated: April 4, 2024                    Respectfully submitted,
                                        WM Law

                                        /s/ Ryan A. Blay
                                        Ryan A. Blay, MO #KS001066; KS #28110
                                        15095 W. 116th St.
                                        Olathe, KS 66062
                                        Phone (913) 422-0909 / Fax (913) 428-8549
                                        blay@wagonergroup.com
                                        ATTORNEY FOR DEBTOR(S)

## TABLE OF CONTENTS

I.      PLAN            Pages 3 – 15

II.     EXHIBIT A       ASSETS – Schedules A/B

III.    EXHIBIT B       MONTHLY OPERATING REPORT(S) FILED WITH THE
                        COURT

IV.     EXHIBIT C       PROFIT AND LOSS

V.      EXHIBIT D       LEASES – Schedule G – Assumption of Executory Contracts and
                        Unexpired Leases

VI.     EXHIBIT E       PROJECTIONS OF CASH FLOW/EARNINGS POST
                        CONFIRMATION PERIOD

VII.    EXHIBIT F       LIQUIDATION ANALYSIS

# ARTICLE I

## 1.1   <u>Definitions</u>

A.   DEBTOR: Victory Cleaning Systems, Inc. a Corporation.

B.   CREDITORS: All creditors of the Debtor holding claims for unsecured debt, liabilities, demands, or claim of any character whatsoever, including any under-secured creditors.

C.   SECURED CREDITORS: All creditors who hold a lien, security interest or other encumbrance which has been properly perfected, as required by law with respect to the property owned by the Debtor, prior to the filing of this case, or thereafter as authorized and ordered by the Court.

D.   PRIORITY CREDITORS: All creditors who are deemed a priority under Section 507 of the Bankruptcy Code.

E.   PLAN: Debtor's proposed reorganization plan in its present form or as it may be amended or supplemented from time-to-time hereafter.

F.   COURT: United State Bankruptcy Court for the Western District of Missouri, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

G.   CLAIM: A duly listed or timely filed claim which is allowed and ordered paid by the Court.

H.   EFFECTIVE DATE: Fourteen (14) days after the date on which the order confirming the Plan becomes final and non-appealable.

I.   ADMINISTRATIVE EXPENSES: Claims against the Debtor arising under 11 U.S.C. § 507(a)(1) and allowed by the Court.

## <u>HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR</u>

### 1.2   <u>Nature of the Debtor's Business</u>

Victory Cleaning Systems, Inc. was founded in 2003 by Dan Brown, its principal.  Mr. Brown created the Debtor with the idea of focusing on floor cleaning and restoration.  The Debtor has expanded its services to include tile & grout restoration, pressure washing, epoxy coating, and concrete restoration. Its area of service covers much of Eastern Kansas and Western Missouri.

### 1.3   <u>Filing of the Debtor's Chapter 11 Case</u>

On January 5, 2024, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 case is pending in the Bankruptcy Court for the Western District of Missouri.

### 1.4   <u>Legal Structure and Ownership</u>

The Debtor is a corporation with Dan Brown the 100% owner.

### 1.5   <u>Debtor's Assets</u>

The Debtor's assets consist modest cash, epoxy and inventory, office equipment, four vehicles, and tools and equipment (including a truck mounted cleaning machine) unique to the debtor's industry. There are also some assets such as intellectual property valued as Unknown, A list of assets marked as **Exhibit A** is attached in the form of Schedule A/B from Debtor's petition.

### 1.6   <u>Debtor's Liabilities</u>

The Debtor scheduled three secured claims in its schedules:  The first was a debt to Ally Financial secured by a lien on the Isuzu Box Truck.  Ally Financial has not yet filed a proof of claim and it is unsure to what extent, if any, Ally Financial asserts a security interest in the Debtor's assets. The second claim was with Financial Pacific Leasing Inc.  Financial Pacific Leasing, Inc. may assert a

claim but it has not done so or identified any collateral.  The final claim is a claim that has been filed by C.I.T. Bank for $24390.18, secured by a UCC lien on tools of the Debtor.  The entire claim was filed as secured.

Along with those claims, The Debtor scheduled the Internal Revenue Service as a creditor.  The Internal Revenue Service received 2020-2023 tax returns post-petition and has thus far filed a claim with a minimal priority portion of $68.89. The Debtor is not aware of any other priority claims, although it did provide notice to the Missouri Department of Revenue.

There are some general unsecured debts scheduled as well, including claims filed by First Citizens Bank (Claim 2, $25,322.25); Chase (Claim 3, $58,941.420, American Express (Claim 4, $2361.59, and Claim 5, $165.60), FNB Omaha (Claim 6, $8286.05, and Claim 7, $657.63), and the Internal Revenue (Claim 8, $7,460 of its claim).

Bank of America, Channel Partners, Citi Bank, Direct Capital Corporation, and Mikala Allen all were scheduled as creditors on the Debtor's Schedule E/F and are eligible to participate in distributions notwithstanding their failure to file claims.

## 1.7    Current and Historical Financial Conditions

The Debtor's biggest struggle has been in its operational organization.  Filing delinquent income tax returns for the corporation for several years has helped the Debtor take a major step forward.  The pandemic of COVID-19 and subsequent economic struggles in the Debtor's area of business also hurt the business.  However, the Debtor did not turn to Merchant Cash Advance loans or government-backed EIDL loans like many businesses.  The Debtor was formed in Kansas, but has since relocated to Missouri and is working toward expanding metro Kansas City operations on the Missouri side of the border.

The Debtor believes that if it is allowed to reorganize, it can now pay operating costs along with secured debts and a significant dividend to general unsecured creditors (likely a 100% dividend) to maintain its businesses and ultimately expand.  It has receivables to collect from and work in progress to bill in the future.

Unsecured creditors holding allowed claims will receive an amount equaling not less than would have been paid under Chapter 7 of the Bankruptcy Code.  See attached copies of Debtor's Monthly Operating Reports filed since the filing of the bankruptcy case, for the months of January and February 2024 Marked as **Exhibit B**. (March 2024's report is due in April 2024 after the filing of this Plan), and the Debtor anticipates filing the March and perhaps April's operating reports before any hearing on confirmation of this Plan.

## 1.8    Events Leading to the Filing of the Bankruptcy Case

Ultimately, the Debtor made the election in late 2023 to seek bankruptcy as an option to reorganize its debts and spur it to address systemic gaps that led to delinquencies in income tax filings.  Dan Brown as principal spent a considerable amount of time early prior to filing and in the early stages of the post-filing process in revamping systems to be more efficient and allow him more time in sales, work on jobs, and other high-profit areas.

## 1.9    Significant Events During the Bankruptcy Case

Since the filing of the bankruptcy the following is a list of significant events the Debtor has achieved:

- Received approval to employ WM Law as counsel

- Attended an Initial Debtor Interview with the office of the United States Trustee and its Section 341 Meeting of Creditors, which was concluded after an initial setting and subsequent production of documents, including the income tax returns.
- Received approval to employ CPAs for the Debtor.
- Filed Income Tax Returns for the tax years 2020-2023
- Prepared and filed his monthly operating reports for January and February 2024 and is working on March 2024's to further support its Subchapter V Plan.
-

**1.10     Projected Recovery of Avoidable Transfers**
The Debtor does not anticipate any litigation to seek recovery of avoidable transfers.

# ARTICLE 2

## THE PLAN

The Debtor's Plan must describe how its Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interests holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

## 2.1     Unclassified Claims

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses such as attorney fees are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class.

### A.  Administrative Expenses
The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant.  If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.  If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

2.  If the Debtor received goods it has purchased in the ordinary course of business within twenty (20) days before the Petition Date, the value of the goods received is an Administrative Expense.

3.  Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 case. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | None | Payment through the Plan as follows: |
| Administrative Tax Claim | None | Payment through the Plan |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | None | Payment through the Plan as follows: |
| Professional fees, as approved by the Bankruptcy Court | Counsel estimates post-filing fees at approximately $12,000, exclusive of any funds held in trust. | After Bankruptcy Court approval, Payment through the Plan as follows: Retainer to be paid from funds held in Attorney's Trust Account, then $500 per month for 24 months commencing in July 2024.<br><br>Additional fees paid by Debtor, after Bankruptcy Court approval. |
| Clerk's Office fees | None | Paid in full on the Effective Date. |
| Other Administrative Expenses | None | Payment through the Plan as follows: |
| Trustee | Rob Messerli | Upon application under § 330 and after Bankruptcy Court approval, payment through the Plan as follows: Within 30 days of Order of Approval or as negotiated with the Trustee. Debtor anticipates these expenses to total approximately $2,500. |

**B. Priority Tax Claims**

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding five (5) years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service (CLASS 1) | $68.89 | n/a | Payment Treatment: The Debtor proposes a single lump sum payment of $75 to be paid within 3 months of the effective date.<br>Interest rate: 8.87% |
| Missouri Department of Revenue | $0 | n/a | Payment Treatment: n/a. The Debtor is unaware of any tax liability to the MoDOR and does not expect a claim being filed by MOOR.<br>Interest rate: n/a |

## 2.2    Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

**A. Classes of Secured Claims**

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims.

