**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| | Debtor | ) | Chapter 11 (Voluntary) |
| | | ) | Subchapter V |

**MOTION FOR DETERMINATION OF SECURED STATUS AND SUBSEQUENT RELIEF**
**REGARDING VEHICLE TITLES ON ESTATE PROPERTY**

NOW COMES Victory Cleaning Systems, Inc. ("Debtor"), by and through counsel, and moves this Court pursuant to Fed. R. Bankr. P. 3012 and 9014, and 11 U.S.C. §§ 506(a) and 506(d), for entry of an order determining the secured status of the claim asserted by First Citizens Bank / CIT Bank (collectively "CIT"), voiding any purported lien, and compelling the Kansas Department of Revenue ("KDOR") and Missouri Department of Revenue ("MODOR") to issue clean titles for the Debtor's vehicles. In support thereof, the Debtor states:

## I. BACKGROUND

1. The Debtor filed a voluntary petition under Subchapter V of Chapter 11 on January 5, 2024.

2. On January 10, 2024, CIT filed **Proofs of Claim No. 1 and No. 2**, attached as Exhibit A to this Motion.  Claim No. 1 asserts a secured claim relating solely to equipment, specifically a **Prep/Master 2418LP grinder** and associated accessories under Equipment Schedule #DCC-1656369.  Claim No. 2 was filed entirely as unsecured.

3. The Debtor is the lawful owner of three motor vehicles in question, specifically:
   **2014 Chevrolet Express G3500 (1GB0G2CA9E1120283)**
   **2012 GMC Savana (1GD072CGXC1176130)**
   **2015 Ford F-150 (1FTEW1EP6FKE85418)**

4. Neither CIT claim identifies any motor vehicle, VIN, titled collateral, or security agreement relating to the Debtor's fleet vehicles (including the GMC, Chevrolet, or Ford trucks). No evidence of any perfected vehicle lien was filed.

5. CIT never filed a Missouri Notice of Lien, and, upon information and belief, no lien in favor of CIT exists within the Missouri DOR title records.

6. The contract attached to Claim No. 1 lists equipment only. The Debtor does not dispute the secured status of this Claim.  No trucks or motor vehicles appear in the contract, invoice, schedule, or addenda filed with the claim.

7. CIT's representative Sara Bass confirmed in writing (via an email dated February 27, 2025 to the Debtor's principal) that CIT "is not a lien holder" and that "We did not use the vehicles as collateral."  See e-mail attached as Exhibit B.

## II. FAILURE TO ASSERT ANY VEHICLE LIEN

8. CIT holds no Missouri lien on the Debtor's vehicles. Kansas title records reflect a historical lien notation on the 2014 Chevrolet Express G3500; however, CIT has disavowed any lien interest, and no lien was ever perfected for Missouri title purposes.

9.   CIT filed no secured vehicle claim, attached no VINs, and filed no motor vehicle lien documents

10.  CIT has expressly disclaimed any vehicle lien.

## III. CIT HOLDS NO ALLOWED SECURED CLAIM UNDER §506(a)

11. Under 11 U.S.C. §506(a), a claim is secured only to the extent of the value of the creditor's interest in the estate's interest in such property.

12. Because CIT's interest was not perfected under Missouri law, and because CIT failed to identify any collateral apart from equipment, the secured portion of CIT's claim #2 is $0.  This matches the secured amount of the claim filed by CIT.

## IV. ANY PURPORTED LIEN IS VOID UNDER §506(d)

13. Section **506(d)** provides:
"To the extent that a lien secures a claim that is not an allowed secured claim, such lien is void."

14. CIT holds no allowed secured claim on Claim 2.

15. Therefore, any lien appearing in Kansas records is void as to estate property.

## VI. NEED FOR TITLE RELIEF TO ALLOW CONTINUED OPERATIONS

16. The Debtor has been unable to title and register certain work vehicles in Missouri due to a stale, unperfected lien notation remaining in the Kansas DOR electronic system. Missouri DOR refuses to issue titles until the Kansas entry is cleared.

17. CIT has confirmed it is not the lienholder and cannot assist in clearing the Kansas record. The Debtor is unable to operate its vehicles legally, impairing Plan performance.

18. Debtor's counsel has sought a lien release on the vehicles but said release has not been provided.

19. A bankruptcy court order is therefore required to remove the impediment and authorize the issuance of clean titles so the Debtor can legally operate its fleet and maintain business revenue.

## VII. REQUESTED RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:
1.   Determining under Fed. R. Bankr. P. 3012 that the secured value of CIT's claim #2 is $0.00;

2.   Declaring under 11 U.S.C. §506(d) that any purported lien held or asserted by CIT as to the vehicles listed in Paragraph 2 is VOID;

3.   Authorizing and directing the Kansas Department of Revenue and the Missouri Department of Revenue to issue clean titles for the Debtor's vehicles free and clear of any CIT lien notation;

4.   Treating CIT's entire claim #2 as a general unsecured under the confirmed Plan; and

5.   Granting such other and further relief as the Court deems just and proper.

Dated: December 22, 2025

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Motion was served, in addition to the parties notified by the US Bankruptcy Court's electronic notification, upon the affected creditors and other parties in interest via US First Class Mail, postage prepaid, on Monday, December 22, 2025.

First Citizens Bank
Attn:  Recovery
10201 Centurion Parkway N
Jacksonville, FL 32256

By Certified Mail, Receipt Requested

First Citizens Bank & Trust Company
Attn:  An Officer
239 Fayetteville St.
Raleigh, NC  27601

/s/ Ryan A. Blay