Case 24-40010-can11   Doc ___   Filed ___/___/26   Entered ___/___/26 __ : __ : __   Desc Main
Document    Page 1 of 2

**FILED**

2026 FEB -2 AM 10: 04

PAIGE WYMORE-WYNN, CLK
U.S. BANKRUPTCY COURT
WEST DIST. OF MO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **In Re:**   Victory Cleaning Systems, Inc. | **Case No.** 24-40010 |
| | **Chapter 11 (Voluntary)** |
| **Debtor** | **Subchapter V** |

### DEBTOR'S PRO SE OBJECTION TO COUNSEL'S MOTION TO WITHDRAW

COMES NOW the Debtor, Victory Cleaning Systems, Inc., by its authorized officer, Dan Brown, appearing *pro se* for the limited purpose of this objection, and for this Objection to Counsel's Motion to Withdraw respectfully shows the Court as follows:

1.  On or about January 5, 2024, the Debtor filed its voluntary Petition and Plan for Chapter 11 relief under Subchapter V.

2.  On June 14, 2024, the Debtor's Subchapter V Chapter 11 Plan was confirmed by Order of this Court.

3.  The Debtor does not allege malfeasance or ethical misconduct by current counsel in this objection.

4.  This objection is based solely on timing and prejudice, not personality, disagreement, or dissatisfaction alone.

5.  Counsel seeks to withdraw while material matters remain active in this case, including pending hearings, unresolved plan implementation and vehicle title mechanics issues affecting the Debtor's ability to perform under the confirmed plan, and funds that remain under counsel's control and are the subject of ongoing dispute.

6.  Withdrawal under the present circumstances would risk disruption, prejudice, and loss of continuity while these matters remain unresolved.

7.  Immediate and unconditional withdrawal would materially prejudice the Debtor by disrupting continuity of representation during active proceedings, forcing the Debtor to secure replacement counsel on an emergency basis, and impairing the Debtor's ability to adequately address pending matters before the Court.

8.  The Debtor has not refused withdrawal categorically. The objection is limited to withdrawal at this stage and in this posture, without appropriate structure or conditions to prevent prejudice to the Debtor and the estate.

9.  If withdrawal is to be permitted, it should be conditioned in a manner that ensures no prejudice to the Debtor or the estate, adequate transition and handoff, and stabilization or resolution of pending implementation issues.

**WHEREFORE**, the Debtor respectfully requests this Court enter an Order denying Counsel's Motion to Withdraw, or in the alternative, permitting withdrawal only upon conditions sufficient to prevent prejudice to the Debtor and the estate, and for such further relief as the Court deems equitable and proper.

Dated: 2 / 2 /2026

Respectfully submitted,
Victory Cleaning Systems, Inc.
Debtor, Pro Se (Limited Purpose)

/s/ Dan Brown
Dan Brown
Authorized Officer of Debtor
1000 W. 100th St.
Kansas City, MO 64114
dan@vcleaning.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on Feb 2nd, 2026, a true and correct copy of the foregoing Debtor's Pro Se Objection to Counsel's Motion to Withdraw was served electronically on all parties registered to receive electronic notices on ECF/PACER, including the Office of the United States Trustee, and via U.S. Postage 1st class postage to all affected parties listed on the attached Mailing Matrix, as well as the Debtor as follows:

Victory Cleaning Systems, Inc.
c/o Dan Brown
1000 W. 100th St.
Kansas City, MO 64114
dan@vcleaning.com

/s/ Dan Brown