**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **VICTORY CLEANING SYSTEMS, INC.** | )　　**Case No. 24-400100-can11** |
| | )　　**Chapter 11** |
| **Debtor.** | ) |

**MOTION OF FIRST CITIZENS BANK FOR LEAVE TO FILE RESPONSE OUT OF TIME TO DEBTOR'S MOTION FOR DETERMINATION OF SECURED STATUS AND SUBSEQUENT RELIEF REGARDING VEHICLES (DOC. 70)**

COMES NOW First Citizens Bank ("First Citizens"), by and through counsel of record, Austin B. Hayden of Pappas Hayden Westberg & Jackson PC, and pursuant to Fed. R. Bankr. P. 9006(b)(1), respectfully moves the Court for leave to file its response to Debtor's Motion for Determination of Secured Status and Subsequent Relief Regarding Vehicles (Doc. 70) (the "Motion") out of time. In support thereof, First Citizens states as follows:

1.      On January 5, 2026, the Debtor filed its Motion, seeking, among other things, a declaration that First Citizens holds no vehicle liens and injunctive relief compelling the Kansas Department of Revenue ("KDOR") and Missouri Department of Revenue ("MODOR") to issue clean titles.

2.      On January 7, 2026, the Court entered its Notice and Order Setting Hearing, scheduling the Motion for hearing on February 11, 2026, and establishing January 28, 2026 as the response deadline.

3.      The relief requested in Debtor's Motion directly affects First Citizens' asserted property interests and seeks injunctive relief against third parties, yet the record reflected continuing uncertainty regarding service, jurisdiction, and inconsistencies between the Debtor's schedules and pending Motion.

1

4.     As more fully set forth in its Response to Debtor's Motion, First Citizens asserts valid liens against the three vehicles at issue in Debtor's Motion.

5.     Granting leave will not prejudice the Debtor or the estate. The hearing is scheduled for February 11, 2026, no final order has been entered on the merits, and the Debtor will have a full opportunity to review and respond to First Citizens' arguments.

6.     By contrast, denying leave would materially prejudice First Citizens by depriving it of an opportunity to be heard on a motion that seeks to void alleged liens and compel governmental action affecting First Citizens' rights.

7.     Rule 9006(b)(1) permits enlargement of time where the failure to act was the result of excusable neglect. Here, any delay was excused given the confusion regarding Debtor's Motion, the delay was minimal, and was not the result of bad faith or dilatory conduct.

8.     Allowing First Citizens' response will assist the Court in addressing the issues identified in its prior order and will ensure that the record is complete before any merits determination.

WHEREFORE, First Citizens Bank respectfully requests that the Court:

A. Grant it to file its response to the Debtor's Motion for Determination of Secured Status and Subsequent Relief Regarding Vehicles (Doc. 70) out of time;

B. Deem such response filed as of the date of filing; and

C. Grant such other and further relief as the Court deems just and proper.

2

Respectfully submitted,

**PAPPAS HAYDEN WESTBERG & JACKSON PC**

/s/ Austin B. Hayden
Austin B. Hayden               #63872
7500 West 110th Street, Suite 110
Overland Park, KS 66210
Telephone: 913/491-4050
Facsimile: 913/491-9318
E-Mail: ahayden@phwjlaw.com
*ATTORNEY FOR FIRST CITIZENS*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 5, 2026, the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System.

/s/ Austin B. Hayden
Austin B. Hayden               #63872