

# DD

## EXHIBIT DD

CIT Claim 2 - Unsecured/No Vehicles (27941009)

**Fill in this information to identify the case:**

Debtor 1   Victory Cleaning Systems, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Western District of Missouri**

Case number:   **24–40010**

**FILED**

**U.S. Bankruptcy Court**
**Western District of Missouri**

1/10/2024

**Paige Wymore–Wynn, Clerk**

## Official Form 410
## Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Attn Recovery First Citizens Bank

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor     CIT

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Attn Recovery First Citizens Bank

Name

10201 Centurion PKWY N
Jacksonville, FL 32256

Contact phone _____9046207357_____

Contact email ___sara.bass@firstcitizens.com___

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  6167 |

**7. How much is the claim?**   $ 25322.25

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Personal Guarantor

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
  **Nature of property:**
  ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
  ☐ Motor vehicle
  ☐ Other. Describe:

  **Basis for perfection:**

  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

  **Value of property:**   $
  **Amount of the claim that is secured:**   $
  **Amount of the claim that is unsecured:**   $   (The sum of the secured and unsecured amounts should match the amount in line 7.)

  **Amount necessary to cure any default as of the date of the petition:**   $

  **Annual Interest Rate** (when case was filed)   %

  ☐ Fixed
  ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property:

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|

| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   1/10/2024
                   MM / DD / YYYY

/s/  Sara Bass

Signature

Print the name of the person who is completing and signing this claim:

| Name | Sara Bass |
|---|---|
| | First name   Middle name   Last name |
| Title | Sr Equipment Finance Rec Res Specialist |
| Company | First Citizens Bank |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 10201 Centurion PKWY N |
| | Number   Street |
| | Jacksonville, FL 32256 |
| | City   State   ZIP Code |

Contact phone   9046207357          Email   sara.bass@firstcitizens.com

THIS IS A COPY

**MASTER EFA AGREEMENT Page 1 of 3**

Master EFA Agreement #ME

# DIRECTCAPITAL
## A Division of CIT Bank, N.A.
155 Commerce Way, Portsmouth, NH 03801 | Ph: 800-999-9942 | F: 800-875-0312

**CUSTOMER: Please verify this section and complete any missing information**

Client: Victory Cleaning Systems, Inc.

Address:

| City | State | Zip. | County: |
|---|---|---|---|

| Federal Tax ID: | State of Incorporation: KS | Home Phone: |
|---|---|---|

| Business Phone: ( | Fax: | Email: |
|---|---|---|

**INSTRUCTIONS:** The words "You", "Your" and "Customer" refer to the customer (the party who is borrowing funds against the Equipment or as a direct loan); "We", "Us", "Our" and "Secured Party" refer to Direct Capital, a Division of CIT Bank, N.A. and its successors and assigns, the secured party. Please complete and/or verify information and sign or authenticate where noted. Please call with any questions.

**1. MASTER EFA & SCHEDULES:** You agree to finance the Equipment or borrow funds as described in each Schedule ("Schedule") executed in accordance with this Master EFA Agreement ("Master EFA"). Each Schedule shall constitute a separate agreement distinct from this Master EFA, except that all terms contained herein are deemed part of each Schedule. In the event of a conflict between this Master EFA and a Schedule, the provisions of the Schedule, or its Addendum, shall prevail. The term "EFA" when used herein means collectively, each Schedule and this Master EFA. Capitalized terms used and not otherwise defined herein shall have the same meanings given in a Schedule. The term of this Master EFA begins on the first Schedule's Commencement Date and continues as long as any Schedule remains unpaid. You authorize Us to insert or correct information on the EFA including Your proper legal name, address, dates and Equipment description. All notices shall be in writing addressed to You at Your address stated herein or to Us at 155 Commerce Way, Portsmouth, NH 03801.

**2. EQUIPMENT:** You have chosen the equipment as set forth on each Schedule as applicable ("Equipment"). You acknowledge that the Equipment is financed for You solely for commercial or business purposes and not for personal, family, agricultural or household purposes. If the Equipment is unsatisfactory, Your only remedy is against its supplier or manufacturer and You have no remedy for damages against Us. If the Delivery Guaranty Option is not applicable, Your confirmation to Us by phone or execution or authentication of an Equipment Delivery & Acceptance shall constitute Your acknowledgement that You have inspected the Equipment, found it satisfactory in all respects and have accepted it. You will maintain Equipment location records and provide Equipment location to Us upon demand. You are responsible for keeping the Equipment in good repair, condition and working order, except for normal wear and tear. You are responsible for complying with all laws relating to the Equipment or its use and to protect the Equipment from damage, seizure or loss. You will continue to make payments if any damage, seizure or loss occurs to any part of the Equipment, even if the Equipment is completely destroyed or, at Our option, pay Us the amount described in the Defaults and Remedies section of the EFA on the next payment date. We are not responsible for any losses, damages or injuries caused by the installation or use of the Equipment or from any other loss while You have the Equipment and You agree to hold Us harmless and defend and indemnify Us against any claim for loss, damages or injuries, including attorneys' fees and related costs.

