

# EXHIBIT EE

Doc 72 - Order Denying Motion to Expedite

# EXHIBIT EE

## Doc. 72 -- Order Denying Motion to Expedite

### Case No. 24-40010-can11 | Victory Cleaning Systems, Inc.

### U.S. Bankruptcy Court, Western District of Missouri (Kansas City)

### Judge Cynthia A. Norton

**Filed:** January 6, 2026

**Related Document:** Doc. 71 (Motion to Expedite Hearing)

---

### ORDER OF THE COURT

The Court reviews the Motion of the Debtor for an expedited ruling on the Debtor's Motion to FOR DETERMINATION OF SECURED STATUS AND SUBSEQUENT RELIEF REGARDING VEHICLES.

The Court denied the Debtor's first expedited Motions because Debtor failed to properly serve the Notice/Order setting Hearing on the Motions. In the subsequent Motions, Debtor asserts that the Motion should be expedited or set for immediate hearing because, although Counsel made an inadvertent error and failed to serve the Notice/Order setting hearing, the Court denied the Motion on mere procedural grounds and failed to reach "the merits," even though "no party" objected.

**The Court has concerns beyond what Counsel dismissively describes as procedural issues.**

**First,** Debtor filed this case and asserted in sworn schedules that CIT had liens in a 2012 Chevy Box Truck, a 2015 GMC Box Truck, and a 2015 Ford F-150. Debtor had ample time to resolve the issue of the liens while the case was pending, yet the confirmed plan appears not to have addressed these alleged liens, and based on an email from a CIT representative, Debtor now asserts that CIT has "disclaimed" any liens in these vehicles and requests an emergency hearing. No email from CIT is attached to the Motions, however, notwithstanding that Counsel represents the email is attached as an exhibit.

**Second,** the Motions seeks a declaration that CIT has no liens in a 2014 Chevy Express 3500, a 2012 GMC Savana, plus a 2015 Ford F-150. The first two vehicles were not scheduled as property of the bankruptcy estate and it is not at all clear to the Court, particular in the absence of the email exhibit, which vehicles Debtor is asserting CIT has no lien (or perfected lien) in, given the discrepancy between the description of the vehicles in the Schedules A/B and the Motions.

**Third,** Debtor seeks injunctive relief compelling the Missouri and Kansas Departments of Revenue to issue clean titles in three vehicles described in the Motions but has not served either governmental entity with the most recent Motions, and never served the Kansas Department of Revenue with the first Motions.

**Finally,** contrary to Counsel's suggestion that the Court has improperly failed to reach a determination on the merits and denied the Motion for mere procedural grounds, whether a party is properly served such that the Court has in personam jurisdiction over that party is not merely a procedural, technical ground, but a matter of Constitutional due process.

Given all these issues, the Court is unwilling to grant the relief requested on an emergency basis and therefore **denies the Motion to Expedite without prejudice** for further clarification and proper service.

It is so ORDERED by /s/ Cynthia A. Norton.

The moving party is to serve this order on parties not receiving electronic notice but entitled to notice pursuant to Fed. R. Bankr. P. 2002, Local Rule 2002-1 and other applicable law. File the Certificate of Service and relate it to the epo category.

This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.

(Related document(s) 71 Motion to Expedite Hearing) (KDR). (Entered: 01/06/2026)

---

*Source: CM/ECF Docket Entry #72, Case 24-40010-can11, Western District of Missouri. Verbatim text captured from PACER docket report.*