# S

# EXHIBIT S

Jones App to Employ + Affidavit (Docs 8, 8-1)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:      DAMON K. JONES.                    )      Case No. 22-41154
                                               )      Chapter 11 (Voluntary)
            Debtor and Debtor-in-Posession     )

### APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR
### AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

**COMES NOW** Damon K. Jones,  the Debtor and Debtor-in-possession herein (hereinafter the "Debtor" or "Jones") and, pursuant to 11 U.S.C. § 327 and F.R.B.P. Rules 2014, 2016 and 5002, submits this Application for Employment of the law firm WM Law and its members to represent the Debtor in his Chapter 11 bankruptcy proceeding. In support of this Application the Debtor represents the following:

1.      On September 14, 2022, Debtor filed a voluntary Petition for Chapter 11 relief. Pursuant to 11 U.S.C, §§ 1107 and 1108, the Debtor remains as a Debtor-in-Possession.

2.      The Debtor is an individual person seeking restructuring under Chapter 11.

3.      The Debtor requires the services of legal counsel to represent it during these proceedings and desires to employ Wagoner Bankruptcy Group, P.C. d.b.a. W M Law, as Debtor's counsel. The services to be provided include providing the customary services required in representing a Chapter 11 Debtor-in-Possession, which include: preparation of the bankruptcy forms and schedules, attendance at the § 341 meeting and other court hearings, preparation of the disclosure statement and Chapter 11 plan, client conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving confirmation issues.  Counsel would also assist the Debtor with any additional requirements that come due as a result of seeking relief as a debtor under Chapter 11.

4.      Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Ryan M. Grahm, Errin Stowell, and the other attorneys in the law firm of W M Law (hereinafter collectively referred to as "W M Law") are duly licensed and qualified attorneys who are, in the opinion of the Debtor, qualified to act as its counsel, and who have a primary office located at:  15095 West 116th Street, Olathe, Kansas 66062.

5.      W M Law has experience in matters of this character and are well-qualified to act as attorneys for the Debtor. The Debtor has selected W M Law to be its counsel based of its expertise and knowledge of Bankruptcy procedures.

6.      W M Law is connected in the following manner with the Debtor, other than as Debtor's counsel in the present case.  WM Law has a signed engagement letter from Mr. Jones to represent him in an individual Chapter 13 bankruptcy.

7.      WM Law has not represented creditors or any other party in interest in this matter. The firm and its members are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse

to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interest of the bankruptcy estate.

8.      W M Law has examined its client records and business records and have made a personal inquiry of the Debtor. They have determined that the attorneys and all the members of the firm do not hold or represent an interest adverse to the estate.

9.      W M Law understands the continuing duty to disclose any adverse interest and change in disinterestedness.

10.     W M Law understands that the court's approval of the application is not approval of any proposed terms of compensation and that under 11 U.S.C. § 328(a), the court may allow compensation on terms different from those proposed.

11.     W M Law has agreed to act as attorneys for the Debtor at hourly fees commensurate with their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who it is anticipated will work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses related to and incurred during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

12.     For entry in this Case, the W M Law has received a retainer in the amount of $7,000. This amount INCLUDES the filing fee of $1,738.00. The source of funds used for the retainer and filing fee were from Michael Cox, the Debtor's patner. WM Law does not represent Mr. Cox in any capacity.

13.     W M Law has not received any compensation for this Case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Chapter 11 Case will be made in accordance with this application. WM Law is currently holding in its client trust account any unused amount of the pre-filing retainer, which currently consists of $4,398. That would be calculated as the $7,000 deposited, less $1,738 for the Chapter 11 filing fee, less $2,660 for earned pre-petition services.

14.     W M Law affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for the Debtor.

15.     W M Law's post-Petition filing fees will not be paid unless: (a) Debtor has timely filed with the UST all required operating reports; (b) Debtor is current in payment of post-Petition taxes and fees and costs assessed under 28 U.S.C. § 1930; and (c) Debtors is either current in payment of post-Petition

creditors or has the financial capacity to make such payments.

16. Attorney, Jeffrey L. Wagoner, President of W M Law, on behalf of W M Law and the above-named attorneys has executed and attached an Affidavit of Disinterestedness attesting to the foregoing and in support of this Application.

