

# EXHIBIT W

Math Error Audit

## WM Law Billing Math Error Audit

### Victory Cleaning Systems, Inc., Case No. 24-40010-can11

**Verified Line-by-Line Against Original PDFs, February 14, 2026**

**Source Documents Audited:** 1. `RAB RAB Vitory Systems PREFILING Fees bill 2024-1-10.pdf` (Bill #1, Jan 10, 2024) 2. `RAB RAB Victory Systems POSTFILING Fees bill 2024-2-29.pdf` (Bill #2, Mar 4, 2024) 3. `RAB RAB Victory Systems POSTFILING Fees bill 2024-3-31.pdf` (Bill #3, Jun 3, 2024) 4. `RAB RAB Victory Systems POSTFILING Fees bill 2025-12-1.pdf` (Bill #4, Dec 2, 2025)

**Methodology:** Every line item (81 entries across 4 bills) was checked for hours × rate = billed amount. All summary tables were verified for internal consistency. All findings were confirmed against the original PDF documents.

---

### A. LINE-ITEM MULTIPLICATION ERRORS (hours × rate ≠ billed amount)

**Error #1, 2/21/2024, DS, App to Employ, $20 OVERCHARGE**

| Field | Bill Shows | Correct |
|---|---|---|
| Rate | $125 | $125 |
| Hours | 0.4 | 0.4 |
| Billed | **$70** | **$50** |
| Calculation | 0.4 × $125 = $50 | $50 |

- The billed amount of $70 equals 0.4 × $175, not 0.4 × $125
- They calculated at the higher paralegal rate ($175) but wrote the lower bill footer rate ($125) on the line item. The engagement letter rate is $150, none of the three figures match
- This entry appears identically on Bills #2, #3, and #4, never caught, never corrected
- **Overcharge: $20**
- **PDF location:** Bill #4, page 4; Bill #2, page 4; Bill #3, page 4

**Error #2, 4/11/2024, DS, Plan/Ballots/Notice, $125 UNDERCHARGE (sloppy)**

| Field | Bill Shows | If Hours Correct | If Amount Correct |
|---|---|---|---|
| Rate | $125 | $125 | $125 |
| Hours | 1.8 | 1.8 | 0.8 |
| Billed | **$100** | **$225** | **$100** |

- 1.8 × $125 = $225, not $100
- Most likely the hours should be 0.8, not 1.8, since 0.8 × $125 = $100
- Either the hours or the amount is wrong; both cannot be correct
- This entry benefits Dan (undercharge), but is evidence of unreliable billing
- **Undercharge: $125 (or hours misstatement of 1.0 hr)**
- **PDF location:** Bill #4, page 5; Bill #3, page 5

**Error #3, 6/11/2024, RAB, Confirmation Order, $378 UNDERCHARGE (known)**

| Field | Bill Shows | Correct |
|---|---|---|
| Rate | $350 | $350 |
| Hours | 1.2 | 1.2 |
| Billed | **$42** | **$420** |

- 1.2 × $350 = $420, not $42
- Missing a zero, the most important document in the case (the plan confirmation order) billed at an effective rate of $35/hr
- **Undercharge: $378**

- **PDF location:** Bill #4, page 6; Bill #3, page 6

**All Other Line Items (78 of 81)**

All remaining 78 entries across all 4 bills verified: hours × rate = billed amount. No additional multiplication errors found.

## B. SUMMARY-LEVEL ERRORS (provable from the face of the bills)

### Error #4, February Fee Total: $2,669 Stated vs. $2,660 Actual, $9 Phantom Charge

All four bills state February 2024 attorney fees = **$2,669**. The individual line items for February sum to **$2,660**.

