# Z

# EXHIBIT Z

Attorney-Client Correspondence (Z1-Z10)

 Outlook

---

**Re: WM Law - Chapter 11 information**

**From** Ryan Blay <blay@wagonergroup.com>
**Date** Thu 2023-12-28 4:21 PM
**To**   Dan Brown <[REDACTED]        >

Dan - I wasn't looking to rush - our goal was to deposit the funds knowing that you held a large check sufficient to clear them.  We don't benefit from a bounced check and we don't benefit from your operations stopping.  Our goal was simply to put you in a position to file once funds posted and you okayed it.

I understand the difference between a balance and available funds, but the snippet you sent me still doesn't show $11,000 or so that creates the discrepancy.  That's why I was hoping you would be able to speak with the bank.  What, if anything, did they say? And why would your check to us clear days earlier than the check you had with you last week?  If your large check clears, that seems like it would solve the issue.  I'm not looking to jeopardize your company or lose you as a client.

On Thu, Dec 28, 2023 at 2:53 PM Dan Brown <[REDACTED]        > wrote:
> I need a response from you on how you plan to rectify this.   Inaction will lose me as a client.

At this point, all I can hope for is that they actually do bounce your check so that I can pay my staff and incidentals tomorrow.  Your blatant disregard for the plan I laid out has put me in this current situation.  You're on vacation, that's fine.  Because of your actions, you have made it so that I'm penniless and at the mercy of the bank completing the processing of deposited funds.

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]     | [REDACTED]        | [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Thursday, December 28, 2023 8:52 AM
**To:** Dan Brown <[REDACTED]        >
**Subject:** Re: WM Law - Chapter 11 information

Dan - I'm alarmed about your increasingly hostile e-mails yesterday.  I'm out of the office on vacation until Tuesday and am not going to be in.  I looked over what you sent and I'm confused because it looks like from the UMB statement that the $11,738 is pending, leaving about $11,000 in your account.  Based on the timing with the holidays, it looks like your directions were followed and your funds will be good.  We'll probably know more later this week and we'll have to have a discussion *if* the check were to bounce, but with the information you've given me, I don't understand how it would.  I did the math on my calculator, and the subtraction of your other

pending paynments with Podium, Uber eats and enterprise would leave $22,563.

Our funds for Chapter 11 cases go directly to trust.  Our lead attorney, Jeff Wagoner, is also out of the office and will return next week and he and ONLY he has authority to issue checks (including refunds).  Once again, though, this looks like a valid check with sufficient funds unless I'm missing something in your account.  Please check with UMB today.

We've continually acted in your best interests  I have it in your e-mails in writing multiple times how anxious you were to get this case prepared.  We've prepared it and were waiting for funds to clear out of your account to file with the notion of filing your case in the middle of next week with about $10-11k in cash in the account.  That still seems to be the case.

We've had checks issued to us bounce before, but never because of timing on our end, so I'd like to make sure if we did something wrong that we address it.

On Wed, Dec 27, 2023 at 7:22 PM Dan Brown  <[REDACTED]         > wrote:
> Be prepared to write me a check in the morning.  This ridiculous action has eradicated my trust in you.   Not only did I tell you how this needed to happen, it was also in writing.


Dan Brown
Victory Cleaning Systems
[REDACTED]
[REDACTED]
[REDACTED]


> On Dec 27, 2023, at 6:10 PM, Dan Brown  <[REDACTED]         > wrote:


> Furthermore, you have completely swept the rest of the funds out from under my feet that I had to operate on while waiting for this check to clear.  Here is the situation you have put me in.
> <image0.png>

Dan Brown
Victory Cleaning Systems
[REDACTED]
[REDACTED]
[REDACTED]


> On Dec 20, 2023, at 11:17 AM, Dan Brown  <[REDACTED]         > wrote:


> Ill write the check and you can deposit once funds are cleared.   The project
> I booked is close to 60k and takes care of many issues.  Still plan to meet at

10?

Creditors are now starting to call multiple times a day.  I would prefer to file immediately at the start of the year (if waiting until then)  I have a bit of a worry about CIT and the vehicles that are wrapped up in the loan/lease. Surely, they wouldn't try to come and repo something inside of the next 2 weeks.

