# GG

## EXHIBIT GG

Blay Email (12/08/25) - "not looking to make money"

From: blay@wagonergroup.com
To:
CC:
Date: 2025-12-08T15:07
Subject: Re: Request for Immediate Reassignment and Full Fee Review · Victory Cleaning Systems Subchapter V
Case 24-40010-can11

======================================================================

Dan - short answer, yes. there are two issues: 1. what could we do to resolve the issue (i.e. file the AI generated motion you gave us)? 2. how are we going to address the work that's already been done and needs to be paid for? On Mon, Dec 8, 2025 at 8:39 AM Dan Brown < [REDACTED] > wrote: Jeff and Ryan, I want to confirm one point of clarity so I can understand how to proceed. Is WM Law stating that no further action will be taken on the CIT/title/registration issues · which affect my ability to operate the business in compliance with the confirmed Plan · while you remain counsel of record unless and until the internal fee balance is addressed? I am not arguing the point; I simply need a clear written yes or no so I can evaluate next steps. I·m not refusing anything · I just want to understand the firm·s position accurately. Thank you, Dan Dan Brown President, Victory Cleaning Systems Inc. [REDACTED] | www.vcleaning.com | [REDACTED] From: Ryan Blay < blay@wagonergroup.com > Sent: Thursday, December 4, 2025 2:20 PM To: Dan Brown < [REDACTED] > Cc: jeffwagoner@wagonergroup.com < jeffwagoner@wagonergroup.com > Subject: Re: Request for Immediate Reassignment and Full Fee Review · Victory Cleaning Systems Subchapter V Case 24-40010-can11 As for the fees, the plan called for payments to us of $500/month. We got the fees approved as well as the plan confirmed. The amount you referenced is our balance after the payments you've made under the plan. We are not looking to make money or continue billing for the work done after confirmation, but we do need the fees paid as Jeff mentioned. On Thu, Dec 4, 2025 at 2:09 PM Ryan Blay < blay@wagonergroup.com > wrote: I can answer part of this. CIT/First Citizen's filed two claims. 1. secured by a UCC lien on tools 2. unsecured I assume the unsecured loan would have been the one that was thought to be tied with the cars. So I think this matches Sara Bass's statement that the vehicles aren't collateral. The hard part is getting to where you need to be - a Missouri registration with a clean title. We do not need to object to the unsecured claim as we agree it's unsecured. We don't need to object to the secured claim tied to the tools and UCC lien. So what would the state need in order to issue you the title? I don't think they would accept the e-mail from Sarah or the unsecured claim. In other words, what you do want the bankruptcy court (or some other court) to state that would be sufficient for the secretary of state? Could Kansas (where the vehicles were registered previously) do this with a form? https://www.ksrevenue.gov/pdf/tr720b.pdf and then get you to where you can take that to Missouri? Ryan On Tue, Dec 2, 2025 at 5:40 PM Dan Brown < [REDACTED] > wrote: Jeff and Ryan, Thank you for your detailed response and for taking the time to review the concerns I raised. To avoid any miscommunication and to maintain a clear record, I prefer to handle these issues in writing rather than through in-person or phone meetings. That helps me stay organized given everything I·m managing with the business. There are two areas where I need clear written clarification so I can decide how to move forward: 1. CIT / Title / Registration Issues For nearly two years, multiple company trucks have been unregistrable in Missouri due to the unresolved CIT/zombie lien problem. In practical terms, that has meant: Operating trucks with expired Kansas plates, Being stopped and warned by law enforcement on several occasions, Arriving at high-end residential and commercial jobs in vehicles that appear non-compliant, and Carrying ongoing anxiety about compliance, reputation, and exposure. From my perspective as a small service business, this has not been a minor paperwork issue. It has directly affected our ability to operate normally and confidently under the confirmed plan. So I can understand the path forward, I would appreciate clear answers to the following: Do you agree that CIT/First Citizens has disavowed any lien on the trucks in writing and did not file a truck-related proof of claim in the bankruptcy case? Do you agree that, as of today, no motion, notice, or other filing has been made in the case to resolve the Kansas/Missouri title

conflict and clear the zombie liens? What specific steps do you believe are required now to clear those liens so Missouri registrations can be issued, and what is a reasonable estimate of timing once those steps are started? 2. Non-Plan Balance of $4,842.90 Until your recent email, my understanding was that I was current on my obligations to WM Law through the plan-related ACH payments that have been running since confirmation. Your email is the first time I recall being told that there is a separate $4,842.90 balance outside of that structure. So that I can fully understand the situation and evaluate my options, could you please explain: When this non-plan balance was first created (date and context



# EXHIBIT HH

Blay Email (06/20/24) - Post-Confirmation

From: blay@wagonergroup.com
To:
CC:
Date: 2024-06-20T15:26
Subject: congratulations!
====================================================================

Dan - Congratulations! The Bankruptcy Court entered the official order confirming the Chapter 11 Plan for Victory. You put in a lot of work and I'm pleased at the outcome. The hardest part is done with on our end, but there are still steps before we can resolve the matters entirely. First, we still need to file monthly operating reports while your case is open. So can you please send me your May bank statements so we can prepare that operating report? Second, payments are set to begin in July for the payments that come due under the plan. For July, I want you to be prepared to pay the following: - Rob Messerli, for his very good work as Subchapter V Trustee - $2,550. He has asked the court to approve those fees and those should be approved in about 2 weeks. We have no objection and his help was instrumental in getting your plan approved. You can either send funds directly to Rob and I can get you his address or you can set up an ACH with him. - WM Law for attorney's fees - we have the plan set at $500 per month. Please complete the attached ACH form and we can just auto draw that. The plan has 24 months of payments and we'll see where we are after that 24 month period. - IRS - $75 2850 NE Independence Ave STE 101, M/S 5334-LSM Lee's Summit, MO 64064-2327 First Citizens Bank - $1509.16 Attn: Recovery 10201 Centurion PKWY N Jacksonville, FL 32256 - Ally Bank - $529.89 PAYMENT PROCESSING CENTER PO BOX 660618 Dallas, TX 75266-0618 -- Ryan A. Blay, Partner WM LAW 15095 W. 116th St. Olathe, KS 66062 Phone (913) 422-0909 / Fax (913) 428-8549 Email: blay@wagonergroup.com www.KansasCityBankruptcy.com