

# EXHIBIT LL

Blay Email (02/09/26) - "ghostwritten pleadings"

From: blay@wagonergroup.com
To:
CC:
Date: 2026-02-09T14:53
Subject: Re: Response to First Citizens motion

========================================================================

Dan - we're not here to file your ghostwritten pleadings. If you are doing AI legal research and drafteing, you're serving as your own attorney. If you choose to file the response pro se, I understand. This is more evidence as to why we should not be your counsel. I'm trying, before withdrawal, to help you get the vehicles registered. My suggestion is the best way to accomplish that goal. Ryan On Mon, Feb 9, 2026 at 8:13 AM Dan Brown < ▇▇▇▇▇▇ > wrote: Ryan, Thank you for responding. I want to make sure we are on the same page with 48 hours before the hearing. On Friday at 1:20 PM, I sent you a complete Reply to First Citizens' Doc 85 and asked you to confirm whether you would file it. Your response this morning does not address that question. To clarify: 1. I did not send you a consent form. I sent you a Reply brief responding to CIT's 29-page objection, point by point. It appears you may not have reviewed it. 2. On Friday at 10:18 AM, you told me Judge Norton does not like Section 105. I rewrote the relief section that same day to remove any reliance on Section 105. The Reply is now grounded entirely in Section 506(a), Section 506(d), Bankruptcy Rule 3012, and 28 U.S.C. Section 157(b)(2)(K). Your response does not acknowledge this. 3. CIT's Doc 85 is currently the only substantive filing before the Court on the vehicle issue. If we do not file a Reply, Judge Norton will have only CIT's arguments in front of her on Wednesday. I have provided you with a complete, sourced response. I need to know whether you will file it. I need a yes or no answer today: will you review and file the Reply to Doc 85 before the hearing? If the answer is no, I will need to file it myself. You remain counsel of record. The hearing is Wednesday. I should not have to file my own pleadings, but I will not let CIT's objection go unanswered. Sincerely, Dan Brown President, Victory Cleaning Systems Inc. [REDACTED] | www.vcleaning.com | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ From: Ryan Blay < blay@wagonergroup.com > Sent: Monday, February 9, 2026 8:00 AM To: Dan Brown < ▇▇▇▇▇▇ > Subject: Re: Response to First Citizens motion Dan - I'm not familiar with the consent form, but if you send it to me, I can see if their attorney can get them to sign it. CIT is not going to waive the liens, and I don't think the court will require them to do so, even with the e-mailed statement and the proof of claim. Ryan On Fri, Feb 6, 2026 at 1:31 PM Dan Brown < ▇▇▇▇▇▇▇▇ > wrote: Ryan, Sorry, one more thing. I've already been to the DMV. They won't remove CIT's lien notation without either a lien release from CIT or a court order. CIT won't provide a lien release (Sara Bass says they're "not a lien holder" but won't sign the KDOR consent form either). That's why we need the Court's Order - it's the only path to getting these vehicles registered. Another trip to the DMV without it gets us nowhere. Also, the hearing is Wednesday the 11th, not Tuesday. Same date, I had the day wrong. Sincerely, Dan Brown President, Victory Cleaning Systems Inc. [REDACTED] | www.vcleaning.com | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ From: Dan Brown < ▇▇▇▇▇▇ > Sent: Friday, February 6, 2026 1:20 PM To: Ryan Blay < blay@wagonergroup.com > Subject: Re: Response to First Citizens motion Ryan, CIT filed their Response (Doc 85) on February 5. Their attorney Austin Hayden just entered an appearance and the Court granted them leave to file out of time (Doc 86). The hearing is still set for Tuesday, February 11 at 11:00 AM. I've reviewed their entire filing. Their Response actually helps us. Here's why: 1. CIT admits they never filed proofs of claim for the vehicle loans. Page 4 of Doc 85: "although no proofs of claim were filed by First Citizens related to Loan 006 or Loan 007." That's their own attorney conceding the central fact. 2. Sara Bass's email is devastating and they don't address it. The same person who signed both of CIT's proofs of claim wrote on February 27, 2025: "CIT is not a lien holder. We did not use the vehicles as collateral." Doc 85 doesn't mention it, doesn't explain it, doesn't try to reconcile it. Complete silence. That email is now on file with the Court (Doc 76). 3. Their Exhibit G numbers don't add up. The "Deficiency Claim Balance" exceeds the stated "Contract

Balance" by $5,529.47 across both loans, with every fee line item showing $0.00. No explanation for where the extra $5,529 comes from. 4. The Shelton case they cite is distinguishable. In Shelton, the creditor passively failed to file a claim. Here, CIT actively participated. It filed two claims on equipment, actively disavowed vehicle liens through Sara Bass, and the Plan was confirmed on that basis. Judicial estoppel applies. 5. I've addressed Judge Norton's Doc 72 concerns. The Reply specifically notes that the amended Schedules A/B (Doc 74) fixed the vehicle descriptions, the Sara Bass email is now on the record (Doc 76), and