

# EXHIBIT MM

Blay Email (01/06/26) - Fwd: Generic Order

From: blay@wagonergroup.com
To:
CC:
Date: 2026-01-06T14:40
Subject: Fwd: 24-40010-can11 Generic Order
=======================================================================

Dan - can we talk at 3:30 tomorrow about those issues? We are happy to serve KDOR and ensure that the e-mail referenced is attached, but the court is telegraphing an unwillingness to even grant the relief we are requesting (or if they do grant it, take their sweet time in doing so) Ryan ---------- Forwarded message --------- From: < mow_bkecf@mow.uscourts.gov > Date: Tue, Jan 6, 2026 at 8:34 AM Subject: 24-40010-can11 Generic Order To: < mow_bkecf@mow.uscourts.gov > ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply. U.S. Bankruptcy Court Western District of Missouri Notice of Electronic Filing The following transaction was received from KDR entered on 1/6/2026 at 8:33 AM CST and filed on 1/6/2026 Case Name: Victory Cleaning Systems, Inc. Case Number: 24-40010-can11 Document Number: 72 Docket Text: Order of the Court The Court reviews the Motion of the Debtor for an expedited ruling on the Debtor's Motion to FOR DETERMINATION OF SECURED STATUS AND SUBSEQUENT RELIEF REGARDING VEHICLES. The Court denied the Debtor's first expedited Motions because Debtor failed to properly serve the Notice/Order setting Hearing on the Motions. In the subsequent Motions, Debtor asserts that the Motion should be expedited or set for immediate hearing because, although Counsel made an inadvertent error and failed to serve the Notice/Order setting hearing, the Court denied the Motion on mere procedural grounds and failed to reach "the merits," even though "no party" objected. The Court has concerns beyond what Counsel dismissively describes as procedural issues. First, Debtor filed this case and asserted in sworn schedules that CIT had liens in a 2012 Chevy Box Truck, a 2015 GMC Box Truck, and a 2015 Ford F-150. Debtor had ample time to resolve the issue of the liens while the case was pending, yet the confirmed plan appears not to have addressed these alleged liens, and based on an email from a CIT representative, Debtor now asserts that CIT has "disclaimed" any liens in these vehicles and requests an emergency hearing. No email from CIT is attached to the Motions, however, notwithstanding that Counsel represents the email is attached as an exhibit. Second, the Motions seeks a declaration that CIT has no liens in a 2014 Chevy Express 3500, a 2012 GMC Savana, plus a 2015 Ford F-150. The first two vehicles were not scheduled as property of the bankruptcy estate and it is not at all clear to the Court, particular in the absence of the email exhibit, which vehicles Debtor is asserting CIT has no lien (or perfected lien) in, given the discrepancy between the description of the vehicles in the Schedules A/B and the Motions. Third, Debtor seeks injunctive relief compelling the Missouri and Kansas Departments of Revenue to issue clean titles in three vehicles described in the Motions but has not served either governmental entity with the most recent Motions, and never served the Kansas Department of Revenue with the first Motions. Finally, contrary to Counsel's suggestion that the Court has improperly failed to reach a determination on the merits and denied the Motion for mere procedural grounds, whether a party is properly served such that the Court has in personam jurisdiction over that party is not merely a procedural, technical ground, but a matter of Constitutional due process. Given all these issues, the Court is unwilling to grant the relief requested on an emergency basis and therefore denies the Motion to Expedite without prejudice for further clarification and proper service. It is so ORDERED by /s/ Cynthia A. Norton. The moving party is to serve this order on parties not receiving electronic notice but entitled to notice pursuant to Fed. R. Bankr. P. 2002, Local Rule 2002-1 and other applicable law. File the Certificate of Service and relate it to the epo category. This Notice of Electronic Filing is the Official ORDER for this entry. No

document is attached. (Related document(s)[70] Motion for Order) (KDR) The following document(s) are associated with this transaction: 24-40010-can11 Notice will be electronically mailed to: Ryan A. Blay on behalf of Debtor 1 Victory Cleaning Systems, Inc. bankruptcy@wagonergroup.com , blay@wagonergroup.com ; bankruptcy@wagonergroup.com ; blayrr52985@notify.bestcase.com ; wmlecf@gmail.com Robbin Messerli rob.messerli@gunrockvp.com , RMesserliMOWB@ecf.axosfs.com Robbin Messerli on behalf of Trustee Robbin Messerli rob.messerli@gunrockvp.com , RMesserliMOWB@ecf.axosfs.com Adam E. Miller on behalf of U.S. Trustee U.S. Trustee adam.e.mill