

# TT

## EXHIBIT TT

Blay Email (04/06/26) - Response to Six Issues

**Outlook**

---

**Re: Victory Cleaning 24-40010**

---

**From** Ryan Blay <blay@wagonergroup.com>

**Date** Mon 2026-04-06 8:00 AM

**To**   Dan Brown ██████████████

**Cc**   jeffwagoner@wagonergroup.com <jeffwagoner@wagonergroup.com>; rosana@wagonergroup.com
<rosana@wagonergroup.com>; rob.messerli@gunrockvp.com <rob.messerli@gunrockvp.com>

Dan - Thank you for giving me time to respond.  Your comments above indicate my concerns here - I took steps to address the issues you previously raised, yet because I didn't do them in the precise ways you demanded, you are still upset.  At the end of the day, you are not an associate or partner of WM Law.  If you desire that level of complete control, we cannot provide that to you.

You raised 6 issues in the last message to us:

1. Three different rate schedules across the engagement ($300/$125, $350/$150, $350/$175). Which one governs?

   Your 11-28-2023 engagement letter with us specifies $350/175.  If we charged less per hour, I do not intend to go back and seek additional fees, although we of course reserve our rights to seek additional fees for our work in this matter.

2. Jeff counts 16 ACH payments. My bank records show 14. Two payments are unaccounted for.

   This sounds like a fee dispute we can address by reviewing our records and yours.  I am confident you have already e-mailed about this.  Rather than re-summarize the issue, if you can just direct me to a previous e-mail, I can review this with Jeff and Pilar and respond.

3. Drafts and case notes. I have never seen a single draft of any document filed in my case.

   As discussed before, you took steps to approach a WM Law client upon receipt of prior documentation.  I have stated before that I will produce drafts of any documents filed upon entry of a protective order.  I don't trust that you won't engage our current or past clients, and I don't trust that you aren't uploading our documents into generative AI products.

4. Ally Financial. Four stay violations over fourteen months. Zero motions filed. Zero

   I would like for you to give careful thought to this issue.  You have directed me to file a motion to modify the confirmation order and have the plan confirmed as consensual, granting an immediate discharge.  I expect that motion to be granted.  If that's the case, how do you plan to argue this position when a discharge has been granted, especially with an affidavit of

default on file?

5. Plan modification under 1193(c). $93,092 in phantom and overstated obligations remain in the confirmed plan.

You and I have discussed this and disagree.  Based on your year 1 annual report and payments to us of our administrative claims per the plan, you have substantially consummated your plan and you are unable to modify the plan.  If you'd like, you can retain new counsel and file a new Chapter 11 plan for Victory.  However, the plan as stood cannot be modified.  If you disagree with this position, you are free to raise this.  But if you put me in the position of having to argue with the principal of my client, you are only giving me more support for my chief argument on our motion to withdraw - an inherent and unavoidable conflict.

6. The Year 1 annual report, addressed above.

I already addressed this before when I submitted the report to Rob Messerli and Adam Miller at the US Trustee's office.  There is no entry for submission of the report on CM/ECF, and I referenced that in my e-mail.  The plan calls for submission of the report, and I have complied with that.  I do not believe this is an issue.

Ryan Blay

On Tue, Mar 31, 2026 at 10:27 AM Dan Brown  wrote:

Ryan,

You addressed American Express by sending my work to their counsel without copying me and telling them it had been filed with the Court. It has not been filed. Nothing has been filed. The Year 1 annual report and disposable income analysis have been sitting in your inbox since March 10. They were due July 31, 2025. That is eight months overdue, and you represented to a creditor's attorney that they were on the docket. Pull it up. They are not there.

I need a direct answer: are you going to file them, and if so, when? Tomorrow? This week? Before the hearing? I am not asking you to circle back. I am asking you to answer.

The same applies to the bills. I have requested Bills 1 through 3 and the monthly ACH statements in January, in February, in March, and again on March 25. Each time you have deferred. Each time I have waited. Your client has been forced to spend an extraordinary amount of his own time reconstructing his own case from source documents because his attorney will not produce basic billing records. Time that should have gone to running his business. That is not normal. You know it is not normal. Jeff and Rosana know it is not normal.

You wrote five sentences. My March 25 email raised eight substantive points. My March 30 email restated them with specifics. You addressed two: American Express (with my work) and the motion to modify (which corrects your error). Here are the six you did not address:

1. Three different rate schedules across the engagement ($300/$125, $350/$150, $350/$175). Which one governs?
2. Jeff counts 16 ACH payments. My bank records show 14. Two payments are unaccounted for.

3. Drafts and case notes. I have never seen a single draft of any document filed in my case.

4. Ally Financial. Four stay violations over fourteen months. Zero motions filed. Zero.

5. Plan modification under 1193(c). $93,092 in phantom and overstated obligations remain in the confirmed plan.

6. The Year 1 annual report, addressed above.

Every one of these existed before the ballot issue. Every one of these exists after Docs 92 through 95. Filing a corrected ballot summary does not make these go away. It makes them worse, because it establishes that your office will only correct errors after the client catches them and documents them in writing.

I do not oppose the Motion to Modify. I have said so clearly and I say so again. The 1191(a) conversion is the correct result. It should have been entered at confirmation on June 14, 2024 if Doc 39 had accurately reported the five signed ballots that were in your possession.

I would rather resolve every one of these items before April 15 than raise them on the record. That is your choice, not mine.

Dan Brown
Victory Cleaning Systems, Inc.

--

Ryan A. Blay,
Senior Partner
WM LAW
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
Email: blay@wagonergroup.com
www.KansasCityBankruptcy.com