FILED

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) |
| **VICTORY CLEANING SYSTEMS, INC.,** | ) Case No. 24-40010 |
| | ) |
| Debtor. | ) Chapter 11 (Voluntary), Subchapter V |
| | ) |

**DEBTOR'S THIRD SUPPLEMENT TO RESPONSE TO MOTION**

**TO WITHDRAW AS COUNSEL (DOC. 78)**

**COUNSEL'S REFUSAL TO FILE DIRECTED**

**PLAN MODIFICATION AND**

**ANNOUNCEMENT OF FIRM-WIDE WITHDRAWAL**

Victory Cleaning Systems, Inc. (the "Debtor"), appearing pro se for limited purpose, files this Third Supplement to the Debtor's Response to the Motion to Withdraw as Counsel (Doc. 78) to apprise the Court of material developments occurring on April 9 and April 10, 2026, and respectfully states as follows:

---

**I. BACKGROUND**

1. On February 10, 2026, Ryan A. Blay of WM Law filed the Motion to Withdraw as Counsel (Doc. 78). Doc. 78 as filed seeks withdrawal of Ryan A. Blay individually. It does not seek withdrawal of the WM Law firm. The Court's Order Granting Application to Employ Counsel (Doc. 18) authorized WM Law to represent the Debtor and expressly identified eight (8) attorneys and paralegals at WM Law as authorized representatives, including Ryan A. Blay, Jeffrey L. Wagoner, Errin P. Stowell, Ryan M. Graham, Chelsea Williamson, Douglas Sisson, Ana Van Noy, and Rosana Tovalin.

2. On April 8, 2026, the Debtor filed, pro se for limited purpose, the Debtor's Supplemental Documentation in Support of Response to Motion to Withdraw (Doc. 97), together with attached exhibits.

3. On April 9, 2026, the Debtor reviewed Doc. 85, the Motion for Relief from Stay filed by CIT Bank, N.A. through its counsel Austin B. Hayden on February 5, 2026. The Debtor identified on the face of Doc. 85, at pages 10, 13, and elsewhere, the

unredacted display of a Social Security number, a bank account number and routing number for a non-party, a personal telephone number, and a personal email address, in apparent violation of Federal Rule of Bankruptcy Procedure 9037(a). Doc. 85 had been served upon WM Law on February 5, 2026 and had remained on the public docket for sixty-three (63) days without remedial action by counsel of record.

---

## II. THE DEBTOR'S APRIL 9, 2026 DIRECTIVE

4.  On April 9, 2026 at 3:08 p.m. Central Time, the Debtor, by and through its principal Dan Brown, delivered by electronic mail to Ryan A. Blay and Jeffrey L. Wagoner of WM Law a written directive to file a motion pursuant to Federal Rule of Bankruptcy Procedure 9037(a) and 11 U.S.C. Section 105(a) against CIT's counsel Austin B. Hayden seeking:

    a.  Immediate restriction of public access to Doc. 85;

    b.  An order directing counsel to file a properly redacted replacement consistent with Rule 9037(a);

    c.  Reimbursement of the Debtor's costs for credit monitoring, identity-theft protection, and any account replacement necessitated by the sixty-three (63) day public exposure of the Debtor's principal's Social Security number and a non-party's bank account credentials; and

    d.  Such further sanctions as the Court deems appropriate.

5.  The Debtor's April 9, 2026 directive further requested that counsel respond in writing by April 11, 2026 if counsel did not intend to file the motion, so that the matter could be raised directly with the Court at the April 15, 2026 hearing on Doc. 78.

---

## III. COUNSEL'S APRIL 10, 2026 WRITTEN REFUSAL

6.  On April 10, 2026 at 5:02 p.m. Central Time, counsel Ryan A. Blay responded to the Debtor's April 9, 2026 directive by electronic mail from blay@wagonergroup.com. A true and correct copy of the response is attached hereto as Exhibit B.

7.  Counsel's April 10, 2026 response was sent to the Debtor with copies to Jeffrey L. Wagoner, Ryan M. Graham, Errin P. Stowell, Chelsea Williamson, and Rosana Tovalin of WM Law, and also to Robbin Messerli, the Sub V Trustee. The Sub V Trustee accordingly has a contemporaneous copy of counsel's written refusal.

8.  In the response, counsel stated, in relevant part and verbatim:

    a.  "I decline your 'directive' to file the pleading."

b. "I will continue on Wednesday to seek full withdraw of the ENTIRE WM Law firm, so you can stop needlessly harassing attorneys who have had no involvement with your case."

c. "You have effectively waived attorney/client privilege through your pleadings and have created an inescapable conflict of interest which I believe trumps even the Local Rules for the Western District of Missouri Bankruptcy Court."

d. "To the extent there are any claims against CIT, I believe they fall to you, not Victory."

---

## IV. THE PARALLEL PLAN MODIFICATION DIRECTIVE

9. On February 17, 2026, the Debtor delivered to counsel a separate written directive to file a Motion to Modify Confirmed Plan pursuant to 11 U.S.C. Section 1193(c) (the "Plan Modification"). The Plan Modification removes from the confirmed Plan approximately $135,000 in phantom or overstated debt, including the approximately $93,092 CIT Bank, N.A. deficiency that First Citizens Bank has confirmed will be extinguished upon title transfer of the three CIT-financed vehicles. The February 17, 2026 directive was not acted upon by counsel.

