# EXHIBIT A

Debtor's Motion to Modify Confirmed Plan

Pursuant to 11 U.S.C. Section 1193(c)

Delivered to counsel of record: February 17, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) |
| **VICTORY CLEANING SYSTEMS, INC.,** | ) Case No. 24-40010 |
| | ) |
| Debtor. | ) Chapter 11 (Voluntary), Subchapter V |
| | ) |

**DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN**

**PURSUANT TO 11 U.S.C. SECTION 1193(c)**

Victory Cleaning Systems, Inc. (the "Debtor"), by and through counsel, Ryan A. Blay of WM Law, files this Motion to Modify the Confirmed Subchapter V Small Business Plan of Reorganization (Doc. 29, confirmed by Order at Doc. 49 on June 14, 2024) pursuant to 11 U.S.C. section 1193(c), and states as follows:

---

## I. INTRODUCTION

1. The confirmed Plan contains two material errors in its treatment of claims held by First Citizens Bank ("CIT") that, together, account for approximately $135,000 in overstated plan obligations over the life of the Plan. These errors have directly contributed to the Debtor's inability to make plan payments as projected and are a primary cause of the current arrearage.

2. In addition, the Plan omitted Ally Bank's secured claim entirely. This omission was acknowledged as inadvertent by both the Debtor and counsel in the Stipulation filed at Doc. 46.

3. These are not discretionary modifications. They are corrections of errors in the confirmed Plan that, if left uncorrected, will make plan compliance impossible and guarantee conversion or dismissal.

4. This Motion follows the Court's guidance. At the February 11, 2026 hearing on the Debtor's Motion for Determination of Secured Status (Doc. 70), the Court denied that motion without prejudice and stated: "there would need to be an adversary proceeding, or modify the plan, or something else, it would seem to me." The Court distinguished between lien avoidance (requiring an adversary proceeding) and correction of plan errors (available through modification). This Motion pursues the plan modification path the Court identified.

5. The Plan has not been substantially consummated. Only one month of plan payments has been made, totaling $2,039.05 to two secured creditors in July 2024, followed by zero payments for the subsequent twenty-one months. Zero dollars have been paid to Class 3 general unsecured creditors. The statutory prerequisites for post-confirmation modification under section 1193(c) are satisfied.

---

## II. JURISDICTION AND AUTHORITY

6. This Court has jurisdiction over this matter under 28 U.S.C. section 1334(b) and the general order of reference from the United States District Court for the Western District of Missouri.

7. This is a core proceeding under 28 U.S.C. section 157(b)(2)(K) (confirmations of plans) and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship).

8. Post-confirmation modification of a Subchapter V plan is governed by 11 U.S.C. section 1193(c), which provides that the plan proponent may modify a confirmed plan at any time after confirmation and before completion of payments, provided:

(1) The plan has not been substantially consummated; and

(2) The court, after notice and a hearing, authorizes such modification.

9. The Plan itself, at Section 6.7, expressly contemplates post-confirmation modification under these same conditions.

10. The Debtor previously filed a Motion for Determination of Secured Status and to Void Liens (Doc. 70), which was denied without prejudice on February 11, 2026 (Doc. 87). The Court held that lien avoidance requires an adversary proceeding and that the Court cannot compel a state entity through a contested motion. However, the Court identified plan modification under section 1193(c) as an available path for correcting errors in the Plan's treatment of claims. This Motion addresses the plan errors that gave rise to the Doc. 70 dispute without seeking to avoid any lien.

---

## III. THE PLAN HAS NOT BEEN SUBSTANTIALLY CONSUMMATED

11. Under 11 U.S.C. section 1101(2), substantial consummation requires:

(A) Transfer of all or substantially all property proposed to be transferred; (B) Assumption by the debtor of the business of the debtor; and (C) Commencement of distribution under the plan.

12. While the Debtor has continued to operate its business (satisfying element (B)), distributions under the Plan have been minimal. One payment of $1,509.16 was made to Class 2 secured creditors (CIT Claim #1) in July 2024, paid at the erroneous Plan rate rather than the correct amortization of $471.58, followed by no further payments in twenty-one months. One payment of $529.89 was made to Ally Bank in July 2024 under the Doc. 46 Stipulation, followed by no further payments. In total, $2,039.05 has been distributed to creditors, representing one month of a sixty-month Plan (1.7%). Zero dollars have been paid to Class 3 general unsecured creditors. Additionally, two compliance deadlines incorporated into the Confirmation Order (Doc. 49) through the UST Stipulation have not been met: (i) the June 30, 2025 deadline for disbursements to general unsecured creditors for year 1 of the Plan; and (ii) the July 31, 2025 deadline for the Debtor to provide a disposable income calculation under 11 U.S.C. section 1191(d) to the Subchapter V Trustee and the United States Trustee. The Plan has not been substantially consummated. The proposed modification addresses these compliance gaps going forward by correcting the underlying payment structure that made compliance impossible.

