# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | ) |
| | ) |
| **VICTORY CLEANING SYSTEMS, INC.,** | ) Case No. 24-40010 |
| | ) |
| Debtor. | ) Chapter 11 (Voluntary), Subchapter V |
| | ) |

### DEBTOR'S SECOND SUPPLEMENT TO OBJECTION TO
### COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY (DOC. 78)
### (REDACTED FOR PUBLIC FILING)

Victory Cleaning Systems, Inc. (the "Debtor"), by its authorized officer Daniel Brown, appearing pro se for limited purpose, files this Second Supplement to its Objection to Counsel's Motion to Withdraw (Doc. 78) and the Debtor's First Supplement (Doc. 97), and states as follows:

## I. INTRODUCTION

1. In preparation for the April 15, 2026 hearing, the Debtor conducted a systematic review of filings made by WM Law across all cases referenced in the First Supplement (Doc. 97). That review revealed a firm-wide pattern of violations of Federal Rule of Bankruptcy Procedure 9037(a) spanning at least nine cases, two federal districts, and four years of filings.

2. The violations identified in this audit are not confined to the PACER system. The affected filings have been mirrored in real time by commercial and nonprofit court-document aggregators, indexed by search engines, and are currently accessible on at least one free, publicly searchable database without login credentials. The Debtor's principal's full Social Security number, exposed in Doc. 85 since February 5, 2026, is accessible on PacerMonitor.com without a paywall. The exposure window for the earliest violations (Case A, filed 2022) exceeds 1,600 days. Redaction of the PACER originals alone will not cure the exposure. The personal identifiers of the Debtor's principal, at least eleven non-party civilians, and multiple debtors in other cases are now permanently in the public domain.

3. These violations are relevant to the pending Motion to Withdraw because they demonstrate that the quality-of-representation concerns raised in the Debtor's Objection (Doc. 82) and First Supplement (Doc. 97) are not isolated to this case.

They reflect systemic failures in WM Law's document preparation and filing practices that bear directly on this Court's evaluation of counsel's competence and the appropriateness of withdrawal without conditions.

## II. METHODOLOGY

4.  The Debtor reviewed over 100 documents filed by WM Law across 19 cases referenced in Doc. 97, including fee applications, employment applications, monthly operating reports, petitions, and related filings. Documents were obtained from the PACER system.

5.  Each document was examined for violations of Rule 9037(a), which requires redaction of Social Security numbers, taxpayer identification numbers, financial account numbers, dates of birth, and names of minor children.

## III. FINDINGS

### A. This Case (24-40010)

6.  The Debtor identified the following Rule 9037 violations in this case and notified the Clerk on April 9, 2026:

    a.  Doc. 45-1 (filed 05/31/2024 by WM Law): Full bank account numbers visible on check images through inadequate redaction (MICR lines, operating account ending [REDACTED] and payroll account ending [REDACTED]).

    b.  Doc. 55-1 (filed 07/05/2024 by WM Law): Personal cell phone number and personal email address in fee application billing ledger.

    c.  Doc. 75 (filed 01/09/2026 by WM Law): Personal email address exposed four times in Adobe Sign audit trail.

    d.  Doc. 76 (filed 01/09/2026 by WM Law): Personal cell phone number, personal email address, and full URL in email exhibit.

    e.  Doc. 85 (filed 02/05/2026 by CIT counsel): Full Social Security number on three pages, personal phone and email on four pages, and third-party bank account and routing numbers for a non-party (Buy Manufacturers Direct LLC) that have been publicly accessible since February 5, 2026.

