**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **)** | |
| | **)** | |
| **VICTORY CLEANING SYSTEMS, INC.** | **)** | **CASE NO. 24-40010-CAN11** |
| | **)** | |
| **Debtor.** | **)** | |

**OBJECTION TO MOTION TO SEAL AND RESPONSES TO DEBTOR'S**
**"RESPONSES" TO MOTION TO WITHDRAW**

Jerry L. Jensen, Acting United States Trustee for Region 13 (the "UST"), hereby objects to the

Debtor's alleged motion to seal, and responds to the Debtor's "pro se" responses to WM Law's

Motion to Withdraw for the following reasons:

FACTUAL AND PROCEDURAL HISTORY

1. Victory Cleaning Systems, Inc. (the "Debtor") filed a Chapter 11, Subchapter V

   bankruptcy case on January 5, 2024.

2. Ryan Blay, and WM Law filed an application to be employed as counsel for the Debtor

   on January 11, 2024.  The application was not opposed and was granted on February 5,

   2024.

3. Daniel Brown is the sole shareholder of the Debtor.

4. On June 14, 2024, the Court confirmed the Debtor's Subchapter V Plan filed on April 4,

   2024 (the "Plan"), as amended by a stipulation between the Debtor and Ally Bank.  *See*

   ECF Doc. No. 49.

5. Subsequently, a dispute arose between First Citizens Bank, doing business as CIT Bank

   and the Debtor over the terms of the confirmed Plan.

6. As a result of this dispute, on January 28, 2026, Mr. Blay and WM Law sought to

   withdraw from representing the Debtor, alleging that a breakdown in the attorney-client

relationship has occurred and that he is unable to ethically carry out instructions given to him by the Debtor.

7. Since that time, Mr. Brown has filed a host of alleging pleadings appearing to oppose the motion to withdraw, including a response, and several supplements.

8. On April 10, 2026, Mr. Brown filed a purported "Motion to File Second Supplement to Debtor's Response to Motion of Ryan Blay to Withdraw as Attorney under Seal." *See* ECF Doc. No. 100.  Subsequently, Mr. Brown circulated to the UST and filed a purported redacted copy of the Second Supplement, although the document provided contains no actual redactions and may be a different, or altered copy of what was filed with the Court. *See* ECF Doc. No. 106.

9. On April 13, 2026, Mr. Brown filed his purported "Third Supplemental Documentation in support of Debtor's Response to Motion of Ryan Blay to Withdraw as Attorney." *See* ECF Doc. No. 105.

ARGUMENT

10. At the outset, the UST objects to the pleadings filed by Mr. Brown, because he is not a licensed attorney admitted to practice, and thus the filings fail to comply with Fed. R. Bankr. P. 9010(a)(2).  As Mr. Brown's own pleadings acknowledge, the Debtor may not proceed pro se or through a corporate officer not admitted to practice law. *See* Notes of Advisory Committee on Rules – 1983 to Fed. R. Bankr. P. 9010 ("This rule is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings prohibiting a corporation from appearing *pro se*.").  Thus, although the UST supposes the Court can generally consider the Debtor's view that it may be harmed

by the withdrawal of counsel, the Court cannot accept, nor act upon, the legal arguments or requests for relief raised by the pleadings and motions.

11. Regarding the motion to "seal" pleadings, the motion is not well taken for several reasons.  First, even if Mr. Brown could file it, it lacks any detail supporting the motion.  It simply indicates that it contains "sensitive information."  However, under the restrictive rules applicable to sealing documents in bankruptcy court, that alone is an insufficient basis.  *In re Neal*, 461 F.3d 1048 (8th Cir. 2006).

12. To the extent that Mr. Brown asserts that the document should be sealed because it contains references to material he alleges is protected under Fed. R. Bankr. P. 9037, his arguments are contrary to the plain text of the rule and borderline on frivolous, except in one narrow instance.

13. Rule 9037 does not apply to information of a corporate entity.  It applies only to information concerning "individuals" which are defined in Federal law to exclude corporations (see for example 11 U.S.C. § 101(41) (defining persons as an "individual, partnership OR corporation")(emphasis added)) - thus corporate information is not subject to Rule 9037 at all.  Second, personal email, address and phone numbers are not protected personal information in Rule 9037.  The plain text of the rule protects only an individual's: a) full Social Security Number of Taxpayer identification number; b) the year of an individual's birth; c) the full name of a minor or d) the full account of a financial account belonging to an individual.  The only allegation made by Mr. Brown that appears to violate the Rule is the allegation that a creditor disclosed Mr. Brown's personal social security number.  The UST notes that a motion to redact that document has been filed.  Contrary to the Debtor's arguments, the UST agrees with Mr. Blay that it

would be inappropriate for Mr. Blay to seek sanctions that would benefit Mr. Brown personally, such as personal credit monitoring.  It is the Debtor, and not Mr. Brown, who is Mr. Blay's client.  The remaining allegations are unfounded, as the Debtor's information is not protected by the rule and any additional items, such as addresses and phone numbers are not subject to redaction under the rule.

14. The UST takes no position on the motion to withdraw.  Although the UST is sensitive to the concerns raised that the Debtor is unable to find other counsel, it may very well be this is a situation brought on by Mr. Brown making unreasonable demands of Mr. Blay.  For example, Mr. Brown appears to admit in the Third Supplement that he created a pleading, apparently using generative Artificial Intelligence, to which he demanded Mr. Blay sign and file.  Mr. Blay refused.  Since Mr. Brown filed the document as an attachment, the UST reviewed it and believes that it contains gross misstatements of both the facts of this case and the law concerning Subchapter V confirmations.  Thus, it appears Mr. Blay's refusal to file the pleadings was justified.

15. Although Mr. Brown's pleadings are largely frivolous, he has raised some issues, which the UST has asked Mr. Blay to address.  For example, Mr. Blay acknowledges his ballot summary was inaccurate and that as a result, confirmation was sought under the wrong subsection of Section 1191. The UST has inquired how this error occurred.  Additionally, the Plan failed to address the claims of secured creditors which were admitted in the Debtor's schedules, which has caused some of the confusion between the Debtor and the creditors over the Plan implementation.  As the UST has discussed with Mr. Blay, these actions may warrant the reduction of fees, or some other appropriate sanctions.  However, the UST has given Mr. Blay and his firm a period of time to review the UST's concerns

and to prepare a response, and to determine if the parties can reach an agreement

regarding any appropriate remedies.

WHEREFORE, the United States Trustee prays for an order denying the Debtor's Motion to Seal

and for whatever other relief the Court deems just and proper.

Dated: April 14, 2026

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

JILL PARSONS
ASSISTANT UNITED STATES TRUSTEE

By:＿＿ /s/ Adam E. Miller
    Adam E. Miller, Mo. Bar #65429
    Trial Attorney
    Office of the U.S. Trustee
    400 East 9th St., Ste 3440
    Kansas City, MO 64106
    Telephone:  (816) 512-1940
    Telecopier: (816) 512-1967
    Email: adam.e.miller@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the United States Trustee's Objection was served upon the Debtor by electronic notification pursuant to Fed. R. Bankr. P. 7005, incorporating Fed. R. Civ. P. this 14th day of April, 2026 and to:

Daniel Brown
dan@vcleaning.com

By: /s/ Adam E. Miller
Adam E. Miller