Dan Brown

1000 W. 100th St.

Kansas City, MO 64114

danbrown20@gmail.com | (913) 269-2103

FILED

2026 JUN 15  AM 11: 59

PAIGE WYMORE-WYNN, CLK
U.S. BANKRUPTCY COURT
WEST DIST. OF MO

June 15 , 2026

Clerk of the Court

United States Bankruptcy Court

Western District of Missouri

400 E. 9th Street, Room 1510

Kansas City, MO 64106

**Re:** *In re Victory Cleaning Systems, Inc.*, **Case No. 24-40010-can11 (Chapter 11, Subchapter V), Hon. Cynthia A. Norton**
    **Filing of Limited Objection to Motion to Amend Order Granting Withdrawal of Counsel (Doc #114)**

Dear Clerk of the Court:

I am Dan Brown, the sole equity security holder and principal of the Debtor, appearing individually and pro se as a party in interest, and not as counsel for the Debtor. The Motion at Doc #114 was served on me and names me personally, and its Notice directs parties without counsel where and how to file a response. Because I am not a registered CM/ECF filer, I am submitting the enclosed document for filing in paper form.

Enclosed for filing in the above-captioned case is the original of the following, with its attachments:

**Limited Objection and Notice of Dan Brown, Equity Security Holder and Party in
    Interest, Regarding Motion to Amend Order Granting Withdrawal of Counsel (Doc
    #114)**, which includes:

  • the Declaration of Dan Brown (28 U.S.C. § 1746);

  • Exhibit A (the "Ballots" section of WM Law's April 24, 2026 written response to the
  United States Trustee, as produced to the Debtor);

  • the Supplemental Declaration of Dan Brown Regarding Efforts to Retain Replacement
  Counsel; and

  • a proposed form of Order.

I have enclosed two additional copies. I respectfully request that the Clerk file-stamp one copy and return it to me for my records; I am present in person to receive it.

As reflected in the Certificate of Service included with the enclosed filing, I am not a registered CM/ECF user and am filing in paper form. Upon the Clerk's docketing of this filing, the Court's CM/ECF system will transmit a Notice of Electronic Filing, with electronic access to the documents, to all parties registered to receive electronic notice in this case, including counsel of record for the withdrawing firm (WM Law, c/o Ryan M. Graham), the Office of the United States Trustee (Adam E. Miller), and the Subchapter V Trustee (Robbin L. Messerli).

Thank you for your assistance.


Respectfully,


Dan Brown
Individually and pro se
Equity security holder and principal of the Debtor


Enclosures: as stated above (original + 2 copies)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Case No. 24-40010-can11 |
| **VICTORY CLEANING SYSTEMS, INC.,** | Chapter 11 (Voluntary) |
| Debtor. | Subchapter V |
| | Hon. Cynthia A. Norton |

---

### LIMITED OBJECTION AND NOTICE OF DAN BROWN, EQUITY SECURITY HOLDER AND PARTY IN INTEREST, REGARDING MOTION TO AMEND ORDER GRANTING WITHDRAWAL OF COUNSEL (DOC #114)

Dan Brown, an equity security holder and the principal of the Debtor, submits this Limited Objection and Notice individually and on his own behalf, as a party in interest under 11 U.S.C. § 1109(b) ("[a] party in interest, including . . . an equity security holder . . . may raise and may appear and be heard on any issue in a case under this chapter") and 28 U.S.C. § 1654 - not as counsel for the Debtor, which he understands cannot appear in this Court except through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). The Debtor's own List of Equity Security Holders, filed with the petition under Fed. R. Bankr. P. 1007(a)(3), identifies Mr. Brown as the Debtor's sole equity security holder and 100% owner (Doc #1 at 11). Mr. Brown responds because the Motion (Doc #114) was served to his e-mail address and received by him, names him personally, and its Notice expressly directs parties without counsel how and where to file a response. The Debtor itself has no attorney willing to appear and act on its behalf: despite months of diligent effort to retain counsel for the Debtor from numerous firms across the region, including offers to pay, none has agreed to enter an appearance; the Debtor's silence is therefore not consent, and the Motion should not be treated as unopposed. To the extent the Court concludes Mr. Brown may not be heard on any point below, he respectfully asks that this filing be received as information bearing on the Court's independent determination of whether Rule 60(a) authorizes the relief the Motion seeks - a determination the Court may make "on motion or on its own," Fed. R. Civ. P. 60(a) (made applicable by Fed. R. Bankr. P. 9024), and must make before granting the Motion regardless of who raises it.

