**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **IN RE** | ) |
| | ) **Case No. 24-40010-can11** |
| **Victory Cleaning Systems, Inc.,** | ) |
| **Debtor.** | ) |
| | ) |

**ORDER DENYING MOTION TO AMEND ORDER GRANTING MOTION TO
WTHDRAW OF WM LAW AS COUNSEL FOR THE DEBTOR**

On January 5, 2004, Ryan Blay, an attorney duly admitted to practice before this Court, filed a voluntary petition for Subchapter V Chapter 11 relief for Debtor Victory Cleaning Systems, Inc. ECF No. 1.  Mr. Blay, as a member of the law firm WM Law, PC, signed the petition as attorney for the Debtor. The petition was also signed by Dan Brown, as "Owner" of Victory Cleaning.

On January 11, 2024, Mr. Blay filed a document captioned "Application for Employment of Attorneys for Debtor And Preliminary Approval of Fee Arrangement." ECF No. 13.  When Mr. Blay filed the Application, he (or someone acting on his behalf) described it on the Court's docket as "Application by Debtor to Employ Professional WM Law firm's Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Ryan M. Graham, Errin P. Stowell, Chelsea Williamson; and Paralegals, Douglas Sisson, Ana Van Noy, Betsy Hayman, and Rosana Tovalin on behalf of the Debtor and Debtor-in-Possession as Attorney/Firm." ECF No. 13.

Mr. Blay was the only attorney who submitted an "Affidavit of Disinterestedness" in support of the Application, however, and no other WM Law attorney thereafter filed an entry of appearance. Mr. Blay was thus the only WM Law attorney of record in the case. *See* Fed. R. Bankr. P. 2014(c) (an "applicant" seeking approval of employment must filed a verified statement); *see also* Fed. R. Bankr. P.  9010(b) (an attorney appearing for a party in a case must file an entry of

appearance, unless the appearance is already noted in the record). Despite the technical procedural infirmities of attempting to employ multiple attorneys with one affidavit and attempting to employ non-attorney paralegals and staff (as opposed to merely seeking approval of their hourly rates), the Court approved the Application after no one objected. ECF No. 18.

Later, Mr. Blay also filed a First Application for compensation. ECF No. 55. That Application also shows that Mr. Blay was the only WM Law attorney who provided legal services to Victory Cleaning.  Although the Court approved the First Application on an interim basis [ECF No. 57] (*see* 11 U.S.C. § 331), Mr. Blay has not filed a final application for approval of his fees and expenses, and the fees of the two paralegals who billed minimal time.

On January 28, 2026, Mr. Blay filed a motion to withdraw, docketed as "Motion to Withdraw as Attorney Filed by Victory Cleaning System, Inc. WM Law Firm." ECF No. 78. Mr. Brown, acting *pro se*, objected to the motion to withdraw, raising numerous objections. ECF No. 82. The Court allowed Mr. Brown as the owner and a party in interest to appear and argue his objections, but ultimately granted the motion to withdraw. As to certain other affirmative relief Mr. Brown sought on behalf of his corporation, Victory Cleaning, the Court advised Mr. Brown, however, that he would need to obtain counsel before seeking such relief. *See* Fed. R. Bankr. P. 9010. Although the motion to withdraw requested an order allowing "WM Law" to withdraw as counsel, since Mr. Blay was the only WM Law attorney of record, the Court's text order dated April 15, 2026, stated that "The Motion for Ryan Blay to Withdraw as Attorney for Victory Cleaning Systems, Inc. is hereby GRANTED." ECF No. 112.

On May 27, 2026, WM Law attorney Ryan Graham, as Counsel for WM Law, filed a motion pursuant to Fed. R. Civ. P. 60(a) as made applicable by Fed. R. Bankr. P. 9024(a) to amend the Court's April 15 Order "to clarify that the **ENTIRE LAW FIRM OF WM LAW**, including

all attorneys, staff, full-time employees, part-time employees, interns, and agents of the firm, was and is granted withdrawal as Counsel for Debtor" and requesting the opportunity to submit his own order, instead of relying on the Court's text order (emphasis in original) . ECF No. 114. Mr. Graham alleges that Mr. Brown "continues to email WM Law insisting the remaining attorneys and staff of WM Law referenced in the initial Application to Employ WM Law as Counsel for Debtor (Doc.# 13) and corresponding Order (Doc. # 18) remain court mandated as Debtor's counsel."

Mr. Brown, again acting *pro se*, has filed a limited objection. ECF No. 115. He requests that the Court consider his objection as a party in interest. In essence, Mr. Brown states that he does not oppose entry of an order granting withdrawal of all WM Law attorneys, provided that the authority for the withdrawal proceed under L.R. 2019-1, and not Rule 60(b); that nothing in the order expand the original April 15 Order of withdrawal beyond that Order's original terms; that any subsequent order regarding the withdrawal of WM Law attorneys be effective only as of the date of that subsequent order, and not retroactively; and that nothing in the order be construed as discharging the ethical obligations WM Law owes to a former client, or prejudices any of his or Victory Cleaning rights against WM Law and it current and former attorneys.

The Court agrees that Mr. Brown as the equity owner of Victory Cleaning has standing to object to the Motion and will therefore consider his limited objection. The Court agrees with Mr. Brown that Rule 60(a), which authorizes the Court to fix clerical mistakes, oversights or omissions in its orders does not apply. The Court's April 15 Order was entered correctly, consistent with what the record reflected as far as who was counsel of record. The only counsel of record was Mr. Blay. Expanding the April 15 Order to include parties who were neither counsel of record nor attorneys

3

authorized to be employed under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 would be a substantive change to the April 15 Order not authorized by the Bankruptcy Code or Rules.

That being said, as of April 15, 2026, when the Court authorized Mr. Blay to withdraw as counsel of record under L.R. 2019-1, without substitution of new counsel, for "good cause," that as a matter of law also meant that any attorney-client relationship between Victory Cleaning and WM Law was terminated. The Court's Order authorizing an attorney to withdraw does not as a matter of law impact any ethical obligations that such attorney or his law firm may owe to a former client under applicable rules of professional conduct, nor does it waive or prejudice any parties' rights.

Given that there is no legal or equitable basis to amend the Court's April 15 Order, since it does not contain any clerical error or mistake, the Motion is therefore DENIED.

IT IS SO ORDERED.

DATED: July 2, 2026  /s/ Cynthia A. Norton
Cynthia A. Norton, Chief U.S. Bankruptcy Judge