**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

FILED
AUG 24 2026
PAIGE WYMORE-WYNN, CLK
U.S. BANKRUPTCY COURT
WEST DISTRICT
OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-40010-can11 |
| **VICTORY CLEANING SYSTEMS, INC.,** | ) | |
| | ) | Chapter 11 (Voluntary) |
| Debtor. | ) | Subchapter V |
| | ) | |

**NOTICE BY DAN BROWN, PARTY IN INTEREST, REGARDING COMPENSATION NOT YET FINALLY ALLOWED**

Dan Brown, appearing individually as principal, equity security holder, and party in interest under 11 U.S.C. § 1109(b), respectfully submits this informational Notice. It is not a motion and requests nothing. Appearing without counsel, the undersigned neither seeks nor may seek relief on behalf of the corporate Debtor.

**THE POSTURE OF THE CASE**

1. The Court confirmed the Debtor's plan on June 14, 2024 under 11 U.S.C. § 1191(b) (Doc. 49). The case remains open.

2. On July 29, 2024, the Court granted the application for compensation of Ryan A. Blay and the firm of Wagoner Bankruptcy Group, P.C., d/b/a WM Law ("the firm"), awarding fees of $14,252.00 and expenses of $190.90, together $14,442.90 (Doc. 55; Doc. 57). The application covered services from January 5, 2024 through June 30, 2024 (Doc. 55). The Court granted that application on an interim basis (Doc. 118). See 11 U.S.C. § 331.

3. In its order of July 2, 2026 denying the firm's motion at Doc. 114, the Court stated that the first application was approved "on an interim basis [ECF No. 57] (see 11 U.S.C. § 331)," and that "Mr. Blay has not filed a final application for approval of his fees and expenses, and the fees of the two paralegals who billed minimal time" (Doc. 118). The Court authorized Mr. Blay's withdrawal on April 15, 2026. As of the Court's order of July 2, 2026, no final application had been filed, and none has been served on the undersigned since. In its written response to the United States Trustee, produced to the undersigned on May 15, 2026, the firm stated that it "retains the right to seek a final fee application."

4. The compensation of the Debtor's attorney was approved only on an interim basis and has never been submitted for final allowance. The order confirming the plan found that "[a]ny payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable" (Doc. 49).

**COMPENSATION**

5. The firm's billing records reflect an initial payment of $11,738.00 and subsequent collections of $8,000.00, applied in $500.00 increments, totaling $19,738.00. The undersigned signed the authorization for those collections on July 29, 2024, the date of the order at Doc. 57. The confirmed plan provided for payment of professional fees, after Bankruptcy Court approval, of $500.00 per month for twenty-four months commencing in July 2024, and stated that professional fees and expenses "must be noticed to Creditors and approved by the Bankruptcy Court prior to payment" (Doc. 29, § 2.1(A)). Of the initial payment, $1,738.00 was applied to the filing fee and $1,890.00 to pre-petition fees. In December 2025 the firm refunded $1,657.10 by check no. 005777. The balance, $14,452.90, was applied to fees and expenses for services in this case. No part of that balance has been finally approved, and it includes a charge of $350.00 for services rendered on July 8, 2024, after the period covered by the application at Doc. 55. The disclosure of compensation filed with the petition states that the firm agreed to accept and received a retainer of $10,000.00, together with $1,738.00 for the Chapter 11 filing fee, and that "Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer" (Doc. 1). That disclosure certifies that "the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding." The docket contains no supplemental statement under Federal Rule of Bankruptcy Procedure 2016(b) reflecting the subsequent collections.

6. On January 11, 2024, Mr. Blay filed an application to employ the firm's attorneys as counsel for the Debtor (Doc. 13), which the Court granted on February 5, 2024 (Doc. 18). As the Court's order at Doc. 118 states, the application at Doc. 55 "shows that Mr. Blay was the only WM Law attorney who provided legal services to Victory Cleaning," and "Mr. Blay was thus the only WM Law attorney of record in the case."

7. The Court's order at Doc. 118 further states that an order authorizing an attorney to withdraw "does not as a matter of law impact any ethical obligations that such attorney or his law firm may owe to a former client under applicable rules of professional conduct, nor does it waive or prejudice any parties' rights."

**THE RECORDS ON WHICH A FINAL ALLOWANCE WOULD REST**

8. The firm transmitted records to the undersigned in March 2026, fifteen PDF documents on May 5, 2026, and 270 electronic mail files and 45 PDF documents on May 15, 2026. In its May 15, 2026 cover letter the firm responded to the demands then outstanding, stating as to certain categories that materials had already been furnished, that so far as counsel was aware the documents attached were the only remaining pre-filing or early post-filing documents the undersigned might not have, and that counsel had no way of sending Google Chat information in any readable format. In its written response to the United States Trustee, produced the same day, the firm stated that its in-office communication at the relevant time "was done largely through Skype" and that "Skype merged with Microsoft Teams and we no longer have access to any messages from the 2024 time period." The production was not accompanied by a privilege log or an index of materials not produced.

9. On June 24, 2026, the undersigned made a written demand for the complete client file. On July 9, 2026, the undersigned renewed the demand in writing and requested a complete written response, item by item, no later than July 23, 2026. The undersigned has received no written response to either demand and no further materials since May 15, 2026.