Under § 506 of the Code, if the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 2 | Secured claim of: First Citizens Bank (Filed as Claim #1)<br><br>Lien on Debtor's Mechanic Tools Allowed Amount: $24,390.18 Allowed Secured Amount $24,390.18 | No | Impaired | Treatment of Lien:  Fixed monthly payments of $1509.16 which includes interest on the allowed secured claim at 6%.  First Citizens Bank shall retain its lien on the collateral until the allowed secured claim is paid in full, at which time First Citizens Bank shall release its lien and deem the UCC lien as satisfied and file necessary paperwork reflecting it as such.<br><br>Payments begin: 7/2024<br>Payments end:  6/2029 |

### B. Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim.  However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| N/A | Priority unsecured claims pursuant to Section 507(a)(1), (4), (5), (6), and & (7) **None** | n/a | n/a |

### C. Classes of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class 3, which contain general unsecured Claims against the Debtor.  None of the claims listed are for insiders.  All are impaired.

| Class # | Description | Insider? (Yes or No) | Treatment |
|---|---|---|---|
| 3 | General unsecured class<br><br>Includes:<br>First Citizens Bank (Claim 2, $25,322.25); Chase (Claim 3, $58,941.420, American Express (Claim 4, $2361.59, and Claim 5, $165.60), FNB Omaha (Claim 6, $8286.05, and Claim 7, $657.63), and the Internal Revenue (Claim 8, $7,460 of its claim). | Impaired | For the unsecured claims, General Unsecured Creditors shall share in payments from disposable monthly income in years 1-5. **The Debtor agrees to pay in its disposable income pursuant to 11 U.S.C. §1191(c)(2)(A).** |
|  | Bank of America, Channel Partners, Citi Bank, Direct Capital Corporation, and Mikala Allen all were scheduled as creditors on the Debtor's Schedule E/F<br><br>To the extent claims of these creditors were not filed by a third party, they are permitted to participate in distributions notwithstanding their failure to file claims.  Payments will be made to the best known address in Debtor's possession., |  |  |

### D. Classes of Equity Interest Holders

Equity Interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability

company ("LLC"), the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the classes of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition Debtor had issued multiple classes of stock.]

| Class # | Description | Insider? (Yes or No) | Impairment |
|---|---|---|---|
| 4 | Equity Interest Holders: Dan Brown, principal of debtor and 100% owner | Yes | none |

## Estimated Number and Amount of Claims Objections

A Disputed Claim is a claim that has not been allowed or has been disallowed by a final non-appealable order, and as to which either:

(i) A proof of claim has been filed or deemed filed, and the Debtor of another party in interest has filed an objection; or

(ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or liquidated.

The Debtor will have the power and authority to settle and compromise a Disputed Claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan. [Set forth amount and number of Claims in each class that will objected to.]

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|---|---|---|
| N/a | The Debtor does not anticipate filing any claims objections | n/a |

## 2.3 Treatment of Executory Contracts and Unexpired Leases

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e., accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply.

**[X] Assumption of Executory Contracts**

The Executory Contracts listed below shall be assumed by the Debtor unless otherwise noted. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court as set an earlier date.

***The Debtor formally accepts the lease with Extra Space for its storage units on a month-to-month basis.***

OR

[ ]    Rejection of Executory Contracts and Unexpired Leases

The Executory Contracts shown on Exhibit ___ shall be rejected by the Debtor.

Further, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on Exhibit ____, or not assumed before the date of the order confirming the Plan.

Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases. If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an unsecured Creditor holding a Claim that arose before the bankruptcy was filed.

### 2.4    Means for Implementation of the Plan

Upon Confirmation of the Plan, the Debtor shall make direct payments to all the secured, priority and general unsecured creditors per the provisions above, unless otherwise noted, from its income and any contributions from the Debtor's principal. Debtor believes the market for its services continues to stabilize following lifting of the restrictions from the COVID-19 pandemic.

Upon Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

Pursuant to 11 U.S.C. § 1192(c)(2)(A), all of the projected disposable income of the Debtor to be received in the 3-year period, or such longer period not to exceed five (5) years as the Court may fix, beginning on the date that the first payment is due under the Plan will be applied to make payments under the Plan.

### 2.5    Disbursing Agent

Distributions to Creditors provided for in this Plan will be made by the Debtor, directly.

### 2.6    Post-Confirmation Management

The Post-Confirmation Officers/Management of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| Dan Brown | 100% Owner | Salary in a range of $35,000/year-$55,000/year |

### 2.7    Tax Consequences of the Plan

**Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.**

The following are the anticipated tax consequences of the Plan: There should be no tax consequences to the Debtor.

**2.8** **<u>Projections in Support of Debtor's Ability to Make Payments Under the Proposed Plan</u>**
Debtor has provided projected financial information. Those projections are listed in **<u>Exhibit E</u>**.

# ARTICLE 3
## <u>FEASIBILITY OF PLAN</u>

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

**3.1** **<u>Ability to Initially Fund Plan</u>**

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.

**3.2** **<u>Ability to Make Future Plan Payments and Operation Without Further Reorganization</u>**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in **<u>Exhibit E</u>**.
The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes (and proposed Chapter 11 plan payments) of $18450 in year 1, $29406 in year 2, $43,329 in year 3, $50,704 in year 4, and $57424 in year 5. . The final Plan payment is expected to be paid in **June 2029.**

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

# ARTICLE 4
## <u>LIQUIDATION ANALYSIS</u>

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive a in Chapter 7 liquidation. A liquidation analysis is attached hereto as **Exhibit F.**

# ARTICLE 5
## <u>DISCHARGE</u>

On the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

# ARTICLE 6
## GENERAL PROVISIONS

**6.1** **<u>Title to Assets</u>**
Except as otherwise provided in the Plan or in the order confirming the Plan,

(i)     confirmation of the Plan vests all of the property of the estate in the Debtor, and

(ii)    after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

## 6.2     Binding Effect

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

## 6.3     Severability

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

## 6.4     Retention of Jurisdiction by the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters:

(i)     To make such orders as are necessary or appropriate to implement the provisions of the Plan and to resolve any disputes arising from implementation of the Plan;

(ii)    To rule on any modification of the Plan proposed under Section 1127;

(iii)   To hear and allow all applications for compensation to professionals and other Administrative Expenses;

(iv)    To resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; and

(v)     To adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

## 6.5     Captions

The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## 6.6     Confirmation of Plan

The Debtor is a corporation The confirmation of the Plan is treated in 11 U.S.C. § 1191 with the Discharge treated pursuant to 11 U.S.C. § 1192.

## 6.7     Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require re-voting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if:

(i)     The Plan has not been substantially consummated and

(ii)    The Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

## 6.8     Creditor Remedies in Event of Default under Plan

A default under this Plan is defined as a failure to pay two or more consecutive payments under this plan or failure to pay any single payment for 90 days or more from a due date.  Any Creditor whose payment is in default may file a Notice of Default with this Court and provide written notice care of Debtor's counsel via e-mail or United States mail, first class.  If such default is not cured within 30 days of the Notice of Default, the Creditor may elect to assert a restoration of security interests at contract amounts still owed, and the right of the Creditor to seek liquidation of non-exempt assets.

## 6.9     Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

Dated: April 4, 2024                        Respectfully submitted,

                                            /s/ Victory Cleaning Services, Inc., Debtor
                                            By Dan Brown

        Dated: April 4, 2024                Respectfully submitted,
                                            WM Law

                                            /s/ Ryan A. Blay
                                            Ryan A. Blay, MO #KS001066; KS #28110
                                            15095 W. 116th St.
                                            Olathe, KS 66062
                                            Phone (913) 422-0909 / Fax (913) 428-8549
                                            blay@wagonergroup.com
                                            ATTORNEY FOR DEBTOR(S)

## EXHIBIT A

### ASSETS: Schedules A/B

**Fill in this information to identify the case:**

Debtor name    **Victory Cleaning Systems, Inc.**

United States Bankruptcy Court for the:    WESTERN DISTRICT OF MISSOURI

Case number (if known)    _____

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

    ☐ No. Go to Part 2.
    ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **First National Bank (FNBO)** | **Checking** | 5405 | $0.00 |
| 3.2. | **Venmo** | **online wallet** | | $574.37 |
| 3.3. | **UMB** | **Operating Account** | 2570 | Unknown |

4.    **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | **Coinbase cryptocurrency** | $510.42 |

5.    **Total of Part 1.**

    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

|  |
|---|
| $1,084.79 |

**Part 2:    Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

    ■ No. Go to Part 3.
    ☐ Yes Fill in the information below.

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 1

| Debtor | **Victory Cleaning Systems, Inc.** | Case number *(If known)* |
|---|---|---|
| | Name | |

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

■ Yes Fill in the information below.

**11.** **Accounts receivable**

11a. 90 days old or less: _____ 0.00 − _____ 0.00 = .... _____ $0.00

face amount          doubtful or uncollectible accounts

**12.** **Total of Part 3.** $0.00

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4: Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.