**3. NO WARRANTY:** We are financing Equipment for You "AS IS" "WHERE IS" AND WITH ANY AND ALL FAULTS. As We did not select, manufacture, supply or inspect the Equipment, WE MAKE NO WARRANTY OR REPRESENTATION, either express or implied as to the condition of the Equipment, its merchantability, its fitness or suitability for any particular purpose, its design, its capacity, its quality, or any other characteristics of the Equipment. We are not responsible for packaging, delivery, installation or testing of the Equipment. You agree that You have selected the supplier and each item of Equipment based on Your own judgment and disclaim any reliance upon any statements or representations made by Us. The supplier is not an agent of Ours and nothing the supplier states can affect Our obligation under this agreement. You will continue to make all payments under the EFA regardless of any claim or complaint against any supplier.

**4. REPRESENTATIONS:** You represent and warrant to us that: You, and each of the individuals signing or authenticating the EFA, have the lawful power and authority to enter into the EFA; by entering into the EFA You will not violate any law or other agreement; and the location of Your chief executive office, state of incorporation or organization, exact legal name, place of residence and Federal Tax ID number are accurately listed in the EFA. The EFA will constitute Your legal, valid and binding obligation, enforceable against You in accordance with the terms hereof. If a registered organization, You represent and warrant to Us that You are duly organized, duly authorized, validly existing and in good standing. **THE EFA CANNOT BE TERMINATED OR CANCELED BY YOU FOR ANY REASON.** Your obligation to make payments under the EFA is absolute and unconditional.

**5. ASSIGNMENT: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR LEASE THE EQUIPMENT OR YOUR RIGHTS UNDER THE EFA.** You understand that We, without prior notice, have the right to assign, sell or otherwise transfer the EFA. You understand that Our assignee will have the same rights and benefits as Us but they do not have to perform any of Our obligations. You agree that the rights of Our assignee will not be subject to any claims, defenses or setoff that You may have against Us.

**6. SECURITY DEPOSIT:** The security deposit, listed on a Schedule, is payable upon execution, is non-interest bearing, will be commingled with Our other funds and secures Your performance under the EFA. We may apply the security deposit to satisfy any

amounts owed by You, in which event You will promptly restore the security deposit to its full amount. If all conditions are fully complied with and You have not ever been in default, the security deposit will be refunded to You after the end of the term of each Schedule.

**7. INDEMNITY:** You indemnify Us and Our affiliates and Our and Our affiliates' shareholders, directors, officers, employees, agents and assignees against any claims, actions, damages, fines, penalties, causes of action, suits or other legal proceedings or liabilities including all attorneys' fees, arising out of or connected with the EFA or any Equipment, without limitation. Such indemnification shall survive expiration, cancellation or termination of the EFA.

**8. LAW:** The EFA is governed by Federal law and the laws of New Hampshire. You agree and consent to the exclusive jurisdiction and venue of any State or Federal Court in Rockingham County, New Hampshire. You waive any right to challenge the jurisdiction or venue for any reason. You waive the defense of Forum Non Conveniens. The EFA is intended to constitute a valid and enforceable legal instrument and no provision of the EFA that may be deemed unenforceable shall in any way invalidate any other provision or provisions hereof, all of which shall remain in full force and effect. The EFA constitutes the entire agreement between the parties. **YOU AGREE TO WAIVE ALL RIGHTS TO A JURY TRIAL.** Each party prefers that any dispute between them be resolved subject to the above jury trial waiver. Should the above jury trial waiver be found unenforceable, then, upon the written request of any party, any dispute, including any and all questions of law or fact relating thereto, shall be determined exclusively by a judicial reference proceeding in accordance with Cal. Civ. Proc. Code § 638 et seq. or the applicable state's equivalent state law. The parties shall select a retired state or federal judge as the referee. The referee shall report a statement of decision to the Court. Notwithstanding the foregoing, nothing in this paragraph shall limit any other right of the parties under the EFA.