**WHEREFORE**, the Debtor respectfully requests this Court's order approving the employment of the WM Law attorneys listed above and the paralegals and staff in the firm of W M Law, on the basis set forth above and for such other further relief as the Court deems equitable and proper.

Dated: September 15, 2022    Respectfully submitted,
WM Law

s/ Ryan A. Blay
Jeffrey L. Wagoner, MO #44365; KS #17489
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
bankruptcy@wagonergroup.com
blay@wagonergroup.com
ATTORNEYS FOR DEBTOR/DEBTOR-IN-POSSESSION

## NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on Thursday, September 15, 2022 by providing an electronic copy to United States Trustee, and either electronically or by U.S. Mail, first class postage prepaid to all parties of interest listed below.
Office of the United States Trustee via ECF Notice.

**[See attached mailing matrix]**

/s/ Ryan A. Blay
Proposed Counsel for Debtor/Debtor-in-
Possession Damon K. Jones

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:   DAMON K. JONES.                        )        Case No. 22-41154
                                                )        Chapter 11 (Voluntary)
         Debtor and Debtor-in-Posession         )

## AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

State of Kansas        )
                       ) ss.
County of Johnson      )

I, Jeffrey L. Wagoner, under oath and penalty of perjury hereby state the following:

1.      I am an attorney and the President of the law firm, Wagoner Bankruptcy Group, P.C., d.b.a W M Law, located at: 15095 West 116th St., Olathe, Kansas 66062, who employs attorneys, Ryan A. Blay, Errin Stowell, Ryan M. Graham. as well as myself and other paralegals/staff (hereinafter collectively "W M Law"), and who are all licensed to practice law before the before the United Stated Bankruptcy Court for the Western District of Missouri.

2.      This Affidavit is submitted in connection with W M Law's foregoing Application for Employment as Counsel on behalf of the above-captioned Debtor and Debtor-in-Possession, Damon K. Jones, an individual person, (the "Debtor").

3.      In preparing this Affidavit, I have reviewed and examined the Debtor's client records, business records, financial affairs, and have made a personal inquiry of the Debtor. To the best of my knowledge, I have determined that W M Law has no relevant connection to the Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee (the "UST"), or any persons employed by the UST. Nor do we represent Michael Cox, who paid the pre-petition retainer used to cover the filing fee and pre-petition fees.

4.      W M Law is not a creditor, an equity security holder or an insider of Debtor, and is not and was not a director, officer, or employee of the Debtor. W M Law does not have an interest materially adverse to the interest of the bankruptcy estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

5.      W M Law is a disinterested party as defined in 11 U.S.C. § 101(14).

6.      The Debtor has requested, and W M Law has agreed, to engage in the representation of the

1

Debtor in this proceeding at hourly fees which commensurate their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who are anticipated to work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses it incurs during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

7.      After conflicts checks reasonable for the industry, it has been determined that W M Law does not and will not represent any such entity in connection with this Chapter 11 Case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or the estate(s). I believe that W M Law's representation of such entities in matters entirely unrelated to the Debtor is not adverse to the Debtor's interests, or the interests of any creditors or estates in respect of the matters for which W M Law will be engaged, nor will such services impair W M Law's ability to represent the Debtor in the ordinary course of this Chapter 11 Case.

8.      In light of the foregoing, I believe that W M Law Firm does not hold or represent any interest materially adverse to the Debtor, the estate(s), creditors, or equity interest holders, as identified to W M Law, with respect to the matters in which W M Law will be engaged.

9.      Except as set forth herein, no promises have been received by W M Law or any partner, associate, or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Kansas, and orders of this Court.

10.     W M Law further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, except as permitted by 11 U.S.C. § 504(b) and F.R.B.P. Rule 2016.

11.     The foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b).

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

2

Dated: September 14, 2022

Jeffrey L. Wagoner. MO #44365
Attorney at Law & President
Wagoner Bankruptcy Group, P.C., d/b/a W M Law
15095 W. 116th St.
Olathe KS, 66062
JeffWagoner@wagonergroup.com

Sworn to before on me this __14__ day of __September__ 2022

My commission expires: __12|31|23__

Notary Public

NOTARY PUBLIC - State of Kansas
ANA BALLESTEROS
My Appt. Expires 12|31|23

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:    DAMON K. JONES.                    )    Case No. 22-41154
                                             )    Chapter 11 (Voluntary)
           Debtor and Debtor-in-Posession    )