**This is provable from the bill itself without adding line items:** - Bill states: Fees = $2,669, Expenses = $43.18, Total = $2,703.18 - But: $2,669 + $43.18 = **$2,712.18** ≠ $2,703.18 - The total of $2,703.18 only works with fees of $2,660: $2,660 + $43.18 = **$2,703.18** ✓ - The bill contradicts itself on its own face, the fee subtotal ($2,669) is inconsistent with the monthly total ($2,703.18)

**PDF location:** All 4 bills, Account Summary section. The clearest example is Bill #4, page 1: "A Fees of $2,669 & Expenses of $43.18 → $2,703.18"

**Impact:** $9 overcharge in the fee subtotal. Carried across all 4 bills, never caught, never corrected.

### Error #5, Bill #3 Fees Total Omits May ($1,557.50 Missing)

Bill #3 (June 3, 2024) Account Summary "Totals" row:

| Column | Stated Total | Correct Total | Error |
|---|---|---|---|
| Attorney Fees | $11,026.50 | $12,584.00 | -$1,557.50 |
| Expenses | $190.90 | $190.90 | None |

Verification: - $2,275 + $2,669 + $1,470 + $4,612.50 = **$11,026.50** (Jan through April only) - $2,275 + $2,669 + $1,470 + $4,612.50 + $1,557.50 = **$12,584.00** (all 5 months) - May's $1,557.50 was dropped from the fees total - The expenses total ($190.90) correctly includes all 5 months: $12.12 + $43.18 + $0 + $135.60 + $0 = $190.90

**PDF location:** Bill #3, page 2, summary table "Totals" row.

**Impact:** The fees total on Bill #3 is wrong by $1,557.50. They forgot to add the last row.

### Error #6, Bill #3 "Total Balance" Column Internally Inconsistent

Bill #3 Account Summary "Total Balance" column total: **$11,208.40**

This figure: - Does NOT = stated fees ($11,026.50) + stated expenses ($190.90) = $11,217.40 - DOES = ($2,275 + **$2,660** + $1,470 + $4,612.50) + $190.90 = $11,208.40

This means: - The "Total Balance" total used the **correct** February fees ($2,660), not the stated $2,669 - But it ALSO omitted May fees, same as Error #5 - The fees column and the Total Balance column used **different** February figures ($2,669 vs $2,660), creating an internal inconsistency within the same table

**PDF location:** Bill #3, page 2, summary table.

**Impact:** Two columns in the same table don't reconcile with each other. Further confirms February fees are $2,660 (not $2,669) since the mathematically consistent total uses that figure.

## C. RATE DISCREPANCIES (confirmed from PDFs and engagement letter)

### Error #7, Attorney Rate: Bill Footer $300/hr vs. Engagement Letter and Billing $350/hr

The engagement letter (RyanBlayEngagementLetter.pdf, dated 09/12/2023) states the attorney rate as **$350/hr**. Every RAB line item across all 4 bills is billed at $350/hr. The billing matches the engagement letter.

However, the bill footers on Bills #1-3 state a different rate:

| Bill | Date | Footer States | Engagement Letter | Actual RAB Rate |
|---|---|---|---|---|
| #1 | 1/10/24 | **$300.00**/hr | $350/hr | $350/hr |
| #2 | 3/4/24 | **$300.00**/hr | $350/hr | $350/hr |
| #3 | 6/3/24 | **$300.00**/hr | $350/hr | $350/hr |
| #4 | 12/2/25 | $350.00/hr | $350/hr | $350/hr |

- Bills #1, #2, and #3 each state in the "Hourly-Billing Terms & Notes" footer: "$300.00 per hour for all work performed on your case by an Attorney"
- The $300 footer figure does not match the engagement letter ($350) or any billing entry, it is a bill template anomaly

- Bill #4 corrected the footer to $350.00, which matches the engagement letter
- Total RAB hours from line items: **49.7 hours**
- **Attorney rate overcharge: $0** (billing at $350 matches the engagement letter rate of $350)
- The $300 bill footer anomaly is evidence of sloppy billing practices but is not itself an overcharge
- **Cross-case selective pricing remains significant:** Dan was charged $350/hr while every other WM Law client in 2024 was charged $300/hr (see `RATE_OVERCHARGE_ANALYSIS.md`). This bears on the reasonableness of compensation under Section 329(a), even though the engagement letter authorized $350