Thanks,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |  [REDACTED]        |  [REDACTED]

[REDACTED]    St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Wednesday, December 20, 2023 11:11 AM
**To:** Dan Brown <[REDACTED]        >
**Subject:** Re: WM Law - Chapter 11 information

We can take the check and file in the new year

On Wed, Dec 20, 2023, 11:08 AM Dan Brown <[REDACTED]              > wrote:

> Confirmed on that 10am.  Could you give me a quick call?  Its about payment.  Basically, I booked a large project that clears the 12k, that I should receive today or tomorrow.  Victory will be able to write a check on Friday, but our new bank account is taking 2-5 days to process deposited checks.
> [REDACTED]


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |  [REDACTED]        |  [REDACTED]

[REDACTED]    St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Monday, December 18, 2023 11:27 AM
**To:** Dan Brown <[REDACTED]        >
**Subject:** Re: WM Law - Chapter 11 information

Let's say 10 am?

On Mon, Dec 18, 2023 at 11:25 AM Dan Brown <[REDACTED]                    >
wrote:

As early as you want.  Im flexible that day too.

Thanks,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      |   [REDACTED]              |   [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Monday, December 18, 2023 11:23 AM
**To:** Dan Brown <[REDACTED]           >
**Subject:** Re: WM Law - Chapter 11 information

yes that's fine. we can update. what time would you prefer on Friday?

On Mon, Dec 18, 2023 at 11:09 AM Dan Brown
<[REDACTED]              > wrote:

Yes, I feel comfortable with that.  Should I get  amounts owed across
all accounts updated from our previous meeting?


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      |   [REDACTED]              |   [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Monday, December 18, 2023 11:07 AM
**To:** Dan Brown <[REDACTED]              >
**Subject:** Re: WM Law - Chapter 11 information

Sure, how does Friday look for you?

On Mon, Dec 18, 2023 at 10:21 AM Dan Brown
<[REDACTED]              > wrote:

I do believe I will have the funds this week to roll on this, if you
were to be available.

Thanks,

**Dan Brown**
President, Victory Cleaning Systems Inc.

[REDACTED]    |    [REDACTED]    |    [REDACTED]

[REDACTED]    St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Monday, December 11, 2023 9:17 AM
**To:** Dan Brown <[REDACTED]       >
**Subject:** Re: WM Law - Chapter 11 information

I'll be out of the office all of Christmas week so you can see at the end of this week how things look. If it's slow, we may suggest waiting until early January to file

On Mon, Dec 11, 2023, 8:54 AM Dan Brown
<[REDACTED]          > wrote:

Im sorry, Its a toss up on whether I will have all of this 12k or not by the end of the week from Victory.  I believe that we will have it by the end of the week, however even new deposits into the new account are taking longer times than im used to for them to post.  I don't want to write a check that would have any chance to bounce.  Ive squared away insurance, and am currently trying to get our payroll liabilities calculated, as well as all information has been forwarded to the accountant.

Id rather feel 100% confident when I had over the money.  The 15th feels too fast.

**Dan Brown**
President, Victory Cleaning Systems Inc.

[REDACTED]    |    [REDACTED]    |    [REDACTED]

[REDACTED]    St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Tuesday, December 5, 2023 10:40 AM
**To:** Dan Brown <[REDACTED]       >
**Subject:** Re: WM Law - Chapter 11 information

I'm free before 2 that day.

On Mon, Dec 4, 2023 at 5:31 PM Dan Brown
<[REDACTED]          > wrote:

Yes, let's do it.

Thanks

I had built up in my head.  After lots of discussion tonight with the wife, I think its best to push the filling date until as close to the end of December as possible....as I want to be able to generate the 12k through Victory rather than relying on basically my wifes funds to do so.  This will also hopefully get more time to have the returns etc closer to being squared away.  I want to get your thoughts on that.  Ive setup a new meeting with Nancy for Friday morning to get the ch13/ch7 thing more nailed down.

Sent from my iPad

> On Nov 20, 2023, at 10:45 AM, Ryan Blay <blay@wagonergroup.com> wrote:
>
> So if Victory files a Chapter 11, it normally needs to put money into special "Debtor in possession" bank accounts for tracking after filing. So you could wait and do that (and just hold off on the new account) or start a new account and ask for the US Trustee to let you keep the new account.  I agree that it's time to move on from your current bank.

 Outlook

---

**Update**

---

From Dan Brown <[REDACTED]          >
Date Tue 2024-01-02 10:27 AM
To    Ryan Blay <blay@wagonergroup.com>

📎 3 attachments (1 MB)
Depositrecords.pdf; image0.png; image1.png;

Attached are the deposit records they send on things they hold.   7 business days will technically be tomorrow.  My account is still overdrawn while waiting on these to clear.