10. As of the date of this Third Supplement, fifty-seven (57) days after the February 17, 2026 directive, counsel has not filed the Plan Modification and has not responded to the directive. A true and correct copy of the filing-ready Plan Modification delivered to counsel is attached hereto as Exhibit A.

---

## V. MATTERS RESPECTFULLY BROUGHT TO THE COURT'S ATTENTION

11. The Debtor does not by this Third Supplement move for any specific relief beyond consideration of the matters set forth herein in connection with the April 15, 2026 hearing on Doc. 78. The Debtor respectfully submits the following for the Court's consideration:

a. Scope of Doc. 78. Doc. 78 as filed and noticed seeks withdrawal of Ryan A. Blay individually. Counsel's April 10, 2026 announcement of an intent to seek "full withdraw of the ENTIRE WM Law firm" at the April 15, 2026 hearing is not within the scope of Doc. 78 as noticed. Expansion of the motion to firm-wide withdrawal would appear to require a separately noticed motion consistent with Local Rule 9013-1 and basic due-process notice principles.

b. Corporate Representation. A corporate debtor may not proceed pro se in this District. See 28 U.S.C. Section 1654; Rowland v. Cal. Men's Colony, 506 U.S.

194, 201-02 (1993); Local Rule 9010-1. A conflict of interest asserted by counsel does not extinguish a corporation's obligation to be represented by counsel; the remedy lies in orderly substitution, not in withdrawal that leaves the corporation unrepresented in an active Chapter 11 Sub V case with a confirmed plan, pending creditor matters, and continuing reporting obligations.

c.   Attorney-Client Privilege. Disclosures made by the corporate client through its authorized principal in the course of contested matters do not constitute a waiver of privilege invoked by counsel against the corporate client. The holder of the privilege is the corporation, acting through its authorized representative. The Debtor has not waived privilege as to any matter not expressly disclosed on the record, and any theory of implied subject-matter waiver would not in any event support withdrawal where substitute counsel is not in place.

d.   Service Upon Doc. 18 Attorneys. The WM Law attorneys served with Doc. 97 are identified by name in the Court-approved employment application at Doc. 18. Service of pleadings upon counsel of record, and upon attorneys identified in a court-approved employment application, is required by Rule 5 and is respectfully not properly characterized as "harassing attorneys who have had no involvement with your case." The Debtor has at all times served only those attorneys identified in Doc. 18.

e.   Rule 9037 Remedy and Allocation of Harm. Counsel's April 10, 2026 response states that any claims arising from the sixty-three (63) day Rule 9037 exposure identified in Doc. 85 "fall to you, not Victory." The Debtor respectfully notes that Doc. 85 was served on WM Law on February 5, 2026, that counsel remained counsel of record throughout the sixty-three (63) day period of public exposure, and that the allocation of resulting harm as between the corporate client and its principal is a matter the Debtor respectfully suggests the Court may wish to consider.

f.   Refusal to Act on Ministerial Obligation. Counsel's written refusal to seek restriction of Doc. 85 is the refusal to take a ministerial protective action on behalf of a client, where the client's principal's Social Security number and a non-party's bank credentials have been and remain publicly exposed on the docket of this Court. The Debtor respectfully submits that this refusal is relevant to the Court's consideration of Doc. 78 and to any matters the Court may wish to consider sua sponte.

g. Plan Modification. The Plan Modification attached hereto as Exhibit A, directed to counsel on February 17, 2026, remains unacted upon after fifty-seven (57) days. The Debtor respectfully submits that the pendency of a directed Section 1193(c) motion is relevant to the Court's consideration of Doc. 78.

   ---

## VI. REQUEST

12.   The Debtor respectfully requests that the Court take notice of the matters set forth in this Third Supplement, together with Exhibits A and B attached hereto, in connection with the April 15, 2026 hearing on the Motion to Withdraw as Counsel (Doc. 78), and grant such further relief as the Court deems just and proper.

Dated: April 13, 2026

Respectfully submitted,

Dan Brown, President
Victory Cleaning Systems, Inc.

Appearing pro se for limited purpose

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the United States Bankruptcy Court for the Western District of Missouri and served by first-class United States Mail, postage prepaid, on the following parties:

Ryan A. Blay
WM Law
blay@wagonergroup.com

Jeffrey L. Wagoner
WM Law
jeffwagoner@wagonergroup.com

Ryan M. Graham
WM Law
graham@wagonergroup.com

Errin P. Stowell
WM Law

stowell@wagonergroup.com

Chelsea Williamson
WM Law
williamson@wagonergroup.com

Douglas Sisson, Paralegal
WM Law
doug@wagonergroup.com

Ana Van Noy (Ballesteros), Paralegal
WM Law
ana@wagonergroup.com

Rosana Tovalin
WM Law
rosana@wagonergroup.com

Austin B. Hayden
Pappas Hayden Westberg & Jackson PC
ahayden@phwjlaw.com

Robbin Messerli, Sub V Trustee
rob.messerli@gunrockvp.com

Adam E. Miller, United States Trustee
Region 13
adam.e.miller@usdoj.gov

---

Dan Brown