---

## IV. THE ERRORS IN THE CONFIRMED PLAN

### A. Exhibit E Contains $72,842 in Phantom CIT Vehicle Debt

13. The Plan's Pro Forma Financials (Doc. 29, Exhibit E, page 48) include a line item for "CIT Bank" in the amount of $72,842, payable at $3,642 per quarter ($1,214 per month) at 0% interest over 20 quarters.

14. This $72,842 obligation corresponds to no filed proof of claim and no plan class. CIT filed two proofs of claim in this case:

| Claim # | Amount | Collateral | Class |
| --- | --- | --- | --- |
| Claim #1 | $24,390.18 | Grinder (UCC lien) | Class 2 (Secured) |
| Claim #2 | $25,322.25 | None (filed unsecured) | Class 3 (Unsecured) |

15. CIT did not file any proof of claim related to its two vehicle loan schedules (Loan 006 and Loan 007). CIT's own counsel conceded this in Doc. 85, page 4: "although no proofs of claim were filed by First Citizens related to Loan 006 or Loan 007."

16. CIT's authorized representative, Sara Bass, who signed both Proofs of Claim, stated in writing on February 27, 2025: "CIT is not a lien holder. We did not use the vehicles as collateral."

17. The $72,842 Exhibit E line item thus represents payment obligations on debt that was never filed as a claim, never classified in the Plan, and was disavowed by the creditor itself. It should not have been included in the Plan's financial projections, and its

inclusion inflated the Debtor's projected plan obligations by $1,214 per month, or $72,840 over the life of the Plan.

**B. Class 2 Payment Is Overstated by Approximately 3.2 Times**

18.     Class 2 of the Plan (Doc. 29, page 7) provides for CIT's Claim #1 ($24,390.18, secured by a lien on mechanic tools) to be paid in "fixed monthly payments of $1,509.16 which includes interest on the allowed secured claim at 6%," from July 2024 through June 2029.

19.     The correct amortized monthly payment for $24,390.18 at 6% annual interest over 60 months is approximately **$471.58**, calculated as follows:

- Monthly interest rate: $6\% / 12 = 0.5\%$ - Payment = P x $[r(1+r)^n] / [(1+r)^n - 1]$ - Payment = $24,390.18 x $[0.005 \times (1.005)^{60}] / [(1.005)^{60} - 1]$ - Payment = $24,390.18 x $[0.005 \times 1.34885] / [0.34885]$ - Payment = $24,390.18 x 0.019333 - **Payment = $471.58/month**

20.     The Plan payment of $1,509.16 per month is approximately **3.2 times** the correct amortization for CIT's filed claim of $24,390.18. Over 60 months, this error alone produces $62,254.80 in overstated plan obligations ($1,509.16 - $471.58 = $1,037.58/month x 60 months).

21.     Notably, the Plan's own Pro Forma Financials are internally inconsistent with the Class 2 treatment table. Exhibit E (Doc. 29, page 48) projects total secured claim payments of $22,204 per year ($1,850.33 per month). This figure is derived from three components: CIT grinder at approximately $472 per month, CIT vehicles at $1,214 per month, and the Ally obligation at approximately $165 per month. The Exhibit E figure for the CIT grinder ($472) reflects the correct amortization of $24,390.18 at 6% over 60 months. Yet the Class 2 treatment table in the same Plan (Doc. 29, page 7) states the monthly payment as $1,509.16. The Plan thus contains two different figures for the same obligation, the correct figure embedded in Exhibit E and the incorrect figure in the Class 2 table.

22.     The most likely explanation is that the $1,509.16 figure was derived from CIT's vehicle contract payment terms (the vehicle contracts required approximately $1,365.08/month on Loan 006 plus approximately $500/month on Loan 007), which were erroneously attributed to the mechanic tools claim that CIT actually filed. This is consistent with the Exhibit E error: the Plan conflated CIT's vehicle obligations with its filed equipment claim.