### B. Case A (W.D. Mo.)

7.  Seven Monthly Operating Reports filed by counsel in this case contain the most severe violations identified in the audit:

    a.  Eight full bank account numbers are exposed across the seven MOR filings. U.S. Bank redacted account numbers on page one of each statement, but printed the full account numbers on continuation page headers. Counsel did not review

beyond the first page before filing.

b. Four Axos Bank DIP account numbers are similarly exposed on continuation page headers.

c. Check images filed as MOR exhibits contain partially visible MICR-encoded routing and account numbers.

d. Wire transfer descriptions expose full routing and account numbers, together with a client's personal name and home address.

e. The personal information of five non-party civilians (gym members of the debtor's business) appears in bank transaction data, including full names, home addresses, and personal cell phone numbers. These individuals are not parties to any bankruptcy case and had no notice that their information would be filed on a public federal docket.

f. Every one of the seven MOR filings checks Box 38 of Official Form 425C, certifying that "all personal identifiers of individuals have been redacted." They were not. This constitutes a false certification to the Court on seven separate occasions.

## C. Additional Cases with Violations

8. The following additional WM Law cases contain confirmed PII violations in filings made by counsel:

a. Case B (D. Kan.): Two personal email addresses and two personal phone numbers in fee application billing records.

b. Case C (W.D. Mo.): Personal phone number and email address repeated on five pages of fee application billing records. Four MOR filings contain personal email in Adobe Sign audit trails.

c. Case D (W.D. Mo.): Personal phone number and email address repeated across twelve pages of fee application billing records.

d. Case E (D. Kan.): Personal phone and email in fee application billing records. One filing by counsel exposes the full Employer Identification Number of the debtor entity. An IRS filing contains the wrong debtor name, indicating template contamination from another client's file.

e. Case F (W.D. Mo.): Five MOR filings contain complete, unredacted bank transaction histories on the public docket, exposing the debtor's entire financial life including deeply personal charges, pharmacy visits, and every purchase. Non-party individuals' names and phone numbers are exposed in transaction descriptions.

## D. Systemic Pattern

9.  The violations follow three distinct patterns traceable to WM Law's workflow:

    a.  Fee Application Template: WM Law's billing system generates invoices with a client contact header containing the client's personal phone number and email address. WM Law attaches these invoices as fee application exhibits without redaction. At least six of thirteen cases with fee applications have this exposure.

    b.  Unredacted Bank Statements: WM Law files raw bank statements as MOR exhibits without reviewing them for personally identifiable information. In Case A, this resulted in eight bank account numbers, check MICR lines, and five non-party civilians' personal data being filed on the public docket, all while certifying on Box 38 that redaction had been performed.

    c.  Template Copy-Paste Contamination: WM Law copies prior clients' files as templates for new cases, resulting in five documented instances of wrong debtor names, wrong employer identification numbers, or wrong fee application amounts being filed in court.

10.  In Case F, WM Law acknowledged this pattern in a court filing. A footnote states: "The Initial Fee Application . . . erroneously copied numbers from a different fee application." The original fee application requested $29,544 in fees; the corrected version requested $6,605, a 78% self-reduction.

**E. Exposure Beyond the PACER System**

11.  The violations described above are not confined to the PACER system. Multiple commercial and nonprofit court-document aggregators mirror bankruptcy filings in real time, including documents containing unredacted personal identifiers. The filings identified in this audit are currently accessible on at least one free, publicly searchable court-document database without login credentials. Several have been indexed by commercial search engines. The exposure window for the earliest violations (Case A, filed 2022) exceeds 1,600 days. Redaction on the PACER docket alone will not cure the exposure; the documents have already been replicated and cached across multiple platforms. The Debtor's principal's full Social Security number, exposed in Doc. 85 since February 5, 2026, is accessible on PacerMonitor.com without a paywall.

**IV. RELEVANCE TO THE MOTION TO WITHDRAW**

12.  These findings are relevant to the pending motion in three respects:

    a.  Quality of Representation: The Debtor's Objection has consistently argued that counsel's work product reflects a pattern of inadequate review. The cross-case PII audit confirms this pattern extends well beyond the Debtor's case, across nine cases and four years of filings.

    b.    False Certifications: The seven false Box 38 certifications in Case A bear directly on counsel's credibility before this Court. An attorney who certifies compliance with redaction requirements without performing the required review raises questions about the reliability of other certifications and representations made to the Court.