1. **Mr. Brown does not oppose the firm's withdrawal.** An attorney may not be compelled to continue an unwanted representation, and Mr. Brown does not ask the Court to keep the firm in this case against its will. This Limited Objection goes to two things only: the use of Rule 60(a) as the *vehicle* to expand the scope of the April 15, 2026 ruling, and the *retroactive effect* the Motion seeks. Mr. Brown further asks that any relief not be read to discharge obligations the firm continues to owe its former client.

2. **The Order is the Court's own expression of its ruling, and the Motion identifies no different decision for the Order to be conformed to.** Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made."

*Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (per curiam)); it does not reach a deliberate or substantive determination, *id.* (affirming denial of Rule 60(a) relief where the district court's action was intentional). The April 15, 2026 Order (Doc #112) is a text entry of the Court itself - not a party-drafted form order in which a scrivener's slip might intervene - and it reads: "The Motion for Ryan Blay to Withdraw as Attorney for Victory Cleaning Systems, Inc. is hereby GRANTED." (Doc #112, quoted at Doc #114 ¶8.) The Court's own entry thus both describes the motion as one *for Ryan Blay* to withdraw and grants it in those terms. Mr. Brown acknowledges that Rule 60(a) can reach an order that fails to reflect "what was understood, intended and agreed upon by the parties and the court." *United States v. Mansion House Ctr. N. Redev. Co.*, 855 F.2d 524, 527 (8th Cir. 1988) (per curiam) (quoted in *Kocher*, 132 F.3d at 1229). But Doc #114 identifies no statement of the Court extending the April 15 ruling to any attorney other than Mr. Blay, and the contemporaneous record refutes any shared understanding that the firm was withdrawn on April 15. After that date the firm continued to act in this case with respect to the representation: it produced a portion of the Debtor's client file on May 15, 2026, and it filed the present Motion - seeking, six weeks later, an order it would not need if a firm-wide withdrawal had already been ordered on April 15. The Motion itself, moreover, alleges that even after April 15 "Mr. Brown continues to email WM Law insisting the remaining attorneys and staff of WM Law . . . remain court mandated as Debtor's counsel" (Doc #114 ¶11); the movant's own pleading thus refutes any shared contemporaneous understanding that the firm was withdrawn. On this record there is no demonstrated gap between decision and expression for Rule 60(a) to close; the movant bears the burden of showing one from the record, and the Motion does not attempt that showing.

3. **Expanding the ruling from the named attorney to the firm is substantive, not clerical, because Rule 60(a) conforms an order to the decision the Court rendered, not to the relief the movant requested.** Mr. Brown acknowledges that the Motion to Withdraw (Doc #78) defined the movant as "attorney Ryan A. Blay of WM Law firm (collectively hereinafter 'WM Law')" and requested, in its prayer, that "WM Law" and "the undersigned" be permitted to withdraw. But the question under Rule 60(a) is not what the movant asked for; it is what the Court decided. An order granting narrower relief than a motion requested is not, without more, a misrecording of the decision: such an order is at minimum consistent with a narrowing the Court was entitled to enter, and the movant must show from the record that the Court actually decided the broader relief and that only the expression of that decision miscarried. *See Kocher*, 132 F.3d at 1229. As set out in paragraph 2, the Motion makes no such showing; the relief it seeks would not *correct* the record of a firm-wide ruling, it would *supply* a firm-wide ruling - through Rule 60(b) reconsideration or a new motion, if at all, not through a clerical amendment.

4. **A firm-wide withdrawal is, under this Court's own rules, a discretionary and substantive adjudication - exactly what Rule 60(a) cannot supply.** If the firm seeks a firm-wide withdrawal, the proper course is a motion under W.D. Mo. Bankr. Local Rule 2019-1 (Attorneys - Withdrawal and Substitution) (formerly Local Rule 2091-1; renumbered in the Court's Local Rules adopted January 5, 2026). Local Rule 2019-1(A) provides that an attorney of record may withdraw "only by Court permission," and that "[a]n order will not be entered until new counsel enters an appearance, except for good cause" - a determination the rule commits to the Court's discretion upon a showing the Motion does not make. That successor-counsel condition is no formality here: it protects a client that cannot appear or be heard except through licensed counsel. *Rowland*, 506 U.S. at 202. The April 15 ruling withdrew a single attorney, and no order has withdrawn the firm or its other attorneys employed under the Court's employment order (Doc #18); no successor counsel has appeared. An amendment recasting the April 15 Order as a firm-wide withdrawal would therefore decide - by clerical relabeling, retroactively, and without the showing Local Rule 2019-1(A) contemplates - the very question that rule reserves for substantive adjudication. Rule 60(a) is not a vehicle for that result.