10. The firm has not produced the following categories of records. As to the records described in subparagraphs (a) and (c), the firm's May 15, 2026 responses are described in paragraph 8; the records described in subparagraph (b) were first demanded on June 24, 2026. No written response to either demand has been received, and no basis, of privilege or otherwise, has been stated in response to either demand:

a. the firm's conflict-check records and the engagement and fee agreement, as executed by the firm, underlying the application to employ (Doc. 13) and the affidavit of disinterestedness filed in support of it; the engagement letter dated November 28, 2023 produced by the firm bears the client's signature but is not executed by the firm;

b. the native time-billing export, the billing system's entry-creation history, and the client trust-account ledger and statements, in native form with metadata intact rather than in the summary PDF form produced; and

c. the firm's internal communications concerning the preparation, review, and filing of the 2024 ballot summary described in paragraph 12.

11. The application at Doc. 13 was captioned "Application for Employment of Attorneys for Debtor And Preliminary Approval of Fee Arrangement," and was supported by an affidavit of disinterestedness. In that application the firm affirmed that "compensation for the services rendered in this proceeding shall be subject to the approval of the Court upon application by the attorneys for the Debtor" (Doc. 13). In the affidavit the firm stated that it "is holding in trust any unbilled pre-petition retainer after application of earned pre-petition work and the Chapter 11 filing fee and agrees not to transfer these funds without approval of this Court" (Doc. 13). The affidavit further states that "[t]he foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b)" (Doc. 13). That affidavit and the disclosure of compensation filed with the petition are the only statements under section 329 and Rule 2016(b) that appear on the docket. The records described in paragraph 10(a) are the records on which that application and that affidavit rest. The records described in paragraph 10(b) are the firm's contemporaneous record of the time billed, the payments received, and the funds held in trust.

12. The firm's billing records also include an entry dated May 22, 2024, described as "Prepared ballot summary for filing," charged at $140.00. That charge is among the fees for which, as stated in paragraph 3, no final application had been filed. In its written response to the United States Trustee, produced by the firm on May 15, 2026, the firm states that on or around May 22, 2024 it prepared a ballot summary "showing accepting votes from First Citizens Bank and American Express Bank" and that "[a] second version of the ballot summary was prepared, and this was ultimately the version filed." The firm has not produced any ballot summary dated May

22, 2024 that records an accepting vote. The only ballot summary bearing that date in the firm's production, in either native or portable-document form, is the version filed as Doc. 39, which records no accepting vote as to any creditor. In its motion at Doc. 94, filed March 30, 2026, the firm stated that "Document 39 was filed in error by counsel." An amended summary of ballots was filed on March 19, 2026 and withdrawn (Docs. 91, 92), and a further summary of ballots was filed on March 30, 2026 (Doc. 93). The motion at Doc. 94 was denied on April 15, 2026 (Doc. 110).

13. The firm's billing records include an entry dated September 11, 2024, described as drafting a "Motion for final decree," charged at $175.00 and later written off. The motion the firm docketed as a Motion for Final Decree was filed September 16, 2024 (Doc. 60). It opens by naming, as "the Debtor and Debtor-in-possession herein," an individual who is not the Debtor in this case, defines that individual's name as the "Debtor," and later refers to the plan as "his Plan." The motion was withdrawn the same day (Doc. 61). The firm produced the filed version of that motion and a PDF rendering of a draft; it did not produce the native word-processing file from which the motion was generated, or its metadata.

**PURPOSE OF THIS NOTICE**

14. The undersigned respectfully observes that the matters described may be appropriate for:

a. a review of the reasonableness of the compensation paid or agreed to be paid to the Debtor's attorney under 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2017, which the Court may undertake on its own motion. See In re Clark, 223 F.3d 859 (8th Cir. 2000) (plan confirmation does not entitle counsel to a fee "without inquiry into its reasonableness"); and

b. an examination under Federal Rule of Bankruptcy Procedure 2004, which any party in interest, including the United States Trustee, may seek, and which may be directed to the production of documents and electronically stored information under Rule 9016.

15. The undersigned reserves his individual rights as a party in interest, which the Court's order at Doc. 118 provides are not waived or prejudiced, and stands ready, in his individual capacity, to provide information or to be heard should the Court or any party in interest consider these matters further.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 21, 2026.

Respectfully submitted,

Dated: August 21, 2026

Dan Brown 8·21·2026

Dan Brown
Individually, pro se, as principal, equity security holder, and party in interest
1000 W. 100th St., Kansas City, MO 64114

(913) 269-2103
danbrown20@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2026, I filed the foregoing Notice with the Clerk of the Court in paper form, and that on the same date I served a true and correct copy of it by United States mail, postage prepaid, on each of the following:

WM Law, c/o Ryan M. Graham
15095 W. 116th St.
Olathe, KS 66062

Ryan A. Blay
15095 W. 116th St.
Olathe, KS 66062

Office of the United States Trustee
Attn: Adam E. Miller
400 East 9th Street, Room 3440
Kansas City, MO 64106

Robbin L. Messerli, Subchapter V Trustee
6917 Tomahawk Rd.
P.O. Box 8686
Prairie Village, KS 66208

Dan Brown 8·21·2026
Dan Brown, Date: August 21, 2026