☐ Yes Fill in the information below.

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **19.** | **Raw materials** **Epoxy** | | $0.00 | | $5,000.00 |
| | **misc. inventory - hard to resell** | | $0.00 | | $5,000.00 |

**20.** **Work in progress**

**21.** **Finished goods, including goods held for resale**

**22.** **Other inventory or supplies**

**23.** **Total of Part 5.** $10,000.00

Add lines 19 through 22. Copy the total to line 84.

**24.** **Is any of the property listed in Part 5 perishable?**

■ No

☐ Yes

**25.** **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

■ No

☐ Yes. Book value _____ Valuation method _____ Current Value _____

**26.** **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

■ No

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 2

| Debtor | **Victory Cleaning Systems, Inc.** | Case number *(If known)* | |
|--------|------------------------------------|--------------------------|--|
| | Name | | |

☐ Yes

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

■ No. Go to Part 7.
☐ Yes Fill in the information below.

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** **2-3 computers, office furniture in home office** | $0.00 | | $7,000.00 |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.

    | $7,000.00 |
    |---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ■ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **Isuzu Box Truck** | $0.00 | N/A | $25,000.00 |
| 47.2. **2012 Chevrolet Express Box Truck** | $0.00 | N/A | $18,000.00 |
| 47.3. **2015 GMC Box Truck** | $0.00 | | $18,000.00 |

Debtor    **Victory Cleaning Systems, Inc.**                              Case number *(If known)* _____
          Name

| | | | |
|---|---|---|---|
| 47.4. **2015 Ford F-150** | $0.00 | | $15,000.00 |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**
    **power tools, hand grinders**                     $0.00                          $30,000.00

    **1 truck mounted cleaning machine - 200 hours**   $0.00                          $22,000.00

51. **Total of Part 8.**                                                              $128,000.00

    Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ■ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Part 9: | **Real property** |
|---|---|

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** **vcleaning.com** | $0.00 | | Unknown |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** **approximately 7,000 customers stored in CRM** | $0.00 | | Unknown |
| 64. **Other intangibles, or intellectual property** | | | |

| Debtor | **Victory Cleaning Systems, Inc.** | Case number *(If known)* | |
| | Name | | |

**65.** Goodwill
Goodwill                                                            $0.00                                    Unknown

**66.** Total of Part 10.                                                                                    $0.00

Add lines 60 through 65. Copy the total to line 89.

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?
■ No
☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?
■ No
☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?
■ No
☐ Yes

**Part 11:   All other assets**

**70.** Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

**71.** Notes receivable
Description (include name of obligor)

**72.** Tax refunds and unused net operating losses (NOLs)
Description (for example, federal, state, local)

**73.** Interests in insurance policies or annuities

**74.** Causes of action against third parties (whether or not a lawsuit has been filed)

**75.** Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

**76.** Trusts, equitable or future interests in property

**77.** Other property of any kind not already listed *Examples:* Season tickets, country club membership
items in storage unit -

unit 1 - storage items, epoxy surplus, shelving - value already included in supply list above
unit 2 - random equipment, largely unused                                  $7,000.00

misc. items in Mr. Brown's garage or basement
(pressure washers, etc)                                                      $4,000.00

**78.** Total of Part 11.                                                                                   $11,000.00

Add lines 71 through 77. Copy the total to line 90.

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 5

Debtor   **Victory Cleaning Systems, Inc.**                                    Case number *(If known)* _____
         <sub>Name</sub>

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

Debtor   **Victory Cleaning Systems, Inc.**                          Case number *(If known)* _____
         Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,084.79 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $10,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $7,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $128,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..........................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $11,000.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $157,084.79 | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92            $157,084.79

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 7

**EXHIBIT B**

**MONTHLY OPERATING REPORTS FILED WITH THE COURT**

See January 2024 and February Monthly Operating Reports attached

March 2024's report is in preparation and is due after the filing of this Plan.

Fill in this information to identify the case:

Debtor Name Victory Cleaning Systems, Inc.

United States Bankruptcy Court for the: Western District of Missouri

Case number: 24-40010

☐ Check if this is an amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11          12/17

| | | | |
|---|---|---|---|
| Month: | February 2024 | Date report filed: | 03/25/2024 MM / DD / YYYY |
| Line of business: | Surface cleaning/Restoratic | NAISC code: | 2383 |

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party: Dan Brown

Original signature of responsible party _Dan Brown_

Printed name of responsible party Dan Brown

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|---|---|---|
| | If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.* | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.* | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Official Form 425C          Monthly Operating Report for Small Business Under Chapter 11          page 1

Debtor Name   Victory Cleaning Systems, Inc.                                    Case number  24-40010

17. Have you paid any bills you owed before you filed bankruptcy?                    ☐   ☑   ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?   ☐   ☑   ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**                                        $   2,024.79

   This amount must equal what you reported as the cash on hand at the end of the month in the previous
   month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

20. **Total cash receipts**

   Attach a listing of all cash received for the month and label it *Exhibit C*. Include all
   cash received even if you have not deposited it at the bank, collections on
   receivables, credit card deposits, cash received from other parties, or loans, gifts, or
   payments made by other parties on your behalf. Do not attach bank statements in
   lieu of *Exhibit C*.

   Report the total from *Exhibit C* here.                                          $   44,755.18

21. **Total cash disbursements**

   Attach a listing of all payments you made in the month and label it *Exhibit D*. List the
   date paid, payee, purpose, and amount. Include all cash payments, debit card
   transactions, checks issued even if they have not cleared the bank, outstanding
   checks issued before the bankruptcy was filed that were allowed to clear this month,
   and payments made by other parties on your behalf. Do not attach bank statements
   in lieu of *Exhibit D*.                                                     − $   33,836.81

   Report the total from *Exhibit D* here.

22. **Net cash flow**                                                          + $   10,918.37

   Subtract line 21 from line 20 and report the result here.
   This amount may be different from what you may have calculated as *net profit*.

23. **Cash on hand at the end of the month**

   Add line 22 + line 19. Report the result here.                               = $   12,943.16

   Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

   This amount may not match your bank account balance because you may have outstanding checks that
   have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but
have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the
purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**                                                              $

   *(Exhibit E)*

Debtor Name  Victory Cleaning Systems, Inc.                          Case number 24-40010          page 3

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                                $ _____

    *(Exhibit F)*

### 5. Employees

26. What was the number of employees when the case was filed?                          _____

27. What is the number of employees as of the date of this monthly report?             _____

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?     $ _____0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ _____0.00

30. How much have you paid this month in other professional fees?                      $ _____0.00

31. How much have you paid in total other professional fees since filing the case?     $ _____0.00

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A<br>**Projected**<br>Copy lines 35-37 from the previous month's report. | — | Column B<br>**Actual**<br>Copy lines 20-22 of this report. | = | Column C<br>**Difference**<br>Subtract Column B from Column A. |
|---|---|---|---|---|---|
| 32. **Cash receipts** | $ 15,000.00 | — | $ 44,755.18 | = | $ -29,755.18 |
| 33. **Cash disbursements** | $ 12,000.00 | — | $ 33,836.81 | = | $ -21,836.81 |
| 34. **Net cash flow** | $ 3,000.00 | — | $ 10,918.37 | = | $ -7,918.37 |

35. Total projected cash receipts for the next month:                                 $ 40,000.00

36. Total projected cash disbursements for the next month:                          - $ 35,000.00

37. Total projected net cash flow for the next month.                               = $ 5,000.00

Official Form 425C          Monthly Operating Report for Small Business Under Chapter 11          page 3

Debtor Name  Victory Cleaning Systems, Inc.                                              Case number  24-40010

<table>
<tr><td colspan="2"><strong>8. Additional Information</strong></td></tr>
</table>

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports

☐ 42. Project, job costing, or work-in-progress reports.



**UMB**

| | |
|---|---|
| Mailstop 1170102 | Statement Period Start: February 1, 2024 |
| P.O. Box 419226 | Statement Period End: February 29, 2024 |
| Kansas City, MO 64141-6226 | Page 1 of 3 |

RETURN SERVICE REQUESTED

00051712 TUMBDS01030124030217 01 000000000 0000000 003

VICTORY CLEANING SYSTEMS INC
DEBTOR IN POSSESSION
CASE 24-40010-CAN11
PAYROLL TAXES
1000 W 100TH ST
KANSAS CITY MO 64114-4208

### CUSTOMER SERVICE

💬 **Customer Service Phone:**
1.866.204.3913

✉️ **Written Inquiries:**
UMB Bank, n.a.
P.O. Box 419226
Kansas City, MO 64141-6226

🖥️ UMB.com



Access Financial Insights on the UMB Blog

LEARN MORE

blog.umb.com

**CORPORATE BANKRUPTCY - NON-INTEREST**          **Account Number** 468

Account Title(s):     **VICTORY CLEANING SYSTEMS INC**
**DEBTOR IN POSSESSION**
**CASE 24-40010-CAN11**
**PAYROLL TAXES**

MEMBER
**FDIC**





EQUAL HOUSING
LENDER

**Terms and Conditions**

All deposits to, withdrawals from or other transactions pertaining to your account(s) are subject to the terms and conditions of the agreement you received when you opened your account and any amendments thereto. Amendments to the agreement may be made from time to time in the manner stated therein.