**PERSONAL GUARANTY:** As consideration for Our entering into the EFA, the undersigned Guarantor ("You", "Your"), jointly and severally, unconditionally personally guarantees and agrees to be liable to Us, Direct Capital, a Division of CIT Bank, N.A., the Secured Party, for the full, prompt and indefeasible payment and performance of all now existing and future indebtedness, obligations or liabilities of the Customer arising under the EFA. You agree that We may make other arrangements including compromise or settlement with the Customer and You will waive all defenses and notice of those changes and will remain responsible for the payment and obligations of the EFA. We do not have to notify You if the Customer is in default. If the Customer defaults, You will immediately pay in accordance with the default provision of the EFA all sums due under the terms of the EFA and will perform all of the EFA obligations. If it is necessary for Us to proceed legally to enforce this guaranty, You expressly consent to the jurisdiction of the court set out in the 'Law' paragraph and agree to pay all costs, including attorneys fees incurred in enforcement of this guaranty. You also agree that the "Law" paragraph in its entirety applies to this guaranty. It is not necessary for Us to proceed first against the Customer or the Collateral before enforcing this guaranty. You grant Us continuing authority to access, review and update, from time to time, credit reference information, including credit bureau reports pertaining to You. All financial providers are hereby directed and authorized to release to Us any and all information pertaining to any of Your accounts.

Signature or authentication of the Guarantor (an Individual)

X _Daniel Brown_     1/23/2017
Daniel Brown     NO TITLE     Date
FB856207A31E420...

Signature or authentication of the Guarantor (an Individual)

X _____
NO TITLE     Date

CONFIDENTIAL                    ©2016 CIT Group Inc. All rights reserved.

THIS IS A COPY

# DIRECTCAPITAL
## A Division of CIT Bank, N.A.

Master EFA Agreement #MI

**9. TAXES:** You agree to pay when due or at a frequency set by Us all taxes (including sales, use, and personal property tax, fines and penalties) and fees relating to the EFA or the Equipment. If We make payment on any of the above, You agree to reimburse Us.

**10. INSURANCE.** You agree to keep the Equipment fully insured against loss, theft, damage, destruction with Us as loss payee and additional insured in an amount not less than the original cost of the Equipment for the term of each Schedule. You also agree to obtain a general public liability insurance policy from a provider and in amounts acceptable to Us and name Us as an additional insured on the policy. You agree to provide Us certificates or other evidence of insurance acceptable to Us before each Schedule commences, prior to each insurance renewal and within 10 days of Our request. You agree that if said insurance is not received by Us, is cancelled or expires and is not replaced, We have the right, but not the obligation, to secure insurance on the Equipment from a carrier of Our choosing in such forms and amounts as We deem reasonable to protect Our interest. Insurance We secure will not name You as an insured and may not fully protect Your interests and You will pay Us an insurance charge that will include a premium, which may be substantially higher than the premium that You would pay if placed independently. In addition to the premium, You will pay Us a fee that will include an interest charge and administrative and processing fees, which will result in profit to Us and Our agents. At any time, You can avoid these costs by delivering the required proof of insurance to Us. **Nothing in this paragraph will relieve You of Your responsibility for liability insurance coverage on the Equipment.** We may negotiate and settle for Our benefit all property damage claims and all liability claims involving Us or the Equipment and may sign or endorse Your name on any draft, check or instrument representing insurance proceeds covering the Equipment. We shall retain any physical damage insurance proceeds arising out of a theft, loss or damage up to the full amount owed under the EFA. You will remain responsible for any deficiency.

**11. PAYMENTS, INTERIM PAYMENT, FEES & OTHER CHARGES, RATE FACTOR:** You agree to pay Us the periodic payments for the term (including any extensions) of the EFA in accordance with each Schedule plus any applicable sales tax, use tax or property tax. We have the right to apply all sums received from You to any amounts due Us pursuant to the EFA. You agree to pay Us a nonrefundable documentation fee plus all other reasonable fees associated with the EFA, including, but not limited to, credit inquiry, site inspection, appraisal, UCC search and filing, titling fees and costs, including a termination fee of up to $379, unless otherwise noted, payable upon termination of each Schedule. Your signature or other authentication is an irrevocable offer to enter into the EFA. In the event that You sign or otherwise authenticate the EFA, but the EFA is not commenced, the advance payments, documentation fee and security deposit may be retained by Us to compensate for Our documentation, processing and other expenses. A late payment charge of 15% of the amount due will be assessed on any payment not paid within 3 days of the due date; interest on any delinquent amount due shall be charged from the due date until paid at the highest legal rate. You also agree to pay Our standard NSF fee for each payment returned for insufficient funds. You agree to pay Us, upon receipt of Your first invoice, "Interim Payment", which is a partial payment for the use of the Equipment or loan proceeds prior to the first regular payment due date. Interim Payment shall be in an amount equal to 1/30th of the monthly payment, multiplied by the number of days from the Commencement Date to the first payment due date payable up on receipt of invoice. **Rate Factor:** Each monthly payment includes, in addition to reimbursement of Equipment cost or loan amount, a return on Our investment expressed as the rate factor which can be characterized as a finance charge. Equipment cost or loan amount is the payment divided by the Rate Factor. The total dollar amount of the finance charge is equal to the payment times the term plus the processing fees less Equipment cost or loan amount.