### AMENDED APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

**COMES NOW** Damon K. Jones, the Debtor and Debtor-in-possession herein (hereinafter the "Debtor" or "Jones") and, pursuant to 11 U.S.C. § 327 and F.R.B.P. Rules 2014, 2016 and 5002, submits this Amended Application for Employment of the law firm WM Law and its members to represent the Debtor in his Chapter 11 bankruptcy proceeding. In support of this Application the Debtor represents the following:

1.    On September 14, 2022, Debtor filed a voluntary Petition for Chapter 11 relief. Pursuant to 11 U.S.C, §§ 1107 and 1108, the Debtor remains as a Debtor-in-Possession.

2.    The Debtor is an individual person seeking restructuring under Chapter 11.

3.    The Debtor requires the services of legal counsel to represent it during these proceedings and desires to employ Wagoner Bankruptcy Group, P.C. d.b.a. W M Law, as Debtor's counsel. The services to be provided include providing the customary services required in representing a Chapter 11 Debtor-in-Possession, which include: preparation of the bankruptcy forms and schedules, attendance at the § 341 meeting and other court hearings, preparation of the disclosure statement and Chapter 11 plan, client conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving confirmation issues.  Counsel would also assist the Debtor with any additional requirements that come due as a result of seeking relief as a debtor under Chapter 11.

4.    Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Ryan M. Graham, Errin Stowell, and the other attorneys in the law firm of W M Law (hereinafter collectively referred to as "W M Law") are duly licensed and qualified attorneys who are, in the opinion of the Debtor, qualified to act as its counsel, and who have a primary office located at:  15095 West 116th Street, Olathe, Kansas 66062.

5.    W M Law has experience in matters of this character and are well-qualified to act as attorneys for the Debtor. The Debtor has selected W M Law to be its counsel based of its expertise and knowledge of Bankruptcy procedures.

6.    W M Law is connected in the following manner with the Debtor, other than as Debtor's counsel in the present case.  WM Law has a signed engagement letter from Mr. Jones to represent him in an individual Chapter 13 bankruptcy.

7.    WM Law has not represented creditors or any other party in interest in this matter. The firm and its members are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse

to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interest of the bankruptcy estate.

8.     W M Law has examined its client records and business records and have made a personal inquiry of the Debtor. They have determined that the attorneys and all the members of the firm do not hold or represent an interest adverse to the estate.

9.     W M Law understands the continuing duty to disclose any adverse interest and change in disinterestedness.

10.     W M Law understands that the court's approval of the application is not approval of any proposed terms of compensation and that under 11 U.S.C. § 328(a), the court may allow compensation on terms different from those proposed.

11.     W M Law has agreed to act as attorneys for the Debtor at hourly fees commensurate with their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who it is anticipated will work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses related to and incurred during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

12.     For entry in this Case, the W M Law has received a retainer in the amount of $7,000. This amount INCLUDES the filing fee of $1,738.00. The source of funds used for the retainer and filing fee were from Michael Cox, the Debtor's personal partner and friend. This retainer was intended by the parties to be a loan to be repaid as part of the Chapter 11 proceeding, although there is no written agreement between the parties.. WM Law does not represent Mr. Cox in any capacity.

13.     W M Law has not received any compensation for this Case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Chapter 11 Case will be made in accordance with this application. WM Law is currently holding in its client trust account any unused amount of the pre-filing retainer, which currently consists of $4,398. That would be calculated as the $7,000 deposited, less $1,738 for the Chapter 11 filing fee, less $2,660 for earned pre-petition services.

14.     W M Law affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for the Debtor.

15.     W M Law's post-Petition filing fees will not be paid unless: (a) Debtor has timely filed with the

UST all required operating reports; (b) Debtor is current in payment of post-Petition taxes and fees and costs assessed under 28 U.S.C. § 1930; and (c) Debtors is either current in payment of post-Petition creditors or has the financial capacity to make such payments.

16.     Attorney, Jeffrey L. Wagoner, President of W M Law, on behalf of W M Law and the above-named attorneys has executed and attached an Affidavit of Disinterestedness attesting to the foregoing and in support of this Application.

WHEREFORE, the Debtor respectfully requests this Court's order approving the employment of the WM Law attorneys listed above and the paralegals and staff in the firm of W M Law, on the basis set forth above and for such other further relief as the Court deems equitable and proper.