### Error #8, Paralegal Rate: Engagement Letter $150/hr, Bill Footer $125/hr, Billed $175/hr

Three different paralegal rates appear across the records:

- **Engagement letter** (09/12/2023): $150/hr
- **Bills #1-3 footer:** $125/hr
- **Billing entries:** $175/hr (on entries that show rate explicitly)
- **Bill #4 footer:** $175/hr

The engagement letter rate of $150/hr is the contractual benchmark. The $125 footer is a template anomaly (understates the contract). The $175 billed rate exceeds the engagement letter by $25/hr.

DS/AB entries billed at $175 (vs. engagement letter $150):

| Date | Staff | Hours | Billed | At Engagement $150 | Overcharge |
|------|-------|-------|--------|--------------------|------------|
| 1/5/24 | DS | 0.8 | $140 | $120 | $20 |
| 1/11/24 | DS | 0.4 | $70 | $60 | $10 |
| 2/7/24 | DS | 0.4 | $70 | $60 | $10 |
| 2/21/24 | DS (COS) | 0.2 | $35 | $30 | $5 |
| 5/31/24 | AB | 0.3 | $52.50 | $45 | $7.50 |
| **Total** | | **2.1** | **$367.50** | **$315** | **$52.50** |

Plus the Error #1 multiplication error (2/21/24 DS App to Employ: billed $70 at stated $125 rate, where $70 = 0.4 × $175; overcharge vs. engagement letter $150: 0.4 × $25 = $10).

The engagement letter (09/12/2023) also states: **"There will be no charge for work done by paralegals that is in the nature of routine secretarial work."** Five of the paralegal entries above describe textbook routine secretarial work, filing, serving, formatting, and mailing, that should have been billed at $0 per the engagement letter. These 5 entries total **2.0 hours / $335 billed** that should not have been charged at all. The overcharge is the full $335 billed amount, not merely the $25/hr rate differential above the $150 engagement letter rate. The remaining paralegal hours were billed at $125, which is below the engagement letter rate.

Bill #4 changed the footer to $175, which still exceeds the engagement letter's $150.

### Error #9, Bill #4 Template Correction (Partial)

Bill #4 (December 2, 2025) changes the footer terms from $300/$125 to $350/$175: - The attorney rate change ($300 to $350) is a **correction**, the $350 now matches the engagement letter - The paralegal rate change ($125 to $175) **still exceeds** the engagement letter's $150 by $25/hr - No notification or amended engagement letter accompanied the footer change - Bills #1-3 (the contemporaneous records) all stated $300/$125, neither of which matched the engagement letter - The change is a partial template correction: the attorney rate was fixed, but the paralegal rate was changed to a figure ($175) that is not in the engagement letter either

---

## D. PAYMENT/LEDGER ERRORS (previously documented, included for completeness)

### Error #10, 13 of 16 ACH Payments Not Logged

- 16 bank-verified ACH payments of $500/month were made ($8,000 total). See `WM_LAW_ACH_PAYMENT_AUDIT.md`.
- Only 3 appear on the Bill #4 ledger: 9/2/24, 10/31/25, 12/1/25
- 13 payments ($6,500) are missing
- Creates a false "Current Balance" of $6,557.90. Corrected for 13 missing payments ($6,500): ~$57.90. At WM Law's self-calculated billing total ($18,080.90) minus bank-verified total paid ($19,738): **-$1,657.10 (Debtor overpaid)**
- Pilar Perez-Wagoner acknowledged the missing payments in her 12/12/25 email
- Bank CSV records across UMB (26 months), FNBO (2 months), and Venmo (36 months) confirm 16 payments/$8,000.