I really don't want to go into how difficult or demoralizing you made things go for me since last Wednesday.  Basically, you ignored my description of how things were supposed to happen, and none of the reasons why you would do so make you look good.   I should just have not written the check that day.

The timing is too short now, and this needs to continue to move forward.   I will update the numbers for amounts owed in the petition and have sent back here by the afternoon.  Hopefully this is all cleared tomorrow morning.  I don't see them bouncing the check.

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      | [REDACTED]          | [REDACTED]

[REDACTED]      St Kansas City MO 64114

 Outlook

---

**Updated form 204**

---

**From** Dan Brown <[REDACTED]           >
**Date** Wed 2024-01-03 3:16 PM
**To**    Ryan Blay <blay@wagonergroup.com>

📎 2 attachments (3 MB)
Form204.pdf; ChannelPartnersLoanDoc.pdf;

Ryan,

Please see attached for the updated numbers/info (as of today) for amounts owed listed on Form 204.
Im also attaching the original loan docs for the Channel Partners loan.

Will you need me at all on Friday?

I did get a letter from UMB saying that your check will be processed/paid, although the account is still
showing as negative today.  Surely, we will be positive again as of tomorrow.

Thanks,

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      | [REDACTED]          | [REDACTED]

[REDACTED]      St Kansas City MO 64114

 Outlook

---

### Re: Clarification on Procedural Oversight, Experience, and Ongoing Stay Issues

---

**From** Ryan Blay <blay@wagonergroup.com>

**Date** Wed 2026-01-14 8:01 AM

**To** Dan Brown <[REDACTED]          >

**Cc** Jeffrey Wagoner <jeffwagoner@wagonergroup.com>; Rosana Tovalin <rosana@wagonergroup.com>

Noted.  Motion was re-served, with attached e-mail, including to KDOR and MODOR.

Happy to seek a resolution on the Isuzu and get clarification from the court about the stay.  Just know that even if we are successful, the delinquent payments could lead Ally to file a motion for relief from stay.

Ryan

On Mon, Jan 12, 2026 at 8:05 AM Dan Brown <[REDACTED]          > wrote:

Ryan and Jeff,

I want to follow up on a few points raised in recent emails so expectations are clear as we move forward.

First, when I referenced the need for an "internal support structure," I was referring to basic procedural oversight, specifically the use of paralegals or other internal review processes to ensure compliance with notice, service, exhibits, and filing requirements. Those support mechanisms were clearly in place earlier in the case in 2024. Given the Court's recent order identifying multiple procedural deficiencies, I need to understand what internal review or fact-checking is now being applied to ensure those same issues are not repeated.

Second, Ryan, you stated that you have not previously handled lien determination and title issues in a Chapter 11 Subchapter V case. That disclosure naturally raises two follow-up questions that I believe are reasonable for a client to ask:

- Have you previously served as lead counsel on any Chapter 11 Subchapter V business cases before this one?

- Given the central role lien status plays in titling, plan feasibility, and compliance, why was lien determination not addressed earlier in this case rather than emerging nearly two years into administration?

These questions are not adversarial. They go directly to understanding how we arrived at the current posture and how similar procedural breakdowns will be avoided going forward. At this stage, my expectation is that filings are not only substantively correct, but also reviewed internally for procedural accuracy before submission to the Court.

Separately, I want to put something formally on the record.

Last week, a repossession agent again appeared at my property attempting to take the Isuzu. This is now the second time this has occurred during the pendency of the Chapter 11 case. As I did previously, I informed the agent that the automatic stay remains in effect, that no court order authorizing repossession exists, and that they were not permitted to be on my property. The agent did not present any court authorization and ultimately left.

Given that no motion for relief from stay has been filed and no order has been entered, these continued attempts are concerning and reinforce why timely resolution of the title and lien issues is critical. This is not a theoretical risk. These actions are actively disrupting operations and creating ongoing legal exposure.

With respect to the Isuzu, I have been transparent that my intent is to pay off the Ally balance, which is approximately $11,000. However, I have not yet been able to raise those funds. That does not change the fact that the automatic stay remains in effect and that no motion for relief from stay has been filed or granted.

Accordingly, any repossession attempts by Ally or its agents remain improper at this time and are not justified by the status of payoff discussions. These are separate matters, and continued repo activity only reinforces the urgency of resolving the pending title and lien issues through the Court. My good-faith intent to resolve the Ally obligation does not waive any rights under the automatic stay, nor does it affect the Court's ability to determine lien status and order appropriate relief on the vehicle title issues.