**C. Combined Impact of the Errors**

23.     Together, these two errors account for approximately **$135,095** in overstated plan obligations over the life of the Plan:

| Error | Monthly Overstatement | Over 60 Months |
|---|---|---|

| Exhibit E phantom CIT vehicle debt | $1,214.00 | $72,840.00 |
| Class 2 payment overstatement | $1,037.58 | $62,254.80 |
| **Total** | **$2,251.58** | **$135,094.80** |

24. The $72,840 in phantom CIT vehicle debt represents plan payments directed to an obligation for which no proof of claim was filed, no plan class exists, and the creditor's own representative has disavowed the underlying liens. The Plan as written directs the Debtor to make payments on obligations that do not exist in the claims register and cannot be reconciled with the Plan's own financial projections.

**D. Ally Bank Was Omitted From the Plan**

25. The Debtor's obligation to Ally Bank on a 2015 Isuzu NPR was inadvertently omitted from the Plan. Ally filed a Motion for Relief from the Automatic Stay (Doc. 41) on May 31, 2024. The Debtor and Ally resolved the motion by Stipulation (Doc. 46), in which:

   a. The Debtor admitted the omission was inadvertent (Doc. 46, para. 2);

   b. The Debtor agreed to pay Ally $529.89/month at the contractual rate (Doc. 46, para. 6);

   c. The Stipulation was incorporated into the Order Confirming Plan (Doc. 49);

   d. Plan Section 6.8 (default remedies) applies to the Stipulation (Doc. 46, para. 10).

26. Ally subsequently filed a Notice of Default (Doc. 62) on January 31, 2025, asserting $2,649.45 in missed payments as of December 30, 2024 (5 months at $529.89). The arrearage continues to accrue at $529.89 per month. As of April 2026, the total arrearage is approximately $11,658 (22 missed monthly payments at $529.89/month, from August 2024 through April 2026, inclusive). Ally's own counsel provided a payoff figure of $11,136.36 as of November 18, 2025, which has continued to accrue.

27. The Plan modification should formally incorporate Ally's claim as a classified secured creditor to eliminate the ambiguity of the current arrangement, which exists only through a side stipulation.

---

**V. PROPOSED MODIFICATIONS**

28. The Debtor proposes the following modifications to the confirmed Plan:

Modification 1: Correct Class 2 Payment

**Current:** Class 2 provides for monthly payments of $1,509.16 on CIT Claim #1 ($24,390.18, secured, mechanic tools) at 6% from July 2024 through June 2029.

**Modified:** Class 2 shall provide for monthly payments of **$471.58** on CIT Claim #1 ($24,390.18, secured, mechanic tools) at 6% interest, commencing the first day of the month

following entry of the order approving this modification through sixty (60) months from commencement.

Total payment under modified Class 2: approximately $28,294.80 (principal $24,390.18 + interest $3,904.62).

**Modification 2: Remove Phantom CIT Vehicle Debt From Exhibit E**

**Current:** Exhibit E (Pro Forma Financials) includes "CIT Bank" at $72,842, payable at $3,642/quarter ($1,214/month) at 0%.

**Modified:** The CIT Bank vehicle line item ($72,842) is **removed** from Exhibit E. No proof of claim was filed for this obligation, no plan class exists for it, and CIT's authorized representative has disavowed the underlying vehicle liens.

**Modification 3: Add Ally Bank as Classified Secured Creditor**

**Current:** Ally Bank's claim is addressed only through the Stipulation at Doc. 46 and is not formally classified in the Plan.

**Modified:** A new **Class 2A** is created:

| Class # | Description | Insider? | Impairm | Treatment |
|---|---|---|---|---|
| 2A | Secured claim of Ally Bank. Lien on 2015 Isuzu NPR (VIN: JALC4W163F7K00408). Allowed Amount: $10,421.29 (per Proof of Claim #9). Secured Amount: $10,421.29 | No | Impaired | Treatment of Lien: Fixed monthly payments of $529.89 per month via ACH at the contractual rate until the balance is paid in full (~20 months). Ally Bank shall retain its lien on the Isuzu NPR until the allowed secured claim is paid in full. Debtor shall maintain adequate insurance on the vehicle. Prepayment permitted without penalty. |

The Debtor will separately negotiate a cure schedule for the existing arrearage with Ally's counsel and will file the agreed terms with this Court prior to or at the hearing on this Motion.

**Modification 4: Correct Pro Forma Financial Projections**

**Current:** Exhibit E projects secured claim payments of approximately $1,851/month ($1,214 CIT vehicles + $472 CIT grinder + $165 Ally).

**Modified:** Exhibit E is corrected to reflect:

| Secured Creditor | Monthly Payment | Basis |
|---|---|---|
| CIT Claim #1 (grinder) | $471.58 | $24,390.18 at 6%/60 months |
| Ally Bank (Isuzu NPR) | $529.89 | Contractual rate per Doc. 46 |
| **Total Secured** | **$1,001.47** | |

This represents a reduction of **$849.53/month** from the current (erroneous) Exhibit E secured payment projections, exclusive of the $1,214/month phantom CIT vehicle line.