    c.    Conditions on Withdrawal: If the Court is inclined to grant the Motion to Withdraw, the Debtor respectfully submits that counsel should be required to identify and remediate all Rule 9037 violations in filings made under counsel's name before withdrawal becomes effective.

    d.    Unaddressed Violations by Opposing Counsel: On February 5, 2026, CIT's counsel Austin Hayden filed Doc. 85 containing the Debtor's principal's full Social Security number on three pages, personal phone number and email on four pages, and a third-party's full bank account and routing numbers. Counsel was served with Doc. 85 on the date of filing and had an obligation to seek redaction or restriction of the filing under Rule 9037(a) on the Debtor's behalf. Counsel took no action for over 60 days. The Debtor's principal, without legal training, identified the violations and notified the Clerk on April 9, 2026. Whether counsel remains on the case or is permitted to withdraw, someone must prosecute the Debtor's remedies under Rule 9037(a) and 11 U.S.C. section 105(a) against CIT's counsel, including the costs of identity theft protection necessitated by the 62-day exposure of a full Social Security number on the public PACER docket.

## V. RELIEF REQUESTED

13.    The Debtor respectfully requests that the Court:

    a.    Consider the findings set forth herein in evaluating the Motion to Withdraw and the Debtor's Objection;

    b.    Direct counsel to identify and remediate all Rule 9037(a) violations in filings made under counsel's name in this case;

    c.    Direct counsel to file a motion on behalf of the Debtor under Rule 9037(a) and 11 U.S.C. section 105(a) seeking appropriate relief against CIT's counsel for the unredacted filing of the Debtor's Social Security number, including the Debtor's costs of identity theft protection and credit monitoring, before withdrawal becomes effective;

    d.    In the alternative, if the Court grants the Motion to Withdraw, the Debtor respectfully notes that as a corporate entity it cannot appear pro se in federal court and will have no counsel to prosecute its Rule 9037 remedies against CIT's counsel. The Debtor requests that the Court address the Rule 9037 violations before withdrawal becomes effective, as the Debtor will otherwise be without

remedy; and

e.  Refer the false Box 38 certifications described in Paragraph 7(f) to the appropriate authority for review; and

f.  Take judicial notice that the unredacted filings identified herein are accessible on free, publicly searchable court-document databases outside of PACER, and that redaction of the PACER originals alone will not cure the exposure.

---

A detailed cross-case violation summary identifying specific docket entries, page numbers, and violation types across all nine affected cases has been lodged with the Court under seal (Doc. 100) for in camera review. That summary is omitted from this public filing to avoid creating a roadmap to the unredacted personal identifiers that remain accessible on the public docket and on third-party court-document databases.

**Summary of findings:** 9 of 19 WM Law cases audited (47%) contain confirmed Rule 9037(a) violations. 12+ full bank account numbers exposed. 7 false Box 38 certifications filed with this Court. 11+ non-party civilians' personal information exposed without notice or consent. Violations span 2022-2026 across two federal districts.

---

Dated: April 13, 2026                         Respectfully submitted,


_____
Dan Brown, President
Victory Cleaning Systems, Inc.


_____

_____
Appearing pro se for limited purpose

---

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2026, a true and correct copy of the foregoing document was filed with the Clerk of the United States Bankruptcy Court for the Western District of Missouri and served by first-class United States Mail, postage prepaid, on the following parties:

Ryan A. Blay
WM Law
blay@wagonergroup.com

Jeffrey L. Wagoner
WM Law
jeffwagoner@wagonergroup.com

Ryan M. Graham
WM Law
graham@wagonergroup.com

Errin P. Stowell
WM Law
stowell@wagonergroup.com

Chelsea Williamson
WM Law
williamson@wagonergroup.com

Austin B. Hayden
Pappas Hayden Westberg & Jackson PC
ahayden@phwjlaw.com

Adam E. Miller, United States Trustee
400 E. 9th St., Room 3440, Kansas City, MO 64106
adam.e.miller@usdoj.gov

Robbin Messerli, Sub V Trustee
PO Box 8686, Prairie Village, KS 66208
rob.messerli@gunrockvp.com

_____
Dan Brown