5. **The retroactive date is independently improper, and it is the heart of the prejudice.** Separate from scope, the Motion asks that any firm-wide withdrawal be made effective retroactively to April 15, 2026. That is not a clerical correction; it is a substantive change in legal rights, which Rule 60(a) does not reach. *See Kocher*, 132 F.3d at 1229. A retroactive entry on a court's records may reflect only what the court actually decided as of the earlier date; it "cannot make the record what it is not." *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 140 S. Ct. 696, 700-01 (2020) (per curiam) (quoting *Missouri v. Jenkins*, 495 U.S. 33, 49 (1990)) (a nunc pro tunc entry "presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court" (quoting *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390 (1912)), and may not rewrite the record). A genuine clerical correction prejudices no one and requires no particular effective date; the Motion's insistence on back-dating six weeks is itself evidence that it seeks more than a clarification - the relief cannot be both harmless and necessary. And the back-dating is not cosmetic. It would retroactively recharacterize the period between April 15, 2026 and entry of any amended order: who bore the duties and responsibilities of counsel of record for the Debtor during those weeks; in what capacity the firm acted when it produced a portion of the Debtor's client file on May 15, 2026; and in what capacity it filed the present Motion. The firm's own need to bring this Motion confirms that the firm-wide withdrawal it now seeks had not occurred as of April 15. If the Court conforms or amends the Order's scope, it should do so prospectively from the date of entry, without recharacterizing the intervening period.

6. **Withdrawal does not extinguish surviving duties.** Independent of scope and timing, the firm's obligation to surrender the complete client file survives the representation. Mo. Sup. Ct. R. 4-1.16(d); accord KRPC 1.16(d). That obligation runs to the firm as the Debtor's counsel and the custodian of the Debtor's file - the firm itself produced a portion of that file to the Debtor on May 15, 2026 - and it is not extinguished by the withdrawal of a single attorney within the firm. In WM Law's written response to requests for information posed by the Office of the United States Trustee on April 10, 2026 - a response written in the first person and transmitted by Ryan A. Blay to the United States Trustee on April 24, 2026, and produced to the Debtor in the firm's May 15, 2026 production, the "Ballots" section of which is attached as **Exhibit A** - under the heading "1. Ballots," counsel represented that the signed ballots "were saved in a Ballots folder"; that he "prepared (on or around May 22) a ballot summary showing accepting votes from First Citizens Bank and American Express Bank . . ." - a reference, in context, to the May 2024 plan balloting; and that "[a] second version of the ballot summary was prepared, and this was ultimately the version filed." The ballot summary showing accepting votes has not been produced; the only May 22, 2024 ballot summary in the firm's production is the "No Vote" version that was filed. A document the firm's own counsel represents that he created is, by that representation, part of the client file, and its non-production shows the surrender remains incomplete. The firm has acknowledged receipt of Mr. Brown's litigation hold, and Mr. Brown respectfully requests that all client-file items - including both versions of the ballot summary referenced in counsel's response - be preserved pending complete surrender of the file. *See* Mo. Sup. Ct. R. 4-1.22. Whatever the Court does with Doc #114, no order entered on the Motion should be read to treat the firm's surviving file-surrender duty as discharged - and Mr. Brown, whose equity interest is directly affected by the completeness of the estate's records, does not consent to any retroactive effect that would do so.

---

## RELIEF REQUESTED

Mr. Brown respectfully requests that the Court:

(a) **deny the Motion (Doc #114)** to the extent it seeks, through Rule 60(a), to expand the April 15, 2026 ruling beyond its terms, and direct that any firm-wide withdrawal proceed instead by a motion the Court can adjudicate as such under Local Rule 2019-1; and, in considering the Motion, **not treat it as unopposed** merely because the corporate Debtor cannot appear except through licensed counsel;

(b) **in all events, decline to give any amendment retroactive effect**, recognizing any firm-wide withdrawal only prospectively from the date of entry, without recharacterizing the period from April 15, 2026 through entry; and

(c) **alternatively, and to remove any need for further motion practice:** Mr. Brown expressly does not oppose, and consents to, entry of a new or amended order granting the withdrawal of WM Law and all of its attorneys as counsel for the Debtor, effective on the date of entry of that order; and

(d) **enter no order on the Motion that could be construed as discharging the firm's surviving obligations to its former client,** including the obligation to surrender the complete client file; and

(e) **confirm that nothing in this Limited Objection, in Mr. Brown's non-opposition to prospective withdrawal, or in any order entered on the Motion, waives, limits, releases, or prejudices any claim, right, or remedy of Mr. Brown or the Debtor's estate** against WM Law or any of its present or former attorneys, including under 11 U.S.C. § 329 and the applicable rules of professional conduct, all of which are expressly reserved; and

(f) grant such other relief as is just.

A proposed form of order reflecting the relief described in paragraphs (b) through (e) accompanies this Limited Objection. A Supplemental Declaration of Dan Brown Regarding Efforts to Retain Replacement Counsel, supporting the efforts to retain counsel described above, also accompanies this Limited Objection.