**In Case of Errors or Questions About Your Electronic Transfers**: Please contact us at the phone number or address shown on the front of this statement. If you think your statement or receipt is wrong or if you need more information about a transfer on your statement or receipt, we must hear from you no later than 60 days after we have sent you the first statement on which the error or problem occurred. Please (1) tell us your name and account number. (2) describe the error or transfer you are unsure about; (3) explain as clearly as you can why you believe there is an error or why you need more information and (4) tell us the dollar amount of the suspected error. We will tell you the results of our investigation within ten (10) business days after we hear from you and we will correct any error promptly. If we need more time, however, we may take up to forty-five (45) days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within ten (10) days, for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

**Go Paperless**: Sign up for electronic statements today. Statement preferences may be changed in Online Banking or by calling the customer service phone number shown in front of this statement.

**Contact information changes**: It's important to keep your contact information up-to-date. Update your address, phone and email in Online Banking or by calling the customer service phone number on the front of this statement.





VICTORY CLEANING SYSTEMS INC
Statement Ending: February 29, 2024
Page 3 of 3

## Account Summary

| | | | |
|---|---|---|---|
| **Beginning Balance as of 02/01/2024** | **$0.00** | Total Days in Statement Period | 0 |
| + Deposits and Credits  (0) | $0.00 | | |
| - Withdrawals and Debits  (0) | $0.00 | | |
| - Service Charges and Fees | $0.00 | | |
| **Ending Balance as of 02/29/2024** | **$0.00** | | |



MEMBER
**FDIC**



EQUAL HOUSING
LENDER

00051712 0240405 0003-0003 TUMBDS01030124030217 01 L 00000000



Mailstop 1170104
P.O. Box 419226
Kansas City, MO 64141-6226

Statement Period Start: February 1, 2024
Statement Period End: February 29, 2024
Page 1 of 6

RETURN SERVICE REQUESTED

00052891 TUMBDS01030124030217 01 000000000 0000000 006

VICTORY CLEANING SYSTEMS INC
DEBTOR IN POSSESSION
CASE 24-40010-CAN11
OPERATING ACCOUNT
1000 W 100TH ST
KANSAS CITY MO  64114-4208

### CUSTOMER SERVICE

Customer Service Phone:
1.866.204.3913

Written inquiries:
UMB Bank, n.a.
P.O. Box 419226
Kansas City, MO  64141-6226

UMB.com



**Access Financial Insights on the UMB Blog**

LEARN MORE

## CORPORATE BANKRUPTCY - NON-INTEREST

**Account Number** 570

Account Title(s):    **VICTORY CLEANING SYSTEMS INC
DEBTOR IN POSSESSION
CASE 24-40010-CAN11
OPERATING ACCOUNT**



MEMBER FDIC





**Terms and Conditions**

All deposits to, withdrawals from or other transactions pertaining to your account(s) are subject to the terms and conditions of the agreement you received when you opened your account and any amendments thereto. Amendments to the agreement may be made from time to time in the manner stated therein.

**In Case of Errors or Questions About Your Electronic Transfers:** Please contact us at the phone number or address shown on the front of this statement. If you think your statement or receipt is wrong or if you need more information about a transfer on your statement or receipt, we must hear from you no later than 60 days after we have sent you the first statement on which the error or problem occurred. Please (1) tell us your name and account number. (2) describe the error or transfer you are unsure about; (3) explain as clearly as you can why you believe there is an error or why you need more information and (4) tell us the dollar amount of the suspected error. We will tell you the results of our investigation within ten (10) business days after we hear from you and we will correct any error promptly. If we need more time, however, we may take up to forty-five (45) days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within ten (10) days, for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

**Go Paperless:** Sign up for electronic statements today. Statement preferences may be assigned in Online Banking or by calling the customer service phone number on the front of this statement.

**Contact information changes:** It's important to keep your contact information up-to-date. Update your address, email and phone number in Online Banking or by calling the customer service phone number on the front of this statement.



00052891 0244545 0002-0006 TUMBDS01030124030217 01 L 00000000

VICTORY CLEANING SYSTEMS INC
Statement Ending February 29, 2024
Page 3 of 6

## Account Summary

| | | | |
|---|---|---|---|
| Beginning Balance as of 02/01/2024 | $2,024.79 | Total Days in Statement Period | 29 |
| + Deposits and Credits  (11) | $44,755.18 | | |
| - Withdrawals and Debits  (64) | $33,836.81 | | |
| - Service Charges and Fees | $0.00 | | |
| **Ending Balance as of 02/29/2024** | **$12,943.16** | | |

## Transaction Detail

| Date | Description | Deposits | Withdrawals |
|---|---|---|---|
| Feb 01 | RDC DEPOSIT                 REF 84261347 | 750.00 | |
| Feb 02 | RING SAVVY INC    800-344728    NY 02/01 0486 | | 511.80 |
| Feb 02 | DMN8 PARTNERS      859-757225    KY 02/01 0486 | | 600.00 |
| Feb 02 | PIN THE HOME DEPOT  KANSAS CIT    MO 02/02 0486 | | 14.13 |
| Feb 02 | UNITED FIN CAS   INS PREM   VICTORY CLEANING SY | | 447.62 |
| Feb 05 | EXTRA SPACE 8287    816-926971    MO 02/02 0486 | | 418.00 |
| Feb 05 | PIN QT 168 OUTSIDE  KANSAS CIT    MO 02/03 0486 | | 33.46 |
| Feb 05 | INTUIT *QBOOKS ONLI CL.INTUIT.    CA 02/04 0486 | | 70.00 |
| Feb 06 | TMOBILE*POSTPAID IV 800-937-89    WA 02/05 0486 | | 250.00 |
| Feb 06 | TMOBILE*POSTPAID TE 800-937-89    WA 02/05 0486 | | 17.34 |
| Feb 08 | DEPOSIT  SERIAL # 159689        REF 34249794 | 19,267.50 | |
| Feb 08 | PIN QT 178 OUTSIDE  KANSAS CIT    MO 02/08 0486 | | 75.59 |
| Feb 08 | AMTRUST NA        PAYMENT    VICTORY CLEANING SY | | 229.00 |
| Feb 09 | PIN VICTORY FORD    KANSAS CIT    KS 02/09 0486 | | 8,982.11 |
| Feb 09 | VENMO        PAYMENT    DAN BROWN | | 70.00 |
| Feb 12 | RDC DEPOSIT                 REF 81382165 | 2,075.00 | |
| Feb 12 | VENMO        CASHOUT    DAN BROWN | 1,048.19 | |
| Feb 12 | SERVICEMONSTER LLC  888-901-33    WA 02/09 0486 | | 129.00 |
| Feb 12 | PIN UBER  *TRIP    SAN FRANCI    CA 02/09 0486 | | 25.96 |
| Feb 12 | PIN UBER  *TRIP    SAN FRANCI    CA 02/10 0486 | | 5.19 |
| Feb 12 | PIN QT 168 OUTSIDE  KANSAS CIT    MO 02/10 0486 | | 51.20 |
| Feb 12 | PIN USPS PO 1983590 OVERLAND P    KS 02/12 0486 | | 47.22 |
| Feb 12 | CHECK #    127 | | 2,007.11 |
| Feb 12 | VENMO        PAYMENT    DAN BROWN | | 780.95 |
| Feb 12 | CHECK #    126 | | 660.00 |
| Feb 13 | INTUIT        ACCTVERIFY VICTORY CLEANING SY | 0.15 | |
| Feb 13 | INTUIT        ACCTVERIFY VICTORY CLEANING SY | 0.03 | |
| Feb 13 | INTUIT        ACCTVERIFY VICTORY CLEANING SY | | 0.18 |
| Feb 14 | WINPRO SOLUTIONS IN LENEXA        KS 02/13 0486 | | 222.06 |
| Feb 15 | WWW.PODIUM.COM      HTTPSWWW P    UT 02/14 0486 | | 570.69 |
| Feb 16 | PIN UBER  *TRIP    SAN FRANCI    CA 02/15 0486 | | 41.99 |
| Feb 16 | APPLE.COM/BILL      866-712-77    CA 02/16 0486 | | 6.99 |
| Feb 16 | PIN SUPERIOR SURFAC KANSAS CIT    MO 02/16 0486 | | 1,091.98 |
| Feb 20 | DEPOSIT  SERIAL # 159337        REF 32414040 | 1,200.00 | |
| Feb 20 | EBAY O*16-11188-124 SAN JOSE     CA 02/16 0486 | | 71.99 |
| Feb 20 | GROUT PERFECT      772-201-06    FL 02/16 0486 | | 258.38 |
| Feb 20 | APPLE.COM/BILL      866-712-77    CA 02/17 0486 | | 9.99 |
| Feb 20 | PIN QT 168 OUTSIDE  KANSAS CIT    MO 02/18 0486 | | 77.34 |
| Feb 20 | NEXT INSUR* GEN LIA WWW.NEXTIN    CA 02/18 0486 | | 230.75 |
| Feb 20 | PIN SUPERIOR SURFAC KANSAS CIT    MO 02/19 0486 | | 53.89 |
| Feb 20 | PIN QT 222 OUTSIDE  KANSAS CIT    MO 02/19 0486 | | 40.22 |
| Feb 20 | PIN APPLE COM BILL  CUPERTINO     CA 02/19 0486 | | 5.99 |
| Feb 20 | PIN THE HOME DEPOT  OVERLAND P    KS 02/20 0486 | | 55.97 |
| Feb 20 | VENMO        PAYMENT    DAN BROWN | | 600.00 |
| Feb 20 | CHECK #    128 | | 580.00 |
| Feb 21 | QT 168        KANSAS CIT    MO 02/19 0486 | | 43.61 |
| Feb 21 | PIN SUTHERLANDS 121 KANSAS CIT    MO 02/21 0486 | | 70.15 |
| Feb 22 | DEPOSIT  SERIAL # 23106        REF 34264096 | 13,514.31 | |