**12. COMPUTER SOFTWARE:** Notwithstanding any other terms of the EFA, You agree that as to software only: We have not had, do not have, nor will have any title to such software; You have executed or will execute or otherwise authenticate a separate software license agreement; and We are not a party to and have no responsibilities whatsoever in regard to such license agreement; You have selected the software as per the Equipment paragraph of the EFA; and **We make no warranties of merchantability, data accuracy, system integration or fitness for use and take absolutely no responsibility for the function or defective nature of such software.**

**13. EQUIPMENT OWNERSHIP:** You are the owner of the Equipment under each Schedule as applicable and have title to the Equipment subject to Our lien. You agree to keep the Equipment free and clear of all liens, claims and encumbrances. We have the right to inspect the Equipment at any time.

**14. UCC FILINGS:** To secure Your obligations under the EFA, You hereby grant Us a first priority security interest in the Equipment and authorize Us to file UCC Financing Statements or similar instruments in Our Name or that of Our secured party representative to perfect such interest. "Equipment" includes all replacements, parts, repairs, additions, accessions and accessories incorporated in the Equipment or affixed to the Equipment and any and all proceeds of the foregoing, including, without limitation, insurance proceeds. To secure Your obligations under the EFA, You also hereby grant Us a security interest in all of Your right, title and interest in and to all of Your chattel paper, goods, inventory, equipment (other than the Equipment), accounts, accounts receivable, documents, instruments, general intangibles, payment intangibles, investment property, rents, income, securities, fixtures and other property, whether now existing or owned by You or hereafter arising or acquired by You, and in all proceeds, including insurance proceeds, thereof (collectively "Collateral"), and authorize Us to file UCC Financing

Statements or similar instruments in Our name or that of Our secured party representative to perfect such interest.

**15. DEFAULT & REMEDIES:** You will be in default if: You fail to make any required payment under the EFA when due; You fail to perform any other obligation of the EFA or other agreement with Us; any representation or warranty made by You is false; a material adverse change (as determined by Us) occurs in Your financial condition or We believe the prospect of payment is impaired; You enter or have entered against You insolvency, bankruptcy or similar proceedings; the death of a personal guarantor occurs or You attempt to repudiate or revoke any agreement with Us ("Default"). If You are ever in Default, We, with or without notice to You, may retain Your security deposit; terminate or cancel the EFA or any of Our obligations to You, require that You pay the unpaid remaining payments (discounted at 4%), the amount of any purchase option and late changes, taxes, fees and interest on the same; sue for and recover from You any and all amounts due Us; enter the Equipment and Collateral location and repossess and remove, or render unusable, the Equipment and Collateral; require You to make the Equipment and Collateral available to Us at a location determined by Us; sell or lease the Equipment and Collateral to any party without notice under such terms and conditions as We alone shall determine; refer the EFA to an attorney for collection and pursue all other remedies available to Us under the EFA, any agreement, any applicable law or the UCC. You agree to pay all costs and expenses related to collection or repossession, including attorneys' fees. You agree that any delay or failure to enforce Our rights under the EFA does not prevent Us from enforcing any rights at a later time. **You agree that We will not be responsible to pay You any consequential or incidental damages you claim under the EFA.**