Dated: October 10, 2022          Respectfully submitted,
                                 WM Law

                                 s/ Ryan A. Blay
                                 Ryan A. Blay, MO #KS001066; KS #28110
                                 15095 W. 116th St.
                                 Olathe, KS 66062
                                 Phone (913) 422-0909 / Fax (913) 428-8549
                                 bankruptcy@wagonergroup.com
                                 blay@wagonergroup.com
                                 ATTORNEYS FOR DEBTOR/DEBTOR-IN-POSSESSION

### NOTICE OF MOTION

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court.  Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov.  Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106.  Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem.  The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing.  Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest.  If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on Monday, October 10, 2022 by providing an electronic copy to United States Trustee, and either electronically or by U.S. Mail, first class postage prepaid to all parties of interest listed below.
Office of the United States Trustee via ECF Notice.

[See attached mailing matrix]          /s/ Ryan A. Blay
                                       Proposed Counsel for Debtor/Debtor-in-
                                       Possession Damon K. Jones

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

In re:    DAMON K. JONES.                           )    Case No. 22-41154
                                                    )    Chapter 11 (Voluntary)
            Debtor and Debtor-in-Possession         )

**AMENDED AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION FOR
EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE
ARRANGEMENT**

State of Kansas          )
                         ) ss.
County of Johnson        )

I, Jeffrey L. Wagoner, under oath and penalty of perjury hereby state the following:

1.      I am an attorney and the President of the law firm, Wagoner Bankruptcy Group, P.C., d.b.a W M Law, located at: 15095 West 116th St., Olathe, Kansas 66062, who employs attorneys, Ryan A. Blay, Errin Stowell, Ryan M. Graham, as well as myself and other paralegals/staff (hereinafter collectively "W M Law"), and who are all licensed to practice law before the before the United Stated Bankruptcy Court for the Western District of Missouri.

2.      This Affidavit is submitted in connection with W M Law's foregoing Application for Employment as Counsel on behalf of the above-captioned Debtor and Debtor-in-Possession, Damon K. Jones, an individual person. (the "Debtor").

3.      In preparing this Affidavit, I have reviewed and examined the Debtor's client records, business records, financial affairs, and have made a personal inquiry of the Debtor.  To the best of my knowledge, I have determined that W M Law has no connection to the Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee (the "UST"), or any persons employed by the UST.  Nor do we represent Michael Cox, who paid the pre-petition retainer used to cover the filing fee and pre-petition fees.

4.      W M Law is not a creditor, an equity security holder or an insider of Debtor, and is not and was not a director, officer, or employee of the Debtor. W M Law does not have an interest materially adverse to the interest of the bankruptcy estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

5.      W M Law is a disinterested party as defined in 11 U.S.C. § 101(14).

1

6.       The Debtor has requested, and W M Law has agreed, to engage in the representation of the Debtor in this proceeding at hourly fees which commensurate their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who are anticipated to work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses it incurs during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

7.       After conflicts checks reasonable for the industry, it has been determined that W M Law does not and will not represent any such entity in connection with this Chapter 11 Case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or the estate(s).

8.       In light of the foregoing, I believe that W M Law Firm does not hold or represent any interest materially adverse to the Debtor, the estate(s), creditors, or equity interest holders, as identified to W M Law, with respect to the matters in which W M Law will be engaged.

9.       Except as set forth herein, no promises have been received by W M Law or any partner, associate, or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Kansas, and orders of this Court.

10.      W M Law further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, except as permitted by 11 U.S.C. § 504(b) and F.R.B.P. Rule 2016.

11.      The foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b).

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Label Matrix for local noticing
0866-4
Case 22-41154-can11
Western District of Missouri
Kansas City
Mon Oct 10 11:49:33 CDT 2022

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO 64106-2625

Apple Card - GS Bank USA
LOCKBOX 6112
POB 7247
Philadelphia PA 19170-0001

BARCLAYS BANK DELAWARE
PO Box 8803
Wilmington DE 19899-8803

Barclays Bank Delaware
125 S. West St.
Wilmington DE 19801-5014

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Internal Revenue Service
Centralized Insolvency Ops
Post Office Box 7346
Philadelphia PA 19101-7346

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Jackson County Collector
415 East 12th Street
Kansas City MO 64106-2706