---

## B-2. ADDITIONAL SUMMARY-LEVEL ERRORS (discovered during cross-bill validation)

### Error #12, Bill #2 TOTAL BALANCE Totals Row Drops February ($2,703.18 Missing)

Bill #2 (March 4, 2024) Account Summary "Totals" row:

| Column | Stated Total | Correct Total | Error |
|---|---|---|---|
| Attorney Fees | $4,944.00 | $4,944.00 | None |
| Expenses | $55.30 | $55.30 | None |
| TOTAL BALANCE | **$2,287.12** | **$4,990.30** | **-$2,703.18** |
| Trust Balance | $3,119.70 | $3,119.70 | None |

The TOTAL BALANCE Totals shows January only ($2,287.12), dropping February's $2,703.18. Correct total: $2,287.12 + $2,703.18 = $4,990.30.

This is the same pattern as Error #5 (Bill #3 dropping May). Both Bill #2 and Bill #3 have Totals rows that systematically drop the most recent month from summation.

**PDF location:** Bill #2, page 2, summary table "Totals" row.

### Error #13, Bill #2 Current Balance Excludes February ($2,703.18 Error)

Bill #2 Current Balance: **($5,822.88)**

| Calculation | Formula | Result |
|---|---|---|
| As stated | $8,110 – $2,287.12 (Jan only) | $5,822.88 |
| Correct | $8,110 – $4,990.30 (Jan + Feb) | $3,119.70 |

The Current Balance omits February's $2,703.18, consistent with the TOTAL BALANCE error above. This creates a $2,703.18 overstatement of remaining trust.

The Trust Balance Totals column on the same page shows $3,119.70 (correct), contradicting the Current Balance of ($5,822.88). Two figures on the same page of the same bill give different answers to "how much trust remains."

**PDF location:** Bill #2, page 2.

### Error #14, Systematic "Drop Last Month" Pattern Across Multiple Bills

The pattern of dropping the most recent month from summary calculations appears on both bills that have summary tables:

| Bill | Column(s) Affected | Month Dropped | Amount |
|---|---|---|---|
| Bill #2 | TOTAL BALANCE Totals | February | $2,703.18 |
| Bill #2 | Current Balance | February | $2,703.18 |
| Bill #3 | Attorney Fees Totals | May | $1,557.50 |
| Bill #3 | TOTAL BALANCE Totals | May | $1,557.50 |

Bill #4 uses a different format (list rather than grid) so the template error cannot manifest there. But every summary table produced by WM Law's billing system dropped its most recent month from at least one column total.

This is not a one-time error. It is a systematic defect in the billing template that was never identified or corrected.

**PDF location:** Bill #2, page 2; Bill #3, page 2.

---

### Error #11, ACH Payment Date Discrepancy: Account Summary vs. Line Items

Bill #4 Account Summary (page 1) records the first ACH payment as:

> *"9/2/24, ACH payment, -$500"*

Bill #4 line items (page 6) record the same payment as:

> *"9/3/25, PW, PAYMENT, ACH payment, Thank you, -$500"*

- The dates differ by one year and one day: September 2, 2024 vs. September 3, 2025
- Only one ACH payment appears on both the summary and line items; if they refer to different payments, then only 2 (not 3) are accounted for on the ledger
- More likely they refer to the same payment with an incorrect date in one location
- Either way, the billing records cannot be relied upon for payment tracking