I am not asking to pursue sanctions at this time. I am documenting the occurrence and reiterating the need for prompt, procedurally correct resolution, so this situation does not continue. Please confirm that this will be taken into account as the pending motion proceeds.

I appreciate written confirmation on the above so we can proceed with clarity and avoid further delay or exposure.

Regards,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]     | [REDACTED]        | [REDACTED]

[REDACTED]      St Kansas City MO 64114


--

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com

 Outlook

---

**Re: Clarification on Ally/Stay issues**

---

**From** Ryan Blay <blay@wagonergroup.com>
**Date** Fri 2025-12-12 12:35 PM
**To**   Dan Brown <[REDACTED]          >
**Cc**   jeffwagoner@wagonergroup.com <jeffwagoner@wagonergroup.com>

📎 3 attachments (415 KB)
Evan Moscov response.pdf; email from Evan Moscov re automatic stay.pdf; Response to Evan Moscov e-mail.pdf;

Dan -

1. I've done some preliminary research on this.  The automatic stay generally applies until a case is closed, dismissed, or discharged.  Victory has not yet received its discharge because it has to pay its plan first.  The case was confirmed non-consensually so there is no instant discharge.  The case has not been dismissed (despite defaults on the Plan) and it appears the case has not been closed.  We learned this when we filed a motion to reopen to seek the motion for CIT.

Here is the language from the plan that discusses what the creditor remedies are in the event of a default:
6.8 Creditor Remedies in Event of Default under Plan
A default under this Plan is defined as a failure to pay two or more consecutive payments under this plan or failure to pay any single payment for 90 days or more from a due date. Any Creditor whose payment is in default may file a Notice of Default with this Court and provide written notice care of Debtor's counsel via e-mail or United States mail, first class. If such default is not cured within 30 days of the Notice of Default, the Creditor may elect to assert a restoration of security interests at contract amounts still owed, and the right of the Creditor to seek liquidation of nonexempt assets

So Ally filed a Notice of Default.  The question is what this means.  Does it mean that they can go and repossess without notice? I don't believe so, but it's ambigious.

2. I am 100% confident that there was no order of the bankruptcy court (or any other court that I'm aware of) authorizing repossession of the Isuzu.

3.  There were a few e-mails discussing the Isuzu which I am copying here (note, Evan never filed a motion to confirm absence of the stay or seek relief).

On Fri, Dec 12, 2025 at 6:56 AM Dan Brown <[REDACTED]          > wrote:

> Ryan and Jeff,

I still need written clarification on several outstanding questions that have already been raised, so that I can understand the current posture of the case.

Specifically, please confirm:

1. Whether the automatic stay remains in effect in this case;

2. Whether there is, or ever was, any court order authorizing repossession of the Isuzu; and

3. A copy of the email or correspondence sent on my behalf to Ally's counsel regarding the repossession issue.

For context, I have not yet paid Ally in full, which is why clarity on these points is important before I make further financial decisions.

Thank you,

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |  [REDACTED]        |  [REDACTED]

[REDACTED]        St Kansas City MO 64114

--
Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com

 Outlook

---

## Re: Clarification on Ally/Stay issues

---

**From** Ryan Blay <blay@wagonergroup.com>

**Date** Fri 2025-12-12 12:35 PM

**To** Dan Brown <[REDACTED]        >

**Cc** jeffwagoner@wagonergroup.com <jeffwagoner@wagonergroup.com>

📎 3 attachments (415 KB)

Evan Moscov response.pdf; email from Evan Moscov re automatic stay.pdf; Response to Evan Moscov e-mail.pdf;

Dan -
1.  I've done some preliminary research on this.  The automatic stay generally applies until a case is closed, dismissed, or discharged.  Victory has not yet received its discharge because it has to pay its plan first.  The case was confirmed non-consensually so there is no instant discharge.  The case has not been dismissed (despite defaults on the Plan) and it appears the case has not been closed.  We learned this when we filed a motion to reopen to seek the motion for CIT.