Summary of Monthly Payment Impact

| Category | Current Plan | Modified Plan | Difference |
|---|---|---|---|

| Class 2 (CIT grinder) | $1,509.16 | $471.58 | -$1,037.58 |
| Exhibit E CIT vehicles | $1,214.00 | $0.00 | -$1,214.00 |
| Class 2A (Ally) | (per stipulation only) | $529.89 | (formalized) |
| **Net monthly impact** | **$2,723.16** | **$1,001.47** | **-$1,721.69** |

---

## VI. THE MODIFIED PLAN SATISFIES SECTION 1191

29. Under section 1193(b), the modified plan must meet the requirements of sections 1191(a) and 1191(b). The modifications proposed here improve the Plan's feasibility by correcting mathematical errors and do not alter the fundamental structure or spirit of the Plan.

30. **Feasibility (section 1129(a)(11), incorporated by section 1191(a)(1)):** The modified Plan is more feasible than the original. The original Plan required approximately $2,723 per month in secured payments alone, based on erroneous calculations and phantom debt. The corrected Plan requires approximately $1,001 per month in secured payments, a reduction of $1,722/month. This directly improves the Debtor's ability to fund the Plan.

31. **Best interests of creditors (section 1129(a)(7)):** No creditor receives less under the modified Plan than under the original Plan. CIT Claim #1 receives the full allowed amount of $24,390.18 plus 6% interest, which is exactly what the original Plan provided, only the monthly payment amount is corrected to the proper amortization. The phantom CIT vehicle debt was never supported by a filed claim, so its removal does not reduce any creditor's distribution. Ally's claim is formalized rather than reduced.

32. **Good faith (section 1129(a)(3)):** This modification is proposed in good faith to correct errors in the original Plan that were identified during post-confirmation administration. The Debtor seeks only to correct the Plan's arithmetic and to properly classify a creditor that was inadvertently omitted.

33. **Disposable income (section 1191(c)(2)):** The Debtor continues to commit all projected disposable income to the Plan for the applicable commitment period, as required by section 1191(c)(2)(A). The reduction in secured payment obligations does not reduce the commitment period or the Debtor's obligation to pay disposable income to creditors. To the contrary, the correction may increase funds available for distribution to Class 3 unsecured creditors.

---

## VII. NOTICE

34.     The Debtor will serve this Motion, together with the proposed Modified Plan, on all creditors and parties in interest in accordance with 11 U.S.C. section 1193(c)(2) and the general notice provisions of Federal Rule of Bankruptcy Procedure 2002, including:

    a.     All creditors who have filed proofs of claim;

    b.     All creditors listed on the Debtor's schedules;

    c.     The Subchapter V Trustee, Robbin Messerli;

    d.     The United States Trustee;

    e.     Any party who has entered an appearance in this case.

35.     The Debtor requests that the Court set a hearing on this Motion and establish an objection deadline of not less than 21 days from service.

---

## VIII. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court:

**A. Set a hearing on this Motion;**

**B. Approve the proposed modifications to the confirmed Plan as described herein;**

**C.** Authorize the Debtor to file a Modified Plan incorporating the corrections set forth above;

**D.** Find that the Modified Plan satisfies the requirements of 11 U.S.C. sections 1191(a) and 1191(b);

**E. Enter an order confirming the Modified Plan; and**

**F.** Grant such other and further relief as the Court deems just and proper.

Dated: _____          Respectfully submitted,

_____

Ryan A. Blay, MO Bar #73664
WM Law
15095 W. 116th Street
Olathe, KS 66062
(913) 422-0909
blay@wagonergroup.com

Attorney for Victory Cleaning Systems, Inc.,
Debtor-in-Possession

## CERTIFICATE OF SERVICE

The undersigned certifies that on _____, 2026, the foregoing document was served via the Court's Electronic Court Filing (ECF) System on all parties who have entered an appearance in this case, and via first-class United States Mail on all creditors and parties in interest, including:

Austin B. Hayden
Pappas Hayden Westberg & Jackson PC
Counsel for First Citizens Bank

Evan Lincoln Moscov
Moscov Law, P.O. Box 8305, Waukegan, IL 60079
Counsel for Ally Bank

Robbin Messerli
Subchapter V Trustee

Office of the United States Trustee

All scheduled creditors per matrix

_____

Ryan A. Blay