---

## DECLARATION OF DAN BROWN (28 U.S.C. § 1746)

I, Dan Brown, declare under penalty of perjury that the following is true and correct:

1. Beginning before April 15, 2026, and continuing over the past several months, I have repeatedly and diligently sought to identify and retain counsel willing to enter an appearance for the Debtor, contacting numerous firms across the region and offering to pay; no counsel has agreed to appear.

2. I received the Motion (Doc #114), which was served to my e-mail address; the Motion names me personally, and its Notice of Motion directs parties without counsel how and where to file a response.

3. I have reviewed the documents the firm produced to the Debtor on May 15, 2026. The only May 22, 2024 ballot summary I have located in that production is the filed "No Vote" version. I have not received, in that production or otherwise, the ballot summary showing accepting votes described in counsel's written response to the United States Trustee (Exhibit A).

4. Attached as Exhibit A is a true and correct copy of the "Ballots" section (Section 1) of that written response, as the firm produced it to the Debtor in its May 15, 2026 production; the

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Case No. 24-40010-can11 |
| **VICTORY CLEANING SYSTEMS, INC.,** | Chapter 11 (Voluntary) |
| Debtor. | Subchapter V |
| | Hon. Cynthia A. Norton |

### SUPPLEMENTAL DECLARATION OF DAN BROWN REGARDING EFFORTS TO RETAIN REPLACEMENT COUNSEL

I, Dan Brown, declare as follows:

1. I am the principal and sole equity security holder of Victory Cleaning Systems, Inc. ("the Debtor"). I make this Declaration of my own personal knowledge in support of the Limited Objection and Notice of Dan Brown regarding Doc #114 (the "Limited Objection"). If called as a witness, I could and would testify competently to the facts stated below.

2. Beginning in March 2026, while the motion to withdraw of Ryan A. Blay was pending, and continuing since that withdrawal was granted on April 15, 2026, I have made diligent and continuing efforts to retain replacement counsel to represent the Debtor in this case. I have offered to pay for the representation. Those efforts have spanned the Kansas City metropolitan area and, more broadly, the Western District of Missouri, including Springfield, Jefferson City, Joplin, and Columbia, as well as St. Louis (in the Eastern District of Missouri).

3. To date, the Debtor has been unable to retain replacement counsel. The firms and attorneys that responded with a decision declined the representation; one is conflicted; and others did not result in an engagement. The following table records representative contacts. It is not necessarily exhaustive of every attorney or firm I approached.

| Firm / Attorney | Date(s) contacted | Outcome |
|---|---|---|
| Sader Law Firm (Bradley McCormack), Kansas City | Mar. 6, 2026 | Declined |
| Phillips & Thomas LLC (George Thomas), Kansas City | Mar. 8, 2026 | Declined |
| DannLaw (Brian Flick) | Mar. 10, 2026 | Declined |
| Presley & Presley (Kirk Presley), Kansas City | Mar. 13, 2026 | Declined |
| Dowd & Dowd, St. Louis | Mar. 17, 2026 | Declined |

| Firm / Attorney | Date(s) contacted | Outcome |
|---|---|---|
| Krigel Nugent + Moore, P.C. (Erlene Krigel), Kansas City | Mar. 19, 2026; renewed June 4, 2026 | Declined (twice) |
| Skinner Law LLC (Nancy Skinner), Olathe | (ongoing) | Represents me individually in a separate Chapter 13 matter; has not undertaken the Debtor's representation |
| Licata Bankruptcy Firm PC, Springfield | June 5, 2026 | Declined |
| Reed Law PC, Jefferson City | June 4, 2026 | Contacted; no engagement |
| Collins, Webster & Rouse PC, Joplin | June 4, 2026 | Contacted; no engagement |
| Boul & Associates PC, Columbia | June 4, 2026 | Contacted; no engagement |

4. I am also advised that bankruptcy practice in this District does not permit a true limited-scope appearance: an attorney who appears becomes counsel of record and must obtain leave of court to withdraw. That fact has further narrowed the pool of counsel willing to appear for a single contested matter, even where, as here, the Debtor has offered to pay.

5. As a result of the foregoing, the Debtor remains involuntarily unrepresented and cannot appear in this Court except through licensed counsel. I submit the Limited Objection individually and on my own behalf as a party in interest under 11 U.S.C. § 1109(b), of necessity, not by choice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _June 15_, 2026.

_Dan Brown_
Dan Brown
Principal and sole equity security holder, Victory Cleaning Systems, Inc.

1000 W. 100th St., Kansas City, MO 64114 | danbrown20@gmail.com | (913) 269-2103