MEMBER
FDIC




## Transaction Detail (Continued)

| Date | Description | Deposits | Withdrawals |
|---|---|---|---|
| Feb 22 | PIN THE HOME DEPOT  MERRIAM      KS 02/21 0486 | | 128.72 |
| Feb 22 | 3ACOMPANYKITCHEN 87 TROY        MI 02/21 0486 | | 22.55 |
| Feb 22 | VERTX.COM        844-932-78   OH 02/22 0486 | | 148.30 |
| Feb 23 | VENMO        CASHOUT   DAN BROWN | 900.00 | |
| Feb 23 | PIN THE HOME DEPOT  OVERLAND P   KS 02/23 0486 | | 708.98 |
| Feb 23 | CHECK #   164 | | 2,000.00 |
| Feb 23 | CHECK #   203 | | 450.00 |
| Feb 23 | VENMO        PAYMENT   DAN BROWN | | 50.00 |
| Feb 26 | IN *KC EPOXY SUPPLY 816-273624   KS 02/23 0486 | | 2,829.60 |
| Feb 26 | INTUIT *QBOOKS LIVE CL.INTUIT.   CA 02/24 0486 | | 15.52 |
| Feb 26 | CASEY S #4349      LENEXA      KS 02/24 0486 | | 75.84 |
| Feb 26 | KS SOS BEN        785-296-61   KS 02/25 0486 | | 10.00 |
| Feb 26 | CORPNET.COM BUSINES 888-449-26   CA 02/25 0486 | | 398.00 |
| Feb 26 | TMOBILE*POSTPAID IV 800-937-89   WA 02/25 0486 | | 632.70 |
| Feb 26 | VENMO        PAYMENT   DAN BROWN | | 861.68 |
| Feb 26 | CHECK #   201 | | 578.17 |
| Feb 27 | DEPOSIT        REF 32306146 | 1,800.00 | |
| Feb 27 | US TOOL AND FASTENE 877-777471   MA 02/26 0486 | | 87.70 |
| Feb 27 | PIN USPS PO 1983590 OVERLAND P   KS 02/27 0486 | | 30.45 |
| Feb 27 | CHECK #   202 | | 800.00 |
| Feb 28 | PIN QT 168 OUTSIDE  KANSAS CIT   MO 02/27 0486 | | 63.93 |
| Feb 29 | DEPOSIT        REF 34189198 | 4,200.00 | |
| Feb 29 | NEXT INSUR* TOOLS  WWW.NEXTIN   CA 02/28 0486 | | 74.25 |
| Feb 29 | IN *KC EPOXY SUPPLY 816-273624   KS 02/28 0486 | | 394.57 |
| Feb 29 | PIN VICTORY FORD    KANSAS CIT   KS 02/29 0486 | | 3,907.94 |
| Feb 29 | PIN THE HOME DEPOT  KANSAS CIT   MO 02/29 0486 | | 50.06 |
| Feb 29 | VENMO        PAYMENT   DAN BROWN | | 60.00 |
| **Totals** | | **$44,755.18** | **$33,836.81** |

## Checks Posted

\* Indicates a Skip in Check Number(s)

| Check No. | Date | Amount | Ref No. | Check No. | Date | Amount | Ref No. |
|---|---|---|---|---|---|---|---|
| 126 | Feb 12 | 660.00 | 00081241200 | * 201 | Feb 26 | 578.17 | 00081234349 |
| 127 | Feb 12 | 2,007.11 | 00031341091 | 202 | Feb 27 | 800.00 | 00032306107 |
| 128 | Feb 20 | 580.00 | 00082233437 | 203 | Feb 23 | 450.00 | 00085285659 |
| * 164 | Feb 23 | 2,000.00 | 00085153802 | | | | |

## End of Day - Current Balance

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| Feb 01 | 2,774.79 | Feb 09 | 10,323.24 | Feb 16 | 7,806.09 | Feb 26 | 12,412.06 |
| Feb 02 | 1,201.24 | Feb 12 | 9,739.80 | Feb 20 | 7,021.57 | Feb 27 | 13,293.91 |
| Feb 05 | 679.78 | Feb 13 | 9,739.80 | Feb 21 | 6,907.81 | Feb 28 | 13,229.98 |
| Feb 06 | 412.44 | Feb 14 | 9,517.74 | Feb 22 | 20,122.55 | Feb 29 | 12,943.16 |
| Feb 08 | 19,375.35 | Feb 15 | 8,947.05 | Feb 23 | 17,813.57 | | |


MEMBER
FDIC


EQUAL HOUSING
LENDER



## Images



| 02/27/2024 | # 0 | $1,800.00 |



| 02/29/2024 | # 0 | $4,200.00 |



| 02/22/2024 | # 23106 | $13,514.31 |



| 02/20/2024 | # 159337 | $1,200.00 |



| 02/08/2024 | # 159689 | $19,267.50 |



| 02/12/2024 | # 126 | $660.00 |



| 02/12/2024 | # 127 | $2,007.11 |



| 02/20/2024 | # 128 | $580.00 |





| 02/23/2024 | # 164 | $2,000.00 |

| 02/26/2024 | # 201 | $578.17 |

MEMBER
FDIC



## Images (Continued)



| 02/27/2024 | # 202 | $800.00 |
|---|---|---|

| 02/23/2024 | # 203 | $450.00 |
|---|---|---|

MEMBER
FDIC



Fill in this information to identify the case:

Debtor Name __Victory Cleaning Systems, Inc.__

United States Bankruptcy Court for the: __Western District of Missouri__

Case number: __24-40010__

☐ Check if this is an amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                    12/17

Month:            __January 2024__                    Date report filed:    __03/252024__
                                                                            MM / DD / YYYY

Line of business: __Surface cleaning/Restoratic__    NAISC code:    __2383__

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                    Dan Brown

Original signature of responsible party    _Dan Brown_

Printed name of responsible party    Dan Brown

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
|  | **If you answer _No_ to any of the questions in lines 1-9, attach an explanation and label it _Exhibit A._** |  |  |  |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
|  | **If you answer _Yes_ to any of the questions in lines 10-18, attach an explanation and label it _Exhibit B._** |  |  |  |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Official Form 425C            Monthly Operating Report for Small Business Under Chapter 11            page 1

Debtor Name   Victory Cleaning Systems, Inc. _____   Case number 24-40010 _____

17. Have you paid any bills you owed before you filed bankruptcy?   ❏  ☑  ❏

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?   ❏  ☑  ❏

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

   This amount must equal what you reported as the cash on hand at the end of the month in the previous
   month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

   $ 11,670.88

20. **Total cash receipts**

   Attach a listing of all cash received for the month and label it *Exhibit C*. Include all
   cash received even if you have not deposited it at the bank, collections on
   receivables, credit card deposits, cash received from other parties, or loans, gifts, or
   payments made by other parties on your behalf. Do not attach bank statements in
   lieu of *Exhibit C*.

   Report the total from *Exhibit C* here.   $ 5,258.00

21. **Total cash disbursements**

   Attach a listing of all payments you made in the month and label it *Exhibit D*. List the
   date paid, payee, purpose, and amount. Include all cash payments, debit card
   transactions, checks issued even if they have not cleared the bank, outstanding
   checks issued before the bankruptcy was filed that were allowed to clear this month,
   and payments made by other parties on your behalf. Do not attach bank statements
   in lieu of *Exhibit D*.

   – $ 14,904.09

   Report the total from *Exhibit D* here.

22. **Net cash flow**

   Subtract line 21 from line 20 and report the result here.
   This amount may be different from what you may have calculated as *net profit*.

   + $ -9,646.09

23. **Cash on hand at the end of the month**

   Add line 22 + line 19. Report the result here.