**16. FAX & ELECTRONIC DOCUMENTS:** No modification to the EFA as supplied by Us to You shall be effective unless agreed to in writing or other authentication by Us. A fax or copy version of Your signature on the EFA when received by Us shall be binding on You for all purposes as if originally signed. Each of this Master EFA and each Schedule shall only become binding against Us when actually signed or otherwise authenticated by Us. Both You and We agree that the written version of the EFA containing Our original signature and Your original, fax or copy signature may constitute the original authoritative version, and that the electronic version of the EFA which has been authenticated by You and Us in accordance with applicable law and controlled by the Owner (pursuant to the rules and regulations of eOriginal, Inc.) shall constitute the original authoritative version of the EFA; provided that if the "Paper Out" process shall have occurred pursuant to the eOriginal product Reference Guide, and there shall simultaneously exist both the "Paper Out" printed version and an electronic version of the EFA, then the "Paper Out" printed version of the EFA as identified in the eOriginal audit record and corresponding affidavit shall constitute the sole authoritative version. Both You and We hereby agree that the EFA may be authenticated by electronic means, and expressly consent to the use of the electronic version of the EFA to embody the entire agreement and the understanding between You and Us. You wish to continue to receive information at Your fax and/or email addresses. The EFA may be executed in any number of counterparts, and all such counterparts, taken together, shall constitute one and the same instrument. Reference herein to eOriginal shall mean eOriginal, Inc., Baltimore, MD, or any successor electronic custodian appointed by Us.

**17. CELL PHONE CONSENT:** You agree that by providing Us with a telephone number for a cellular phone or other wireless device, You are expressly consenting to receiving communications – including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system – from Us and Our assigns, affiliates and agents to You at that number. This express consent applies to each such telephone number that you provide to Us now or in the future and permits such calls regardless of their purpose. These calls and messages may incur access fees from your cellular provider.

**ACCEPTED:**

**Customer:** Victory Cleaning Systems, Inc.
DocuSigned by:
X _Daniel Brown_  1/23/2017
Daniel Brown      Individual / Owner    Date
FB856207A31E420...

**Secured Party: CIT Bank, N.A.**
DocuSigned by:
X _Jonathan Moynahan_  1/25/2017
Jonathan Moynahan  Authorized Representative   Date
0265FEA636184C3...

CONFIDENTIAL                    ©2016 CIT Group Inc. All rights reserved.

THIS IS A COPY

The Authoritative Copy of this record is at www.docusign.net

**DIRECTCAPITAL**
A Division of CIT Bank, N.A.

**Accession Agreement: Dated August 1, 2016 or Thereafter Entered Into Between Direct Capital Corporation or Direct Capital, a division of CIT Bank, N.A. and Customer and/or Lessee**

This Accession Agreement between Customer and/or Lessee and CIT Bank, N.A., (together, the "Parties") dated and effective as of _____2/8/2017_____ ("Accession Agreement") to Master EFA and/or Lease, as applicable ("Agreement"), is entered into to add CIT Bank, N.A. as an additional party, to the Agreement. Capitalized terms not otherwise defined herein shall have the meaning set forth in the Agreement.

        **WHEREAS,** CIT Bank, N.A. desires to join the Agreement; and

        **WHEREAS,** Customer and/or Lessee agrees to accept CIT Bank, N.A. as an additional party to the Agreement;

        **NOW, THEREFORE,** in consideration of the mutual promises herein set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the conditions and upon the terms hereof, the parties hereto agree as follows:

The Parties agree as follows:

1. CIT Bank, N.A. joins the Agreement as an additional party.

2. Any and all references to Direct Capital Corporation (including definitions thereof) in the Agreement, including any grant of any security interest to Direct Capital Corporation, shall be deemed to include CIT Bank, N.A., and CIT Bank, N.A. shall possess the rights, powers, privileges, and remedies provided under said Agreement.

3. This Accession Agreement permits CIT Bank, N.A. to originate / purchase Leases under the Agreement but neither this Accession Agreement nor the Agreement shall obligate CIT Bank, N.A. to originate / purchase an EFA and/or Lease. CIT Bank, N.A. does not assume and is not otherwise responsible for any obligations of Direct Capital Corporation under any agreement including, without limitation, the Agreement.

4. You further acknowledge the addition to paragraph 8. LAW of the Agreement:

        Each party prefers that any dispute between them be resolved subject to the above jury trial waiver. Should the above jury trial waiver be found unenforceable, then, upon the written request of any party, any dispute, including any and all questions of law or fact relating thereto, shall be determined exclusively by a judicial reference proceeding in accordance with Cal. Civ. Proc. Code § 638 et seq. or the applicable state's equivalent state law. The parties shall select a retired state or federal judge as the referee. The referee shall report a statement of decision to the Court. Notwithstanding the foregoing, nothing in this paragraph shall limit any other right of the parties under the EFA and/or Lease.

This Accession Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Accession Agreement.

**IN WITNESS WHEREOF,** the Parties have caused their respective duly authorized officers to execute this Accession Agreement as of the day and year first above written.

CIT Bank, N.A.