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Michael Cox
12915 E. 58th St.
Kansas City MO 64133-3624

Missouri Department of Revenue
PO Box 475
Jefferson City MO 65105-0475

(p)NEBRASKA FURNITURE MART
ATTN LEGAL DEPT
PO BOX 3000
OMAHA NE 68103-3030

Nebraska Furniture Mart
PO BOX 3000
Omaha, NE 68103-3030

North American Savings Bank
12520 S. 71 Highway
Grandview MO 64030-1734

SYNCB/Amazon PLCC
PO Bos 965015
Orlando FL 32896-5015

Syncb/Amazon PLCC
4125 Windward Plaza
Alpharetta GA 30005-8738

Syncb/PPC
PO BOx 965005
Orlando FL 32896-5005

TD BANK USA/TARGET CREDIT
7000 TARGET PARKWAY N
MAIL STOP NCD-0450
Brooklyn Park MN 55445-4301

TD Bank USA/Target
3701 Wayzata Blvd
Minneapolis MN 55416-3440

The Glen Lake Homes Association, Inc.
c/o Jonathon S Zerr, Registered Agent
3304 NE Ralph Powell Rd.
Lees Summit MO 64064-2368

Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
PO Box 130000
Raleigh NC 27605-1000

Wells Fargo Dealer Services
PO Box 1697
Credit Bureau Disputes
Winterville NC 28590-1697

Damon Kyle Jones
12915 E. 58th St.
Kansas City, MO 64133-3624

Ryan A. Blay
Wm Law
15095 W 116th St.
Olathe, KS 66062-1098

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
PO Box 15316
Wilmington DE 19850-5316

JPMCB Card Services
301 N Walnut St, Floor 09
Wilmington DE 19801-3935

MOHELA
633 Spirit Drive
Chesterfield MO 63005-0000

NEBRASKA FURNITURE MART
PO BOX 3456
Omaha NE 68103-0456

(d)Nebraska Furniture Mart
700 South 72nd St.
Omaha NE 68114-4697

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

In re:    DAMON K. JONES.          )    Case No. 22-41154
                                   )    Chapter 11 (Voluntary)
           Debtor and Debtor-in-Posession    )

**AMENDED APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR
DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

**COMES NOW** Damon K. Jones, the Debtor and Debtor-in-possession herein (hereinafter the
"Debtor" or "Jones") and, pursuant to 11 U.S.C. § 327 and F.R.B.P. Rules 2014, 2016 and 5002,
submits this Amended Application for Employment of the law firm WM Law and its members to
represent the Debtor in his Chapter 11 bankruptcy proceeding. In support of this Application the Debtor
represents the following:

1.      On September 14, 2022, Debtor filed a voluntary Petition for Chapter 11 relief. Pursuant to 11
U.S.C, §§ 1107 and 1108, the Debtor remains as a Debtor-in-Possession.

2.      The Debtor is an individual person seeking restructuring under Chapter 11.

3.      The Debtor requires the services of legal counsel to represent it during these proceedings and
desires to employ Wagoner Bankruptcy Group, P.C. d.b.a. W M Law, as Debtor's counsel. The services
to be provided include providing the customary services required in representing a Chapter 11 Debtor-
in-Possession, which include: preparation of the bankruptcy forms and schedules, attendance at the §
341 meeting and other court hearings, preparation of the disclosure statement and Chapter 11 plan, client
conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving
confirmation issues.  Counsel would also assist the Debtor with any additional requirements that come
due as a result of seeking relief as a debtor under Chapter 11.

4.      Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Ryan M. Graham, Errin Stowell, and the other
attorneys in the law firm of W M Law (hereinafter collectively referred to as "W M Law") are duly
licensed and qualified attorneys who are, in the opinion of the Debtor, qualified to act as its counsel, and
who have a primary office located at:  15095 West 116th Street, Olathe, Kansas 66062.

5.      W M Law has experience in matters of this character and are well-qualified to act as attorneys
for the Debtor. The Debtor has selected W M Law to be its counsel based of its expertise and knowledge
of Bankruptcy procedures.

6.      W M Law is connected in the following manner with the Debtor, other than as Debtor's counsel
in the present case.  WM Law has a signed engagement letter from Mr. Jones to represent him in an
individual Chapter 13 bankruptcy.