**PDF location:** Bill #4, page 1 (Account Summary) vs. page 6 (line items).

## E. CONSOLIDATED ERROR TABLE

| # | Date | Entry | Error | Amount | Direction | New? |
|---|------|-------|-------|--------|-----------|------|
| 1 | 2/21/24 | DS App to Employ (0.4 × $125 ≠ $70) | Multiplication | $20 | Overcharge | **NEW** |
| 2 | 4/11/24 | DS Plan/Ballots (1.8 × $125 ≠ $100) | Multiplication | $125 | Undercharge | Known |
| 3 | 6/11/24 | RAB Confirmation order (1.2 × $350 ≠ $42) | Multiplication | $378 | Undercharge | Known |
| 4 | 2/29/24 | Feb fee total ($2,669 stated, $2,660 actual) | Addition | $9 | Overcharge | **ENHANCED** |
| 5 | 6/3/24 | Bill #3 fees total omits May | Omission | $1,557.50 | Summary error | **NEW** |
| 6 | 6/3/24 | Bill #3 Total Balance internally inconsistent | Inconsistency | , | Summary error | **NEW** |
| 7 | All bills | Bill footer $300 vs engagement letter $350 (template anomaly) | Bill footer anomaly | $0 | No overcharge | **REVISED** |
| 8 | Various | DS/AB routine secretarial work billed at $175 (2.0 hrs); engagement letter says no charge | Rate / Contract violation | ~$335 | Overcharge | **REVISED** |
| 9 | 12/2/25 | Bill #4 footer corrected to $350/$175 (partial fix) | Template correction | , | Partial correction | **REVISED** |
| 10 | 12/2/25 | 13/16 ACH payments unlogged ($6,500) | Omission | $6,500 | Phantom balance | Known |
| 11 | 12/2/25 | ACH date: 9/2/24 (summary) vs 9/3/25 (line item) | Date error | , | Unreliable records | **NEW** |
| 12 | 3/4/24 | Bill #2 TOTAL BALANCE Totals drops Feb ($2,287.12 vs $4,990.30) | Omission | $2,703.18 | Summary error | **NEW** |
| 13 | 3/4/24 | Bill #2 Current Balance drops Feb (($5,822.88) vs ($3,119.70)) | Omission | $2,703.18 | Summary error | **NEW** |
| 14 | Multiple | Systematic "drop last month" pattern: Bill #2 + Bill #3 | Template defect | , | Pattern evidence | **NEW** |

## F. SIGNIFICANCE FOR 329(b) MOTION

### 1. Error #4 is now a standalone exhibit

The February fee discrepancy no longer requires adding 17 line items. The bill contradicts itself on its face: - Stated fees: $2,669 - Stated expenses: $43.18 - Stated total: $2,703.18 - $2,669 + $43.18 = $2,712.18 ≠ $2,703.18
The Court can verify this with one addition. The implied correct fee is $2,703.18 − $43.18 = $2,660.

### 2. Error #1 reinforces the paralegal rate pattern

The 2/21/24 DS multiplication error ($70 billed on a $125 rate, where $70 = 0.4 × $175) shows the same behavior as the paralegal rate discrepancy: computing at $175 while the footer states $125. The engagement letter says $150. None of these three figures agree with each other. This is not a one-time mistake, it is a pattern of billing incoherence around the paralegal rate.

### 3. Errors #5, #6, #12, #13, and #14 go to billing credibility

When a law firm's own accounting cannot correctly sum a 5-row column, and when two columns in the same summary table use different figures for the same month, the court has less reason to trust any number the firm puts forward. The pattern is now confirmed across multiple bills: Bill #2 drops February from both its TOTAL BALANCE total and Current Balance; Bill #3 drops May from both its fees total and TOTAL BALANCE total. Every summary table WM Law produced has at least one column that drops the most recent month. These are not overcharges, they are competence exhibits showing a systematic template defect that was never identified or corrected.

### 4. The undercharges (#2 and #3) don't help WM Law

Accidentally undercharging on two entries does not demonstrate good faith. It demonstrates that the billing was done carelessly throughout. The undercharges ($503) exceed the quantifiable overcharges ($364), but the pattern of billing incoherence, three different paralegal rates across three sources, bill footers that match neither the engagement letter nor the billing entries, and summary tables that cannot correctly sum their own columns, is the point.

### 5. Cumulative overcharge calculation

| Source | Amount |
|--------|--------|
| RAB rate overcharge (engagement letter = $350, billed = $350) | $0 |

| Source | Amount |
|---|---|
| DS/AB routine secretarial work (2.0 hrs filing/serving/formatting/mailing billed at $175; engagement letter: no charge) | ~$335 |
| 2/21/24 DS multiplication error | $20 |
| February $9 phantom charge | $9 |
| **Total quantifiable overcharges** | ~$364 |

Net of undercharges ($125 + $378 = $503): **~$139 net undercharge**.