Here is the language from the plan that discusses what the creditor remedies are in the event of a default:
6.8 Creditor Remedies in Event of Default under Plan
A default under this Plan is defined as a failure to pay two or more consecutive payments under this plan or failure to pay any single payment for 90 days or more from a due date. Any Creditor whose payment is in default may file a Notice of Default with this Court and provide written notice care of Debtor's counsel via e-mail or United States mail, first class. If such default is not cured within 30 days of the Notice of Default, the Creditor may elect to assert a restoration of security interests at contract amounts still owed, and the right of the Creditor to seek liquidation of nonexempt assets

So Ally filed a Notice of Default.  The question is what this means.  Does it mean that they can go and repossess without notice? I don't believe so, but it's ambigious.

2. I am 100% confident that there was no order of the bankruptcy court (or any other court that I'm aware of) authorizing repossession of the Isuzu.

3.  There were a few e-mails discussing the Isuzu which I am copying here (note, Evan never filed a motion to confirm absence of the stay or seek relief).

On Fri, Dec 12, 2025 at 6:56 AM Dan Brown <[REDACTED]        > wrote:

> Ryan and Jeff,

I still need written clarification on several outstanding questions that have already been raised, so that I can understand the current posture of the case.

Specifically, please confirm:

1. Whether the automatic stay remains in effect in this case;

2. Whether there is, or ever was, any court order authorizing repossession of the Isuzu; and

3. A copy of the email or correspondence sent on my behalf to Ally's counsel regarding the repossession issue.

For context, I have not yet paid Ally in full, which is why clarity on these points is important before I make further financial decisions.

Thank you,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |   [REDACTED]          |   [REDACTED]

[REDACTED]       St Kansas City MO 64114


--

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com

 Outlook

---

**Re: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order**

---

**From** Dan Brown <[REDACTED]            >
**Date** Thu 2025-06-19 9:14 AM
**To**    Ryan Blay <blay@wagonergroup.com>

Thanks for the conversation yesterday, Im getting back to you for some clarity.

I do not believe there has been a discharge as he has stated.  Is that correct?

If there has not been a discharge, then the automatic stay is still in place.

If current lien holder for the F150, Chevy Express, and GMC is still CIT Bank/First Citizens, they are not giving the state of Kansas what is needed to transfer the titles to Missouri.  I have not been able to move the dial in this situation, and we have now been operating with expired tags for 8 months.  This is still a viable business and this alone is causing us harm, daily.

Regards,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    | [REDACTED]        | [REDACTED]

[REDACTED]     St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Wednesday, June 18, 2025 10:52 AM
**To:** Dan Brown <[REDACTED]            >
**Subject:** Fwd: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order


---------- Forwarded message ---------
**From: Evan Lincoln Moscov** <evan.moscov@moscovlaw.com>
Date: Wed, Jun 18, 2025 at 9:39 AM
Subject: Re: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order
To: Ryan Blay <blay@wagonergroup.com>


Hi Ryan.

The account is paid through 01/02/24. The arrearage is $9,008.13.
My understanding is that there is no more automatic stay since Debtor has received a discharge.

I am going to instruct my client to proceed with its state court remedies unless I hear from you by end of day Friday.
The language in the Plan about creditor's remedies is vague, but I believe the above is correct.
I look forward to hearing from you.

Thank you.


Evan Lincoln Moscov
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com


On Wednesday, May 14, 2025 at 01:09:17 PM EDT, Ryan Blay <blay@wagonergroup.com> wrote:


I know the debtor was struggling with payments. how far behind are they?

On Mon, May 12, 2025 at 5:05 PM Evan Lincoln Moscov <evan.moscov@moscovlaw.com> wrote:
Hi Ryan! How are you?
I tried calling you, but you were not available.

When are you available?
I want to touch base on this case.
My client wants to proceed with repossession.
I want to confirm with you that you don't believe the stay applies.
Let me know when we can speak.
Thanks.

Evan Lincoln Moscov
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com


On Thursday, June 13, 2024 at 10:20:17 AM EDT, Ryan Blay <blay@wagonergroup.com> wrote:


My fault, it was actually 6/3, the day before the hearing, not April 3.


On Thu, Jun 13, 2024 at 9:09 AM Evan Lincoln Moscov <evan.moscov@moscovlaw.com> wrote:
Ryan, I did not understand this portion of the proposed order

Ryan A. Blay, attorney for the
Debtor, made preliminary statements as well as an oral motion to extend the deadline for creditor Ally Bank
to accept the plan through April 3, 2024.

April 3rd is one day before the Plan was filed, right?

Evan Lincoln Moscov
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com

On Wednesday, June 12, 2024 at 12:29:16 PM EDT, Miller, Adam E. (USTP) <adam.e.miller@usdoj.gov>
wrote:


Ryan, et al:
Attached, please find a draft with some minor redlined changes and my electronic signature.