   = $ 2,024.79

   Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

   This amount may not match your bank account balance because you may have outstanding checks that
   have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but
have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the
purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**   $ _____

   *(Exhibit E)*

Debtor Name   Victory Cleaning Systems, Inc.                    Case number   24-40010

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F.* Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                              $ _____

     (Exhibit F)

## 5. Employees

26. What was the number of employees when the case was filed?                          _____

27. What is the number of employees as of the date of this monthly report?            _____

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?              $ _____0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed? $ _____0.00

30. How much have you paid this month in other professional fees?                                         $ _____0.00

31. How much have you paid in total other professional fees since filing the case?                        $ _____0.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
| | *Projected* | — | *Actual* | = | *Difference* |
| | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ _____ | — | $ 5,258.00 | = | $ _____ |
| 33. **Cash disbursements** | $ _____ | — | $ 14,904.09 | = | $ _____ |
| 34. **Net cash flow** | $ _____ | — | $ -9,646.09 | = | $ _____ |

35. Total projected cash receipts for the next month:                        $ 15,000.00

36. Total projected cash disbursements for the next month:                 - $ 12,000.00

37. Total projected net cash flow for the next month:                       = $ 3,000.00

Official Form 425C       Monthly Operating Report for Small Business Under Chapter 11       page 3

Debtor Name  Victory Cleaning Systems, Inc.                                        Case number  24-40010

---

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports.

☐ 42. Project, job costing, or work-in-progress reports.

---

Official Form 425C          Monthly Operating Report for Small Business Under Chapter 11          page **4**



**UMB**

Mailstop 1170100 D
P.O. Box 419226
Kansas City, MO 64141-6226

Statement Period Start: January 1, 2024
Statement Period End: January 31, 2024
Page 1 of 5

RETURN SERVICE REQUESTED

VICTORY CLEANING SYSTEMS INC
OPERATING ACCOUNT
1000 W 100TH ST
KANSAS CITY MO  64114-4208

### CUSTOMER SERVICE

Customer Service Phone:
1.866.204.3913

Written Inquiries:
UMB Bank, n.a.
P.O. Box 419226
Kansas City, MO  64141-6226

UMB.com



Find the right credit card for your business.

Compare products at
UMB.com/Business-Credit-Cards

**UMB**

## ADVANTAGE BUSINESS CHECKING

Account Number:   2570

Account Title(s):   **VICTORY CLEANING SYSTEMS INC
OPERATING ACCOUNT**

### Account Summary



| | | | |
|---|---|---|---|
| **Beginning Balance as of 01/01/2024** | **$11,118.40** | Total Days in Statement Period | 31 |
| + Deposits and Credits  (8) | $9,292.72 | | |
| - Withdrawals and Debits  (57) | $18,386.33 | | |
| - Service Charges and Fees | $0.00 | | |
| **Ending Balance as of 01/31/2024** | **$2,024.79** | | |

MEMBER
**FDIC**

EQUAL HOUSING LENDER




**Terms and Conditions**
All deposits to, withdrawals from or other transactions pertaining to your account(s) are subject to the terms and conditions of the agreement you received when you opened your account and any amendments thereto. Amendments to the agreement may be made from time to time in the manner stated therein.

**In Case of Errors or Questions About Your Electronic Transfers:** Please contact us at the phone number or address shown on the front of this statement. If you think your statement or receipt is wrong or if you need more information about a transfer on your statement or receipt, we must hear from you no later than 60 days after we have sent you the first statement on which the error or problem occurred. Please (1) tell us your name and account number. (2) describe the error or transfer you are unsure about; (3) explain as clearly as you can why you believe there is an error or why you need more information and (4) tell us the dollar amount of the suspected error. We will tell you the results of our investigation within ten (10) business days after we hear from you and we will correct any error promptly. If we need more time, however, we may take up to forty-five (45) days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within ten (10) days, for the amount you think is in error, so  that you will have the use of the money during the time it takes us to complete our investigation.

**Go Paperless:** Sign up for electronic statements today. Statement preferences may be assigned in Online Banking or by calling the customer service phone number on the front of this statement.

**Contact information changes**: It's important to keep your contact information up-to-date. Update your address, email and phone number in Online Banking or by calling the customer service phone number on the front of this statement.



UMB

VICTORY CLEANING SYSTEMS INC

Statement Ending January 01, 2024

Page 3 of 5

Case 24-40010-can11    Doc 82    Filed 04/31/25    Entered 04/31/25 16:13:26    Desc Main
Document    Page 44 of 58

## Transaction Detail

| Date | Description | Deposits | Withdrawals |
|------|-------------|----------|-------------|
| Jan 02 | ENTERPRISE RENT-A-C KANSAS CIT    MO 12/30 0486 | 300.00 | |
| Jan 02 | SQUARE INC    SQ240101   VICTORY CLEANING SY | 2,484.72 | |
| Jan 04 | RDC DEPOSIT    REF 84301215 | 1,250.00 | |
| Jan 05 | RING SAVVY INC    800-344728   NY 01/04 0486 | | 500.00 |
| Jan 05 | DMN8 PARTNERS    859-757225   KY 01/04 0486 | | 600.00 |
| Jan 05 | NEXT INSUR* TOOLS  WWW.NEXTIN   CA 01/04 0486 | | 74.25 |
| Jan 05 | PPG PAINTS 8061    KANSAS CIT    MO 01/04 0486 | | 344.95 |
| Jan 05 | INTUIT *QBOOKS ONLI CL.INTUIT.   CA 01/04 0486 | | 27.00 |
| Jan 05 | INTUIT *QBOOKS ONLI CL.INTUIT.   CA 01/04 0486 | | 70.00 |
| Jan 05 | PIN QT 168 OUTSIDE KANSAS CIT    MO 01/05 0486 | | 59.75 |
| Jan 05 | PIN THE HOME DEPOT BELTON    MO 01/05 0486 | | 211.91 |
| Jan 05 | PIN APPLE COM BILL CUPERTINO    CA 01/05 0486 | | 12.99 |
| Jan 05 | PIN UBER *EATS   SAN FRANCI   CA 01/05 0486 | | 7.65 |
| Jan 05 | EPOXY2U, LLC    SALE    VICTORY CLEANING SY | | 1,573.74 |
| Jan 08 | EXTRA SPACE 8287    816-926971    MO 01/04 0486 | | 418.00 |
| Jan 08 | EXTRA SPACE 8287    816-926971    MO 01/04 0486 | | 244.80 |
| Jan 08 | WWW.PODIUM.COM    HTTPSWWW.P   UT 01/05 0486 | | 281.71 |
| Jan 08 | WWW.PODIUM.COM    HTTPSWWW.P   UT 01/05 0486 | | 424.83 |
| Jan 08 | CORNER HARDWARE    BUTLER    MO 01/05 0486 | | 20.68 |
| Jan 08 | APPLE.COM/BILL    866-712-77   CA 01/06 0486 | | 9.99 |
| Jan 08 | PIN QT 168 OUTSIDE KANSAS CIT    MO 01/06 0486 | | 43.55 |
| Jan 08 | VENMO    PAYMENT   DAN BROWN | | 1,272.36 |
| Jan 08 | VENMO    PAYMENT   DAN BROWN | | 961.23 |
| Jan 09 | AMZN MKTP US*RT0C93 AMZN.COM/B    WA 01/08 0486 | | 23.63 |
| Jan 09 | CHECK #   125 | | 530.20 |
| Jan 09 | UNITED FIN CAS   RETRY PYMT VICTORY CLEANING SY | | 447.62 |
| Jan 10 | WWW.PODIUM.COM    HTTPSWWW.P   UT 01/09 0486 | | 570.67 |
| Jan 10 | WWW.PODIUM.COM    HTTPSWWW.P   UT 01/09 0486 | | 140.84 |
| Jan 10 | PIN THE HOME DEPOT KANSAS CIT    MO 01/10 0486 | | 9.34 |
| Jan 10 | PIN QT 168 OUTSIDE KANSAS CIT    MO 01/10 0486 | | 57.62 |
| Jan 10 | CHECK #   162 | | 2,500.00 |
| Jan 11 | SERVICEMONSTER LLC 888-901-33    WA 01/10 0486 | | 129.00 |
| Jan 12 | QT 168    KANSAS CIT    MO 01/10 0486 | | 74.61 |
| Jan 16 | RDC DEPOSIT    REF 82412725 | 1,008.00 | |
| Jan 16 | VENMO    PAYMENT   DAN BROWN | | 1,373.63 |
| Jan 16 | CHECK #   163 | | 348.00 |
| Jan 16 | VENMO    PAYMENT   DAN BROWN | | 196.48 |
| Jan 17 | APPLE.COM/BILL    866-712-77   CA 01/16 0486 | | 6.99 |
| Jan 17 | PIN APPLE COM BILL CUPERTINO    CA 01/17 0486 | | 9.99 |
| Jan 17 | PIN QT 168 OUTSIDE KANSAS CIT    MO 01/17 0486 | | 31.67 |
| Jan 18 | NEXT INSUR* GEN LIA WWW.NEXTIN   CA 01/18 0486 | | 230.75 |
| Jan 19 | RDC DEPOSIT    REF 85218697 | 1,400.00 | |
| Jan 19 | GROUT PERFECT    772-201-06   FL 01/18 0486 | | 226.75 |
| Jan 19 | VENMO    PAYMENT   DAN BROWN | | 938.25 |
| Jan 19 | CHECK #   123 | | 840.65 |
| Jan 22 | QT 168    KANSAS CIT    MO 01/19 0486 | | 68.27 |
| Jan 22 | O'REILLY 698    LEAWOOD    KS 01/19 0486 | | 75.20 |
| Jan 22 | O'REILLY 698    LEAWOOD    KS 01/19 0486 | | 7.64 |
| Jan 22 | O'REILLY 698    LEAWOOD    KS 01/19 0486 | | 7.08 |
| Jan 22 | VENMO    PAYMENT   DAN BROWN | | 978.93 |
| Jan 23 | VENMO    CASHOUT   DAN BROWN | 1,250.00 | |
| Jan 23 | VENMO    PAYMENT   DAN BROWN | | 40.00 |
| Jan 24 | PIN QT 186 OUTSIDE GRANDVIEW    MO 01/24 0486 | | 17.23 |
| Jan 24 | PIN QT 186 OUTSIDE GRANDVIEW    MO 01/24 0486 | | 57.91 |
| Jan 24 | PIN MICRO ELECTRONI OVERLAND P   KS 01/24 0486 | | 44.01 |
| Jan 24 | PIN QT 168 OUTSIDE KANSAS CIT    MO 01/24 0486 | | 24.17 |
| Jan 26 | RDC DEPOSIT    REF 85255129 | 1,500.00 | |