By: _Michael Gagnon_____
    7F70CE2003C2491...
Name: Michael Gagnon_____

Title: Funding Manager II_____

Victory Cleaning Systems, Inc.

By: _Daniel Brown_____
    FB856207A31E420...
Name: Daniel Brown_____

Title: Individual / Owner_____

Confidential        ©2016 CIT Group Inc. All rights reserved.

**CIT.**

155 Commerce Way, Portsmouth, NH 03801 | Ph: 800-999-9942

## Addendum to Master Equipment Finance Schedule

This Addendum ("Addendum") shall amend Schedule #: DCC·      to Master Equipment Finance Agreement No: MF     by and between Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems ("Customer") and CIT Bank, a division of First-Citizens Bank & Trust Company ("Secured Party") with reference to the above EFA transaction ("EFA").   All terms and conditions of the EFA not inconsistent with this Addendum shall be and remain in full force and effect.

Customer hereby authorizes Secured Party to correct the following:

| | | |
|---|---|---|
| ☐ Lessee/Company Name | ☐ Advance Payment | ☐ SignorTitle |
| ☐ Equipment Location | ☐ Rate Factor | ☐ EOL Option |
| ☐ Terms | ☐ BillingAddress | ☐ Equipment Description |
| ☐ Payment Amount | ☐ Processing Fees | ☐ Payoff(s)/Disbursement |
| ☐ Security Deposit | ☐ SignorName | ☑ Other |

The Schedule and all other documents given in conjunction therewith shall now read: _____

    **Other:** Commencement date should now read 12/15/2022

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this Addendum and acknowledge receipt of a true copy hereof on the date(s) indicated below.

**Customer:** Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems

X _Internal_ _____

Daniel Brown, President           (Date)

**ACCEPTED BY First-Citizens Bank & Trust Company**

X _Terri Gerlak_ _____    12/15/2022
on behalf of First-Citizens Bank & Trust Company  (Date)
(successor by merger to CIT Bank, N.A.)

Page 1 of 1

CONFIDENTIAL          Copyright ©2022          MLSADD62513

First-Citizens Bank & Trust Company. All rights reserved. CIT and the CIT logo are registered trademarks of First-Citizens Bank & Trust Company.

**CIT.**

THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net

## EQUIPMENT SCHEDULE #DCC-

### Master EFA Agreement #M

This Equipment Schedule is subject to all of the terms and conditions of the referenced Master EFA Agreement ("Master EFA"), including, without limitation, Section 14 (UCC Filings). Each capitalized term used herein has the same meaning given to it in the referenced Master EFA unless otherwise defined herein. You have reviewed and acknowledge all terms of this EFA. **Please sign or authenticate where noted.**

### CUSTOMER INFORMATION: Please verify this section and complete any missing information

**Customer:** Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems

**Billing Address:**

| City: Kansas City | State: | Zip: | County: |
|---|---|---|---|

**Federal Tax ID:** | **State of Incorporation:**

**Business Phone:** | **Fax:** | **Email**

### EQUIPMENT DESCRIPTION:

All personal property described below, including all replacements, parts, repairs, additions, accessions and accessories incorporated in such personal property or affixed to such personal property and any and all proceeds of the foregoing, including, without limitation, insurance proceeds, the "Equipment".

**Supplier(s):**

```
El Diablo 300006
  Invoice #38772
  QTY (1) New El Diablo 300006
```

You understand and agree that the collateral description comprising the "Equipment": (i) shall be the collateral description comprising the "Equipment" that is provided in the Schedule that has been executed by both You and Us, and (ii) may be amended or supplemented by Us upon Our receipt of the invoice(s) or comparable documentation issued by the Supplier. Any such supplemented and/or amended collateral description shall supersede in its entirety the collateral description provided in this Schedule and shall comprise the "Equipment". You acknowledge that You are choosing to finance the purchase of this Equipment over time per the terms and conditions of this EFA rather than the cash price listed on the invoice(s).