7.      WM Law has not represented creditors or any other party in interest in this matter. The firm and
its members are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse

to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interest of the bankruptcy estate.

8.      W M Law has examined its client records and business records and have made a personal inquiry of the Debtor. They have determined that the attorneys and all the members of the firm do not hold or represent an interest adverse to the estate.

9.      W M Law understands the continuing duty to disclose any adverse interest and change in disinterestedness.

10.      W M Law understands that the court's approval of the application is not approval of any proposed terms of compensation and that under 11 U.S.C. § 328(a), the court may allow compensation on terms different from those proposed.

11.      W M Law has agreed to act as attorneys for the Debtor at hourly fees commensurate with their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who it is anticipated will work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses related to and incurred during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

12.      For entry in this Case, the W M Law has received a retainer in the amount of $7,000. This amount INCLUDES the filing fee of $1,738.00. The source of funds used for the retainer and filing fee were from Michael Cox, the Debtor's personal partner and friend. This retainer was intended by the parties to be a loan to be repaid as part of the Chapter 11 proceeding, although there is no written agreement between the parties.. WM Law does not represent Mr. Cox in any capacity.

13.      W M Law has not received any compensation for this Case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Chapter 11 Case will be made in accordance with this application. WM Law is currently holding in its client trust account any unused amount of the pre-filing retainer, which currently consists of $4,398. That would be calculated as the $7,000 deposited, less $1,738 for the Chapter 11 filing fee, less $2,660 for earned pre-petition services.

14.      W M Law affirms that compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for the Debtor.

15.      W M Law's post-Petition filing fees will not be paid unless: (a) Debtor has timely filed with the

UST all required operating reports; (b) Debtor is current in payment of post-Petition taxes and fees and costs assessed under 28 U.S.C. § 1930; and (c) Debtors is either current in payment of post-Petition creditors or has the financial capacity to make such payments.

16.     Attorney, Jeffrey L. Wagoner, President of W M Law, on behalf of W M Law and the above-named attorneys has executed and attached an Affidavit of Disinterestedness attesting to the foregoing and in support of this Application.

        **WHEREFORE**, the Debtor respectfully requests this Court's order approving the employment of the WM Law attorneys listed above and the paralegals and staff in the firm of W M Law, on the basis set forth above and for such other further relief as the Court deems equitable and proper.

Dated: October 10, 2022          Respectfully submitted,
                                 WM Law

                                 s/ Ryan A. Blay
                                 Ryan A. Blay, MO #KS001066; KS #28110
                                 15095 W. 116th St.
                                 Olathe, KS 66062
                                 Phone (913) 422-0909 / Fax (913) 428-8549
                                 bankruptcy@wagonergroup.com
                                 blay@wagonergroup.com
                                 ATTORNEYS FOR DEBTOR/DEBTOR-IN-POSSESSION

## NOTICE OF MOTION

        Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

        If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

        For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on Monday, October 10, 2022 by providing an electronic copy to United States Trustee, and either electronically or by U.S. Mail, first class postage prepaid to all parties of interest listed below.
        Office of the United States Trustee via ECF Notice.

**[See attached mailing matrix]**          /s/ Ryan A. Blay
                                           Proposed Counsel for Debtor/Debtor-in-
                                           Possession Damon K. Jones

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re:   DAMON K. JONES. | ) | Case No. 22-41154 |
| | ) | Chapter 11 (Voluntary) |
| Debtor and Debtor-in-Possession | ) | |

**AMENDED AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

State of Kansas         )
                                  ) ss.
County of Johnson     )

I, Jeffrey L. Wagoner, under oath and penalty of perjury hereby state the following:

1.      I am an attorney and the President of the law firm, Wagoner Bankruptcy Group, P.C., d.b.a W M Law, located at: 15095 West 116th St., Olathe, Kansas 66062, who employs attorneys, Ryan A. Blay, Errin Stowell, Ryan M. Graham, as well as myself and other paralegals/staff (hereinafter collectively "W M Law"), and who are all licensed to practice law before the before the United Stated Bankruptcy Court for the Western District of Missouri.

2.      This Affidavit is submitted in connection with W M Law's foregoing Application for Employment as Counsel on behalf of the above-captioned Debtor and Debtor-in-Possession, Damon K. Jones, an individual person. (the "Debtor").