The cross-case selective pricing ($350 for Dan vs. $300 for every other 2024 client), combined with the $335 paralegal secretarial-work overcharge violating the engagement letter's no-charge clause and the billing irregularities documented above, bear on the reasonableness of compensation under Section 329(a). The bill footer anomaly ($300 attorney / $125 paralegal, matching no engagement document) and the cross-case rate evidence remain significant as 329(a) reasonableness exhibits, even though the attorney rate billed ($350) matches the engagement letter.

## G. CROSS-VALIDATION SUMMARY (completed 2/14/26)

All 81 line items verified (hours × rate = billed amount). All 10 monthly fee subtotals verified against line-item sums:

| Month | Line Items | Stated | Status |
|---|---|---|---|
| Jan 2024 | $2,275 | $2,275 | ✓ |
| Feb 2024 | $2,660 | $2,669 | X ($9 phantom, Error #4) |
| Mar 2024 | $1,470 | $1,470 | ✓ |
| Apr 2024 | $4,612.50 | $4,612.50 | ✓ |
| May 2024 | $1,557.50 | $1,557.50 | ✓ |
| Jun 2024 | $1,337 | $1,337 | ✓ (includes Error #3 undercharge) |
| Jul 2024 | $350 | $350 | ✓ |
| Sep 2024 | $700 | $700 | ✓ |
| Sep 2025 | $315 | $315 | ✓ |
| Nov 2025 | $700 | $700 | ✓ |

All expense subtotals verified: Jan $12.12 ✓, Feb $43.18 ✓, Mar $0 ✓, Apr $135.60 ✓, May $0 ✓.

Summary table Totals rows on Bills #2 and #3 both drop the most recent month (Errors #5, #6, #12, #13, #14). Bill #4 Current Balance is internally consistent with its 3 logged ACH payments (but 11 payments are missing, Error #10).

**February is the only monthly fee subtotal with a phantom charge.** All other months' stated totals correctly sum their line items.

## H. NOTES

- RAB total hours from line items: 49.7 hours. Our prior analysis stated 50.5 hours (difference of 0.8 hrs, likely from an hour-counting error in the January subtotal of our billing analysis file). The overcharge calculation uses the PDF-verified 49.7 figure.
- The pre-filing bill (Bill #1) summary states pre-filing fees = $1,890. Line items: RAB 5.0 hrs ($1,750) + DS 0.8 hrs ($140) = $1,890. ✓
- All 4 bills were compared. Line items are identical across overlapping bills (Bills #2, #3, and #4 each reproduce earlier months). The errors are consistent, they were never caught or corrected.
- Bill #2 and Bill #3 both have summary tables with "Totals" rows. Both drop the most recent month from at least one column. Bill #4 uses a list format without a Totals row, so the template defect cannot manifest there. Bill #1 is a pre-filing bill with a different structure.
- Doc 66 billing ($525, 12/17/2025) is NOT on any of these 4 bills because Bill #4 was dated 12/2/2025. This is additional unbilled/unledgered work above the court-approved $18,080.90.
- Bill #4 footer corrected the retainer from "$0.00" to "$11,738.00" (legitimate correction) while simultaneously changing rates from $300/$125 to $350/$175 (partial template correction, Error #9). The attorney rate change to $350 matches the engagement letter; the paralegal rate change to $175 still exceeds the engagement letter's $150. All three footer fields were changed from Bills #1-3.
- The 9/10/2025 Sara Bass call entry on Bill #4 (page 7) contains detailed vehicle notes: CIT has UCC on grinder/adapter, Chevy title "ending in 0283," Ford "ending in 5418," but "nothing on the GMC Box Truck." Sara Bass told Ryan that Dan "was given title in 2019 to

take to the DMV to add First Citizens/CIT as a lienholder, they didn't receive it so they don't have title." This is the first CIT vehicle contact, 20 months post-filing.