---

Adam E. Miller
Trial Attorney
Office of the U.S. Trustee – U.S. Department of Justice
Charles Evans Whittaker United States Courthouse

400 E. 9th Street, Ste. 3440
Kansas City, MO 64106
(816) 512-1957 (Direct Dial)
(816) 512-1967 (Fax)
Adam.E.Miller@usdoj.gov – Email

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Tuesday, June 11, 2024 10:45 PM
**To:** Rob Messerli <rob.messerli@gunrockvp.com>; evan.moscov@moscovlaw.com; Miller,
Adam E. (USTP) <Adam.E.Miller@usdoj.gov>
**Subject:** [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order

Good evening - I was hoping to get your feedback on the attached confirmation order.

Thank you all!

--
 Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--
 Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--
 Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com

 Outlook

---

### Re: Lack of communication in my case

---

**From** Dan Brown <[REDACTED]>     >
**Date** Fri 2025-10-31 8:28 AM
**To**    Ryan Blay <blay@wagonergroup.com>

The address you had sent appears to be the DMV.

This is the KCMO Secretary of State offices:

Kansas City State Office Building

615 E. 13th St., Fifth Floor Suite 513

Kansas City, MO 64106

(816) 889-2925 (Voice)

If you would make the call to set the appointment, I will make it there at any time that its set. I
dont want it to disrupt your schedule to get there.

---

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    | [REDACTED]     | [REDACTED]

[REDACTED]    St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Thursday, October 30, 2025 6:12 PM
**To:** Dan Brown <[REDACTED]>    >
**Subject:** Re: Lack of communication in my case

As long as it's after 9. That should get me enough time to get there from Lawrence

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062

Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com

On Thu, Oct 30, 2025, 4:40 PM Dan Brown <[REDACTED]      > wrote:
Yes that seems right.  I will try to schedule it for first thing that morning.

Im still in the position to buy out Ally at the proposed amount or full amount if forced.   Please let me know what the right move should be with that.

Thanks,

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      |   [REDACTED]      |   [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Thursday, October 30, 2025 12:02 PM
**To:** Dan Brown <[REDACTED]      >
**Subject:** Re: Lack of communication in my case

this one?

   **Address:** 1161 Emanuel Cleaver II Blvd., Kansas City, MO 64110

   **Hours:** Open · Closes 5:30 PM ▾

   **Phone:** (816) 548-1135

On Thu, Oct 30, 2025 at 11:52 AM Dan Brown <[REDACTED]         > wrote:
I can call if you have the right phone.  Is this the secretary of state offices in downtown kc mo?

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]      |   [REDACTED]         |   [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Thursday, October 30, 2025 11:50 AM
**To:** Dan Brown <[REDACTED]      >
**Subject:** Re: Lack of communication in my case

Dan - do you need to set an appointment?  I am free in the morning or afternoon but need to be done by 3:30 at the latest.

On Wed, Oct 29, 2025 at 2:54 PM Dan Brown <[REDACTED]          > wrote:
The 11th works for me.

Thanks,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |  [REDACTED]          |  [REDACTED]

[REDACTED]     St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Wednesday, October 29, 2025 2:50 PM
**To:** Dan Brown <[REDACTED]          >
**Cc:** jeffwagoner@wagonergroup.com <jeffwagoner@wagonergroup.com>
**Subject:** Re: Lack of communication in my case

I think it's worth trying with me if you have some time on the 11th or 12th of November while we move to reopen the case and file your motion.

On Wed, Oct 29, 2025 at 7:30 AM Dan Brown <[REDACTED]          > wrote:
Ryan,

Thank you for the reply.  Im not certain of what the last question you mentioned that didn't get answered is.

I dismissed the last offer to accompany me to the DMV because I felt it would be an equal waste of both of our time, as myself and office staff have already been to both Kansas and Missouri DMV's aprox 10 times since Jan 1 2024 to try to rectify this.

If you believe that we will be able to make some positive things happen by going to the secretary of state's office, then I agree and I am available to do that any time this week and on.