MEMBER FDIC


EQUAL HOUSING LENDER



## Transaction Detail (Continued)

| Date | Description | | Deposits | Withdrawals |
|---|---|---|---|---|
| Jan 26 | RDC DEPOSIT | REF 85194253 | 100.00 | |
| Jan 29 | NEXT INSUR* TOOLS   WWW.NEXTIN   CA 01/28 0486 | | | 74.25 |
| Jan 29 | VENMO        PAYMENT    DAN BROWN | | | 767.24 |
| Jan 30 | EXTRA SPACE 8287   816-926971   MO 01/28 0486 | | | 204.00 |
| Jan 30 | APPLE.COM/BILL   866-712-77   CA 01/29 0486 | | | 9.99 |
| Jan 30 | VENMO        PAYMENT    DAN BROWN | | | 60.00 |
| Jan 31 | AUTOZONE 4495     LENEXA    KS 01/30 0486 | | | 91.34 |
| Jan 31 | APPLE.COM/BILL   866-712-77   CA 01/30 0486 | | | 12.99 |
| Totals | | | **$9,292.72** | **$18,386.33** |

## Checks Posted

\* Indicates a Skip in Check Number(s)

| Check No. | Date | Amount | Ref No. | | Check No. | Date | Amount | Ref No. |
|---|---|---|---|---|---|---|---|---|
| 123 | Jan 19 | 840.65 | 364 | \* | 162 | Jan 10 | 2,500.00 | 00033236849 |
| \* 125 | Jan 09 | 530.20 | 3347 | | 163 | Jan 16 | 348.00 | 00082251176 |

## End of Day - Current Balance

| Date | Balance | Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|---|---|
| Jan 02 | 13,903.12 | Jan 10 | 3,713.81 | Jan 18 | 2,320.69 | Jan 26 | 3,244.60 |
| Jan 04 | 15,153.12 | Jan 11 | 3,584.81 | Jan 19 | 1,715.04 | Jan 29 | 2,403.11 |
| Jan 05 | 11,670.88 | Jan 12 | 3,510.20 | Jan 22 | 577.92 | Jan 30 | 2,129.12 |
| Jan 08 | 7,993.73 | Jan 16 | 2,600.09 | Jan 23 | 1,787.92 | Jan 31 | 2,024.79 |
| Jan 09 | 6,992.28 | Jan 17 | 2,551.44 | Jan 24 | 1,644.60 | | |





MEMBER
FDIC



EQUAL HOUSING
LENDER

Case 24-40010-can11    Doc 22    Filed 04/31/24    Entered 04/04/24 16:13:25    Desc Main
Document    Page 46 of 58

## Images



| 01/19/2024 | # 123 | $840.65 |

| 01/09/2024 | # 125 | $530.20 |

| 01/10/2024 | # 162 | $2,500.00 |

| 01/16/2024 | # 163 | $348.00 |





MEMBER
FDIC



00053346 0215717 0005-0005 TUMBDS01020124025420 01 L 00000000

## EXHIBIT C

### Tax Returns

Tax Returns for the years 2020-2023 are available upon request.

## EXHIBIT D

**LEASES – Schedule G – Assumption of Executory Contracts and Unexpired Leases**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Victory Cleaning Systems, Inc.** |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF MISSOURI |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ **No.** Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

   ■ **Yes.** Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal          Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| **2.1.** State what the contract or lease is for and the nature of the debtor's interest **2 storage units** | |
| State the term remaining **month to month** | **Extra Space** |
| List the contract number of any government contract | **9435 Holmes Rd.** **Kansas City, MO 64131** |

**EXHIBIT E - PROJECTIONS OF CASH FLOW/EARNINGS**
**POST CONFIRMATION PERIOD**

| 5-Year Plan Projections | | | | | |
|---|---|---|---|---|---|
| | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
| Beginning Cash Balance | 2,437 | 20,887 | 50,293 | 93,623 | 144,327 |
| | | | | | |
| Gross Revenue | 404,766 | 437,933 | 472,643 | 509,156 | 547,381 |
| Cost of Goods Sold | | | | | |
| Labor | 94,212 | 105,033 | 116,782 | 129,630 | 143,582 |
| Materials | 94,212 | 105,033 | 116,782 | 129,630 | 143,582 |
| Total Cost of Goods Sold | 188,425 | 210,066 | 233,564 | 259,260 | 287,163 |
| Gross Profit | 216,341 | 227,866 | 239,080 | 249,896 | 260,218 |
| Operating Expenses | | | | | |
| Advertising | 36,000 | 36,000 | 36,000 | 36,000 | 36,000 |
| Automobile Expenses | 12,045 | 12,166 | 12,288 | 12,411 | 12,536 |
| CC Processing Fees | 810 | 876 | 945 | 1,018 | 1,095 |
| Insurance | 14,563 | 15,005 | 15,460 | 15,929 | 16,412 |
| Licenses & Fees | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 |
| Office Expenses | 2,409 | 2,433 | 2,458 | 2,482 | 2,507 |
| Payroll | 48,908 | 51,399 | 54,018 | 56,770 | 59,662 |
| Professional Fees | 9,000 | 9,000 | 9,000 | 9,000 | 9,000 |
| Rent | 7,200 | 7,200 | 7,200 | 7,200 | 7,200 |
| Telephone | 3,240 | 3,240 | 3,240 | 3,240 | 3,240 |
| Travel | 2,409 | 2,433 | 2,458 | 2,482 | 2,507 |
| Total Operating Expenses | 135,374 | 138,519 | 141,809 | 145,251 | 148,852 |
| Net Operating Income | 80,967 | 89,348 | 97,271 | 104,646 | 111,366 |
| | | | | | |
| Plan Payments | | | | | |
| Administrative Expenses | 8,500 | 6,000 | - | - | - |
| Priority Tax Claims | 75 | - | - | - | - |
| Secured Claims | 22,204 | 22,204 | 22,204 | 22,204 | 22,204 |
| General Unsecured Claims | 31,738 | 31,738 | 31,738 | 31,738 | 31,738 |
| Total Plan Payments | 62,517 | 59,942 | 53,942 | 53,942 | 53,942 |
| Net Cash Flow | 18,450 | 29,406 | 43,329 | 50,704 | 57,424 |
| | | | | | |
| Ending Cash Balance | 20,887 | 50,293 | 93,623 | 144,327 | 201,751 |

| Sales Forecast | | |
|---|---|---|
| Plan Year | Dates | # of Jobs |
| 1 | 7/24-6/25 | 100 |
| 2 | 7/25-6/26 | 105 |
| 3 | 7/26-6/27 | 110 |
| 4 | 7/27-6/28 | 115 |
| 5 | 7/28-6/29 | 120 |

| Seasonality | |
|---|---|
| Quarter | % of Year |
| 1 | 21% |
| 2 | 31% |
| 3 | 25% |
| 4 | 23% |

**EXHIBIT F**

**LIQUIDATION ANALYSIS**

| Assets: | | | |
|---|---|---|---|
| Cash and cash equivalents | $1084.79 | | |
| Inventory | $10,000 | | |
| Office Equipment | $7,000 | | |
| Machinery (3 box trucks, F-150) | $76,000 | | |
| Power tools/hand grinders | $30,000 | | |
| Truck mounted cleaning machine | $22,000 | | |
| Items in storage/garage | $11,000 | | |
| | | | |
| Total Value | $157,084.79 | | |
| | | | |
| Less | | | |
| | | | |
| Secured claims First Citizens Bank ($24,390.18, UCC lien on tools, Proof of Claim #1) Less | $132,694.61 | | |
| Hypothetical Chapter 7 Trustee Fees | | | |
| 25% of first $5,000 = $1,250 10% of amount over $5,000 and less than $50,000 – $4,500 5% of amount over $50,000 and less than $1,000,000 = $4,134.73  total:  $9,884.73 | | | |
| | $122,809.88 | | |
| | | | |
| | | | |
| Less | | | |
| | $68.89 (IRS, Proof of Claim #8) | | |
| Payments to priority creditors | | | |
| Grand Total Value | $122,740.99 | | |
| **Therefore, the Plan as proposed satisfies the requirements of** | | | |
| **11 U.S.C. § 1129(a)(7)(ii).** | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| | Debtor | ) ) ) | Chapter 11 (Voluntary)<br>Subchapter V |

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION DATED APRIL 4, 2024

Victory Cleaning Systems, Inc. herein referred to as "Debtor," has proposed its Subchapter V Small Business Plan under of Reorganization under Chapter 11 of the Bankruptcy Code on April 4, 2024 (Doc. 29) (the "Plan").