**Equipment Location** (if different from billing): 1000 W 100th St Kansas City MO 64114

### EFA TERMS and CONDITIONS:

Your Monthly Payment is set forth below in the box entitled "Monthly Payment", which is due in advance on the due date to be established by Us on our acceptance of this Schedule. This Schedule shall commence upon Our written acceptance or other authentication on the "Commencement Date" (provided below), the occurrence of which is described in the Master EFA. Upon the occurrence of the Commencement Date, **this shall become a noncancelable, irrevocable agreement; it cannot be cancelled or terminated.**

| EFA TERM: | MONTHLY PAYMENT:* | UPFRONT PAYMENT AMOUNTS:* |
|---|---|---|
| 48 Months | $719.98 | Security Deposit     $0.00 |
| (term is monthly unless otherwise indicated) | | Advance Payment w/ Estm. Tax   $719.98 |
| | | Processing Fees     $399.00 |
| Rate Factor: 0.0268793 | *Inclusive of estimated sales tax (where applicable) that is included in loan amount | *Inclusive of estimated sales tax (where applicable) that is included in loan amount |

**Delivery Guaranty Option:** If this option is elected, in reliance on Your promise to pay Us and subject to EFA terms, We may, subject to credit approval, pay Supplier(s) prior to Equipment delivery. In such case, You understand that despite the fact that some or all of the Equipment has not been delivered or installed, You authorize Us to pay Supplier(s) and Your obligations under this EFA will commence immediately and are absolute and unconditional. You understand and agree that if You are not satisfied with any part of the Equipment, You will only look to persons other than Us, such as Supplier(s), manufacturer, vendor, installer or carrier, and shall not: (i) assert against Us any claim or defense that You may have with the Equipment, installation or delivery and (ii) withhold, set off or reduce any payment due under this EFA by reason thereof. Election of the Delivery Guaranty Option is made separately.

**Pay Proceeds Direction:** You hereby irrevocably instruct Us to disburse proceeds of this EFA to the Supplier(s) listed above in the amounts listed on the attached Invoice(s). Disbursement by Us in accordance with these instructions shall be and constitute payment and delivery to and receipt by You of any and all such proceeds.

**Payment Adjustment:** You agree that We may adjust the Monthly Payment (as set forth in the box entitled "Monthly Payment") upward or downward, as the case may be, in proportion to any variation between the final Equipment cost and the estimated Equipment cost and/or any variation between the final sales tax amount (where applicable) that is included in the loan amount and the estimated sales tax amount (where applicable) that is included in the loan amount, in each case upon which the original Monthly Payment set forth above was based. You so authorize Us to make any such adjustment.

**Equipment Purchase:** If the Delivery Guaranty Option is not applicable, You authorize Us to pay Supplier(s) pursuant to the attached Invoice(s) and Your Pay Proceeds Direction. Upon signing or authenticating below, Your promises herein will be irrevocable and unconditional in all respects.

### EFA ACCEPTANCE:

**Customer:** Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems

X _Daniel Brown_     12/6/2022
Daniel Brown     President     Date
FB856207A31E420...

**Secured Party: First-Citizens Bank & Trust Company**
DocuSigned by:
X
on behalf of First-Citizens Bank & Trust Company
(successor by merger to CIT Bank, N.A.)
Authorized Representative
7C1421455D8E47A....
Commencement Date: 12/14/2022

CONFIDENTIALCopyright ©2022 First-Citizens Bank & Trust Company. All rights reserved. CIT and the CIT logo are registered trademarks of First-Citizens Bank & Trust Company.
IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for You: When You open an account, We will ask for Your name, address, date of birth, and other information that will allow Us to identify You. We may also ask to see Your driver's license or other identifying documents.

**Full Circle Chemical Supply**

1493 Iron Street
North Kansas City, MO 64116
Phone #            Fax #
8162212825      (816) 569-4226
www.fullcirclechemical.com

# Invoice

| Date | Invoice # |
|---|---|
| 12/6/2022 | |

| Bill To |
|---|
| Victory Cleaning Systems Inc |

| Ship To |
|---|
| Victory Cleaning Systems Inc |

| Ship Date | Ship Via | Rep | Terms | Due Date | P.O. No. |
|---|---|---|---|---|---|
| 12/6/2022 | | | | 12/6/2022 | |

| Item | Description | Qty | Rate | Rate | Amount |
|---|---|---|---|---|---|
| Labor #196 | Labor Hourly Service/Labor | 8 | 79.00 | | 632.00 |
| Labor #196 | Labor Hourly Service/Labor | | -26.22 | | -26.22 |
| shipping/handli... | shipping/handling From Vendor shipping/handling From Vendor Shipping From Vendor | 1 | 450.00 | | 450.00 |
| shipping/handli... | shipping/handling From Vendor shipping/handling From Vendor Shipping From Vendor | | -18.67 | | -18.67 |
| | | | | | 1,037.11 |
| El Diablo 3000... | El Diablo 300006 El Diablo | 1 | 24,995.00 | | 24,995.00T |
| El Diablo 3000... | El Diablo 300006 El Diablo | | -1,037.11 | | -1,037.11T |
| | | | | | 23,957.89 |
| | 7.475% Tax for Missouri Department of Revenue | | 7.475% | | 1,790.85 |
| | Tax item used for transactions created in QuickBooks POS | | 0.00% | | 0.00 |