3.      In preparing this Affidavit, I have reviewed and examined the Debtor's client records, business records, financial affairs, and have made a personal inquiry of the Debtor.  To the best of my knowledge, I have determined that W M Law has no connection to the Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee (the "UST"), or any persons employed by the UST.  Nor do we represent Michael Cox, who paid the pre-petition retainer used to cover the filing fee and pre-petition fees.

4.      W M Law is not a creditor, an equity security holder or an insider of Debtor, and is not and was not a director, officer, or employee of the Debtor. W M Law does not have an interest materially adverse to the interest of the bankruptcy estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

5.      W M Law is a disinterested party as defined in 11 U.S.C. § 101(14).

1

6.      The Debtor has requested, and W M Law has agreed, to engage in the representation of the Debtor in this proceeding at hourly fees which commensurate their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who are anticipated to work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Errin Stowell | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses it incurs during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

7.      After conflicts checks reasonable for the industry, it has been determined that W M Law does not and will not represent any such entity in connection with this Chapter 11 Case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or the estate(s).

8.      In light of the foregoing, I believe that W M Law Firm does not hold or represent any interest materially adverse to the Debtor, the estate(s), creditors, or equity interest holders, as identified to W M Law, with respect to the matters in which W M Law will be engaged.

9.      Except as set forth herein, no promises have been received by W M Law or any partner, associate, or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Kansas, and orders of this Court.

10.      W M Law further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, except as permitted by 11 U.S.C. § 504(b) and F.R.B.P. Rule 2016.

11.      The foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b).

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

2

Label Matrix for local noticing
0866-4
Case 22-41154-can11
Western District of Missouri
Kansas City
Mon Oct 10 11:49:33 CDT 2022

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

U.S. Trustee
Room 3440
400 East 9th Street
Kansas City, MO 64106-2625

Apple Card - GS Bank USA
LOCKBOX 6112
POB 7247
Philadelphia PA 19170-0001

BARCLAYS BANK DELAWARE
PO Box 8803
Wilmington DE 19899-8803

Barclays Bank Delaware
125 S. West St.
Wilmington DE 19801-5014

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Internal Revenue Service
Centralized Insolvency Ops
Post Office Box 7346
Philadelphia PA 19101-7346

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Jackson County Collector
415 East 12th Street
Kansas City MO 64106-2706

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Michael Cox
12915 E. 58th St.
Kansas City MO 64133-3624

Missouri Department of Revenue
PO Box 475
Jefferson City MO 65105-0475

(p)NEBRASKA FURNITURE MART
ATTN LEGAL DEPT
PO BOX 3000
OMAHA NE 68103-3030

Nebraska Furniture Mart
PO BOX 3000
Omaha, NE 68103-3030

North American Savings Bank
12520 S. 71 Highway
Grandview MO 64030-1734

SYNCB/Amazon PLCC
PO Bos 965015
Orlando FL 32896-5015

Syncb/Amazon PLCC
4125 Windward Plaza
Alpharetta GA 30005-8738

Syncb/PPC
PO BOx 965005
Orlando FL 32896-5005

TD BANK USA/TARGET CREDIT
7000 TARGET PARKWAY N
MAIL STOP NCD-0450
Brooklyn Park MN 55445-4301

TD Bank USA/Target
3701 Wayzata Blvd
Minneapolis MN 55416-3440

The Glen Lake Homes Association, Inc.
c/o Jonathon S Zerr, Registered Agent
3304 NE Ralph Powell Rd.
Lees Summit MO 64064-2368

Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
PO Box 130000
Raleigh NC 27605-1000

Wells Fargo Dealer Services
PO Box 1697
Credit Bureau Disputes
Winterville NC 28590-1697

Damon Kyle Jones
12915 E. 58th St.
Kansas City, MO 64133-3624

Ryan A. Blay
Wm Law
15095 W 116th St.
Olathe, KS 66062-1098

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
PO Box 15316
Wilmington DE 19850-5316

JPMCB Card Services
301 N Walnut St, Floor 09
Wilmington DE 19801-3935

MOHELA
633 Spirit Drive
Chesterfield MO 63005-0000

NEBRASKA FURNITURE MART
PO BOX 3456
Omaha NE 68103-0456

(d)Nebraska Furniture Mart
700 South 72nd St.
Omaha NE 68114-4697

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    25
Bypassed recipients     1
Total                  26