Regards,


**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]    |  [REDACTED]          |  [REDACTED]

[REDACTED]     St Kansas City MO 64114

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Monday, October 27, 2025 9:20 AM
**To:** Dan Brown <[REDACTED]          >
**Cc:** jeffwagoner@wagonergroup.com <jeffwagoner@wagonergroup.com>
**Subject:** Re: Lack of communication in my case

Dan - I didn't get a direct response from my last question but I am happy to file the motion to reopen tomorrow and ask the court to direct them.  However, this is a non-bankruptcy issue (registration of the vehicles), so I am not sure whether the bankruptcy court is going to require them to do what you ask.   I know you dismissed it when I offered previously, but are you sure you don't want me to come with you to the secretary of state's office with a company of the bankruptcy paperwork and proofs of claim filed?

Ryan

On Mon, Oct 27, 2025 at 8:31 AM Dan Brown <[REDACTED]          > wrote:

Ryan,

I am sending you one more note on the matter of the vehicles with out-of-date registration and tags.  I'm still without a path forward to attaining what I need from Ally and First Citizens lenders to get legally operational vehicles.  Your unresponsiveness to all of my prior requests on this imperative matter has been detrimental for me to be able continue to fulfill my end of this case.  I certainly cannot continue to operate in this manner to fulfill my obligation to your firm and this case.   I've paid you and your firm everything that has been asked and now in order to continue to pay my end I'm being forced to operate the business illegally every single day with no direction on how to rectify getting legally tagged and registered vehicles on the road.   It puts my business of 23 years and the livelihood of 4 full-time men who are devoted to me and the business at risk.   Without appropriate direction on how to legally operate my modest group of vehicles, I will need to search for more effective counsel.

On Oct 22, 2025, at 8:28 AM, Dan Brown <[REDACTED]          > wrote:

It is my stance that these 2 companies have been obstinate towards us actually being able to make the plan happen, from the start.

I need to make it crystal clear that leading up to December of 2023, we had never had a late payment on ANY credit card, or loan, my mortgage etc.  AND we had never let insurance or vehicle registrations lapse.  I have moved too many mountains to get to this point to be bullied by these companies.  Being able to legally register these trucks to be driven on the road should not be this hard.

**Dan Brown**
President, Victory Cleaning Systems Inc.

[REDACTED]      | [REDACTED]        | [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Tuesday, October 21, 2025 9:27 AM
**To:** Dan Brown <[REDACTED]           >
**Subject:** Re: Isuzu

let me call you after court.  we would need to move to reopen the case to address this.  bear in mind, your creditors who you've defaulted on could seize on that opportunity to try to dismiss your case.  But I think it's a plan worth considering.

On Fri, Oct 17, 2025 at 8:10 AM Dan Brown <[REDACTED]          > wrote:
Ryan,

I want to make an offer to ALLY to settle this for 8000.00.  Its likely that I will have these funds within the next few days.  I want to get this Ally issue out of the way.  Its a one time offer and if they don't like it, they can pound sand.

Afterward I want to file a motion to compel the court to force CIT/First National to provide the needed documents to register the other 3 vehicles in Missouri.

Both entities have caused me to not be able to abide by the plan in full capacity.   We WOULD have more money to maintain the plan if we were not being held hostage by these vehicle registration issues.

Please let me know your thoughts.

Thanks,


**Dan Brown**
President, Victory Cleaning Systems Inc.

[REDACTED]      | [REDACTED]        | [REDACTED]

[REDACTED]      St Kansas City MO 64114

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Wednesday, September 10, 2025 9:49 AM
**To:** Dan Brown <[REDACTED]           >
**Subject:** Isuzu

Dan -
Ally uses a service called AIS based largely in India, which is super

frustrating.  I got ahold of their post-bankruptcy department (866-447-6583) and they gave me the following for the re-titling department:

888-948-4853
retitling@pdpgroupinc.com
I would try e-mailing and then calling to confirm receipt.  They suggested putting an account number on the e-mail but wouldn't provide it to me or transfer me to the number or let me e-mail.  They mentioned the vehicle was in repossession status so it was a fight just to get that information.

I've seen internet complaints that the department is hard to get ahold of, but it's worth making an effort there to get your document as fast as possible to allow for the re-registration.  If that doesn't work, I wonder if you can request replacement titles for the vehicles and then take that information to the DMV for the registration.

Ryan


--

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--
Ryan A. Blay,
Senior Partner
WM LAW

 Outlook

---

**Re: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order**

---

From Dan Brown <[REDACTED]          >
Date Thu 2025-06-19 9:14 AM
To    Ryan Blay <blay@wagonergroup.com>

Thanks for the conversation yesterday, Im getting back to you for some clarity.

I do not believe there has been a discharge as he has stated.  Is that correct?

If there has not been a discharge, then the automatic stay is still in place.