A hearing to consider confirmation of the Plan was conducted on June 5, 2024 (the "Hearing"). All parties appeared telephonically. The Debtor appeared in person through its representative, Dan Brown, and by its counsel, Ryan A. Blay of WM Law, Adam E. Miller appeared on behalf of the United States Trustee's Office. Robin Messerli, the Subchapter V Trustee, appeared.

A hearing was held with respect to confirmation. Ryan A. Blay, attorney for the Debtor, made preliminary statements as well as an oral motion to extend the deadline for creditor Ally Bank to accept the plan through June 3, 2024. The Court granted the oral motion. The Court then accepted a proffer on behalf of the Debtor in support of confirmation of the Plan. On the record, the Court announced that it would confirm the Plan under 11 U.S.C. §1191(b).

## THE GENERAL REQUIREMENTS OF 11 U.S.C. §1129 HAVE BEEN MET

1. The Debtor is eligible for relief under Chapter 11 and the Plan filed by the Debtor, complies with the provisions of Chapter 11 and all other applicable provisions of Title 11 of the United States Code.

2. The Debtor certifies that the Subchapter V Small Business Plan of Reorganization filed on April 4, 2024, and the notice of confirmation hearing was sent to all creditors, parties in interest and the United States Trustee. No objections to the Plan were received.

3. The Plan and the proponent of the Plan comply with the applicable provisions of Title 11, and therefore the Plan complies with 11 U.S.C. §1129(a)(1) and (a)(2).

4. The Plan has been proposed in good faith and not by any means forbidden by law and therefore the Plan complies with 11 U.S.C. §1129(a)(3).

5. Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been

approved by, or is subject to the approval of, the court as reasonable. Thus, the Plan complies with 11 U.S.C. §1129(a)(4).

6. The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

**(ii)**
the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and

**(B)**
the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

7. 11 U.S.C. §§1129(a)(5), (a)(6), (a)(13), and (a)(14) and (a)(15) do not apply to this Plan.

8. With respect to each impaired class of claims or interests—

**(A)** each holder of a claim or interest of such class—
**(i)**
has accepted the plan; or
**(ii)**
will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of Title 11 on such date. Thus, the Plan complies with 11 U.S.C. §1129(a)(7).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

**(A)**
with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of Title 11, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
**(B)** with respect to a class of claims of a kind specified in 11 U.S.C. §§507(a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) of Title 11, , each holder of a claim of such class will receive—
**(i)**
if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
**(ii)**
if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim;

With respect to a claim of a kind specified in 11 U.S.C. §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—

**(i)**

of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

**(ii)**

over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and

**(iii)**

in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under 11 U.S.C. §1122(b); and

**(D)**

with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

Thus, the Plan complies with 11 U.S.C. §1129)(a)(9).

10. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. Thus, the Plan complies with 11 U.S.C. §1129(a)(11).

11. No fees are payable under 28 U.S.C. §1930 since this is a case under Subchapter V. Thus, the Plan complies with 11 U.S.C. §1129(a)(12).

12. All transfers of property under the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Plan complies with 11 U.S.C. §1129(a)(16).

13. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Thus, the Plan complies with 11 U.S.C. §1191(b) and may be confirmed, notwithstanding any failure to comply with 11 U.S.C. §§1129 (a)(8). The requirements of 11 U.S.C. §1191(b)(2) are satisfied by the Plan.

14. The Plan, as amended, should be confirmed subject to the clarified or modified treatment stated herein and hereby incorporated into and to be a part of the Plan, as follows:

(1) A Stipulation between Debtor and the United States Trustee is hereby incorporated into this Order to clarify potential objections to the Plan. The terms are listed below:

Debtor agrees to modify the Plan as follows:

a. Disbursements to general unsecured creditors shall be made no later than June 30th of each

year of the Plan, starting with June 30, 2025 for payments for year 1 of the Plan.

c.  The Debtor shall calculate the disposable income received during the year in accordance with 11 U.S.C. § 1191(d) and shall provide a calculation of that disposable income as well as a listing of payments made to the general unsecured creditors to the Subchapter V Trustee and the United States Trustee's office no later than July 31 of each year of the Plan, starting with July 31, 2025 for payments for year 1 of the Plan.

(2) A Stipulation between Debtor and Ally Bank, Filed as Docket #46 is hereby incorporated into this Order to clarify potential objections to the Plan.  The terms are listed below:

a.  Debtor admits the allegations contained within the Motion for Relief from Automatic Stay (the "Motion") filed by Ally Bank on May 31, 2024.
b.  The failure to address the scheduled obligation of Ally Bank in the plan was inadvertent on the part of the debtor and its counsel.
c.  The Debtor wishes to retain the 2015 Isuzu NPR that is the subject of The Motion
d. The Debtor has sufficient funds to pay Ally Bank its contractual obligations under the note without reducing or impacting payments to creditors under the Plan that is subject for confirmation on June 5, 2024.
 e.  Ally Bank did not receive a ballot for the Plan but supports the Plan with the language of this stipulation incorporated into the Order Confirming Plan. The proposed order would be circulated to the United States Trustee, the Subchapter V Trustee, counsel for Ally Bank, and any creditors who appear at the confirmation hearing directly or through counsel before submission to the Court for signature.
f.  The Debtor intends to commence payments under the Plan effective July 2024 and can continue to do so, including payments to Ally Bank at the contractual payment rate of $529.89 per month until the note is paid in full.
g.  It is in the best interest of all creditors if the Debtor retains its property and its Plan is confirmed by Order of this Court.
h.  The Debtor shall continue to maintain adequate insurance on the Isuzu and provide proof to Ally Bank via its counsel within a reasonable time upon request.
i.  Upon oral confirmation of the Plan, Ally Bank shall withdraw its Motion for Relief from the Automatic Stay without prejudice.
j.  Article 6.8 (Creditor Remedies in Event of Default under Plan) of SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION FOR DEBTOR VICTORY CLEANING SYSTEMS, INC., DATED APRIL 4, 2024 (Document No. 29) shall apply to this Stipulation.

**NOW, THEREFORE, IT IS ORDERED the Debtor's First Amended Chapter 11 Plan, be and is hereby confirmed under 11 U.S.C. § 1191(b).**

**IT IS FURTHER ORDERED,** that confirmation shall bind the Debtor and each creditor, whether or not such creditor is provided for in the Plan and whether or not such creditor has voted to accept the Plan.

**IT IS FURTHER ORDERED**, that except as provided in the Plan, all property of the

estate is vested in the Debtor free and clear of all claims or interest of the creditors.

**IT IS FURTHER ORDERED**, that the Debtor shall be the disbursing agent for all payments made under this Plan and shall be responsible for timely disbursing all payments.

**IT IS FURTHER ORDERED,** that the Debtor is not discharged from any debt excepted from discharge under 11 U.S.C. §523.


Dated:  June 14, 2024                                     /s/ Cynthia A. Norton
                                                          Cynthia A. Norton
                                                          United States Bankruptcy Judge



Drafted by:

/s/ Ryan A. Blay
Ryan A. Blay
WM Law
MO Bar KS-001066, counsel for the Debtor

Approved by:

/s Adam E. Miller
Adam E. Miller, Mo. Bar #65429
Trial Attorney
Office of the United States Trustee
400 E 9th Street, Ste. 3440
Kansas City, MO  64106

Approved by:

/s Robbin Messerli
Robbin Messerli
Subchapter V Trustee


Approved by:

/s/ Evan Moscov
Evan Moscov
Attorney for Ally Bank

VICTORY CLEANING SYSTEMS, INC

| Date Due | Pmt Amt Due | Date Pmt Made | Pmt Made | Difference | Status of Pmts Made |
|---|---|---|---|---|---|
| 7/2/2024 | $529.89 | 8/5/2024 | $529.89 | $0.00 | $0.00 |
| 8/2/2024 | $529.89 | | | ($529.89) | ($529.89) |
| 9/2/2024 | $529.89 | | | ($529.89) | ($1,059.78) |
| 10/2/2024 | $529.89 | | | ($529.89) | ($1,589.67) |
| 11/2/2024 | $529.89 | | | ($529.89) | ($2,119.56) |
| 12/2/2024 | $529.89 | | | ($529.89) | ($2,649.45) |