New Equipment/In Stock

All balances not paid in full by due date will be assessed a monthly 1 1/2 percent finance charge

| **Total** | $26,785.85 |
|---|---|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $26,785.85 |

THIS IS A COPY
The Authoritative Copy of this record is held at www.docusign.net



# PREPAYMENT ADDENDUM

**Eq. Schedule No. DCC** ‾‾

This Prepayment Addendum ("Addendum") supplements and amends that certain equipment finance agreement identified by the schedule number set forth above ("Schedule") between CIT Bank, a division of First-Citizens Bank & Trust Company, as secured party ("CIT Bank, a division of First-Citizens Bank & Trust Company"), and Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems, as customer ("Customer"), and pertaining to the property being financed by and described in the Schedule.  The following is hereby added as a new section to the Schedule:

"**Prepayment**: Notwithstanding any other provision of this Schedule to the contrary, and provided no Default has occurred under this Schedule or any other agreement with CIT Bank, a division of First-Citizens Bank & Trust Company, Customer may prepay this Schedule at any time, in whole but not in part, by paying CIT Bank, a division of First-Citizens Bank & Trust Company an amount equal to the Unpaid Balance.  "Unpaid Balance" shall mean, with respect to this Schedule, as of the date of any such permitted prepayment thereunder, the sum of; (i) all amounts then due and owing by you under this Schedule, plus (ii) the discounted present value of all future monthly scheduled payments to be owed by you during the balance of the term of this Schedule, calculated using a discount rate equal to (A) 4% if the prepayment is made during the first half of the contract term of this Schedule, or (B) the rate that was used by CIT Bank, a division of First-Citizens Bank & Trust Company to calculate the monthly payment amount payable under this Schedule if the prepayment is made during the second half of the contract term of this Schedule, plus (iii) plus all applicable taxes, if any, arising out of such prepayment. CIT Bank, a division of First-Citizens Bank & Trust Company shall specify the Unpaid Balance which, absent manifest error, shall be binding and conclusive.  No prepayment penalty shall be added to the Unpaid Balance."

You agree that a facsimile or other copy of this Addendum, as executed, shall be deemed the equivalent of an originally executed copy for all purposes, and except as amended by this Addendum, the Schedule remains in full force and effect.

**Customer:** Victory Cleaning Systems, Inc. DBA Victory Cleaning Systems

DocuSigned by:

X _Daniel Brown_ _____   12/6/2022 _____
Daniel Brown
B8B0207A31E420...                                    (Date)

**ACCEPTED BY First-Citizens Bank & Trust Company**

DocuSigned by:

X _Terri Gerlak_ _____   12/14/2022 _____
on behalf of First-Citizens Bank & Trust Company
Terri Gerlak (successor by merger to CIT Bank, N.A.)
7C142145508E47A...                                   (Date)

CONFIDENTIAL

Copyright ©2022
First-Citizens Bank & Trust Company. All rights reserved. CIT and the CIT logo are registered trademarks of First-Citizens Bank & Trust Company.



## Debt Calculation

Name: Victory Cleaning Systems, Inc.
Equipment Finance Agreement # ME00388723
Schedule # DCC-1779251
IL # 097-0176167-000
Dated Prepared: 1/10/24

| | | |
|---|---|---|
| Regular payment | $ | 719.98 |
| Sales Tax % | | 0.00% |
| Term | | 48 |
| Payments Made | | 11 |
| Past Due Payments | | 1 |
| Accelerated Payments (regular) | | 36 |
| Discount Rate | | 4% |
| Past Due Rent | $ | 719.98 |
| Accelerated Rent (regular payments), discounted to PV. | | $24,386.27 |
| Total Principal Due: | $ | 25,106.25 |
| Late Fees | $ | 216.00 |
| Collection Fees | $ | - |
| Repossession Fees | $ | - |
| Insurance Fees | $ | - |
| Insuffcent Fund Fees | $ | - |
| Termination Fee | $ | - |
| Sales Tax | $ | - |
| Total Non-Principal Damages | $ | 216.00 |
| TOTAL DUE & OWING (not including attorney fees) | $ | 25,322.25 |
| -Security Deposit | $ | - |
| -Recoveries received | $ | - |
| -Proceeds from sale of equipment | $ | - |
| **Total:** | $ | 25,322.25 |