If current lien holder for the F150, Chevy Express, and GMC is still CIT Bank/First Citizens, they are not giving the state of Kansas what is needed to transfer the titles to Missouri.   I have not been able to move the dial in this situation, and we have now been operating with expired tags for 8 months.   This is still a viable business and this alone is causing us harm, daily.

Regards,

**Dan Brown**
**President, Victory Cleaning Systems Inc.**

[REDACTED]        | [REDACTED]         | [REDACTED]

[REDACTED]

---

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Wednesday, June 18, 2025 10:52 AM
**To:** Dan Brown <[REDACTED]          >
**Subject:** Fwd: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order

---------- Forwarded message ---------
From: **Evan Lincoln Moscov** <evan.moscov@moscovlaw.com>
Date: Wed, Jun 18, 2025 at 9:39 AM
Subject: Re: [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order
To: Ryan Blay <blay@wagonergroup.com>

Hi Ryan.

The account is paid through 01/02/24. The arrearage is $9,008.13.
My understanding is that there is no more automatic stay since Debtor has received a discharge.

I am going to instruct my client to proceed with its state court remedies unless I hear from you by end of day Friday.
The language in the Plan about creditor's remedies is vague, but I believe the above is correct.
I look forward to hearing from you.

Thank you.


Evan Lincoln Moscov
P.O. Box 8305
Waukegan, IL 60079
312.969.1977
evan.moscov@moscovlaw.com


> On Wednesday, May 14, 2025 at 01:09:17 PM EDT, Ryan Blay <blay@wagonergroup.com> wrote:
>
>
> I know the debtor was struggling with payments. how far behind are they?
>
> On Mon, May 12, 2025 at 5:05 PM Evan Lincoln Moscov <evan.moscov@moscovlaw.com> wrote:
>> Hi Ryan! How are you?
>> I tried calling you, but you were not available.
>>
>> When are you available?
>> I want to touch base on this case.
>> My client wants to proceed with repossession.
>> I want to confirm with you that you don't believe the stay applies.
>> Let me know when we can speak.
>> Thanks.
>>
>> Evan Lincoln Moscov
>> P.O. Box 8305
>> Waukegan, IL 60079
>> 312.969.1977
>> evan.moscov@moscovlaw.com
>>
>>
>>> On Thursday, June 13, 2024 at 10:20:17 AM EDT, Ryan Blay <blay@wagonergroup.com> wrote:
>>>
>>>
>>> My fault, it was actually 6/3, the day before the hearing, not April 3.
>>>
>>>
>>> On Thu, Jun 13, 2024 at 9:09 AM Evan Lincoln Moscov <evan.moscov@moscovlaw.com> wrote:
>>>> Ryan, I did not understand this portion of the proposed order
>>>>
>>>> Ryan A. Blay, attorney for the
>>>> Debtor, made preliminary statements as well as an oral motion to extend the deadline for creditor Ally Bank
>>>> to accept the plan through April 3, 2024.
>>>>
>>>> April 3rd is one day before the Plan was filed, right?
>>>>
>>>> Evan Lincoln Moscov
>>>> P.O. Box 8305
>>>> Waukegan, IL 60079
>>>> 312.969.1977
>>>> evan.moscov@moscovlaw.com

On Wednesday, June 12, 2024 at 12:29:16 PM EDT, Miller, Adam E. (USTP) <adam.e.miller@usdoj.gov> wrote:


Ryan, et al:
Attached, please find a draft with some minor redlined changes and my electronic signature.

---

Adam E. Miller
Trial Attorney
Office of the U.S. Trustee – U.S. Department of Justice
Charles Evans Whittaker United States Courthouse
400 E. 9th Street, Ste. 3440
Kansas City, MO 64106
(816) 512-1957 (Direct Dial)
(816) 512-1967 (Fax)
Adam.E.Miller@usdoj.gov – Email

**From:** Ryan Blay <blay@wagonergroup.com>
**Sent:** Tuesday, June 11, 2024 10:45 PM
**To:** Rob Messerli <rob.messerli@gunrockvp.com>; evan.moscov@moscovlaw.com; Miller, Adam E. (USTP) <Adam.E.Miller@usdoj.gov>
**Subject:** [EXTERNAL] Victory Cleaning Services 24-40010 - proposed confirmation order

Good evening - I was hoping to get your feedback on the attached confirmation order.

Thank you all!

--
Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--
Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com


--
Ryan A. Blay,
Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com