FILED
2026 SEP 25 PM 1:04
PAIGE WYMORE-WYNN, CLK
U.S. BANKRUPTCY COURT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 24-40010-can11 |
| VICTORY CLEANING SYSTEMS, INC., | ) |
| | ) Chapter 11 (Voluntary) |
| Debtor. | ) Subchapter V |
| | ) Hon. Cynthia A. Norton |
| | ) |

## LIMITED OBJECTION OF DAN BROWN, PARTY IN INTEREST, TO THE FINAL FEE APPLICATION OF WM LAW (ECF No. 126)

Dan Brown, appearing individually as principal, equity security holder, and party in interest under 11 U.S.C. § 1109(b), respectfully submits this limited objection and requests that the Court consider it in that capacity. He appears individually and not on behalf of the Debtor. He does not seek relief on behalf of the Debtor. This objection is limited to whether the Application (ECF No. 126) is supported by the record required for allowance, including the record on which the consideration required by 11 U.S.C. § 330(a)(3) depends, and whether it seeks final allowance of the compensation awarded at ECF No. 57 for the purpose of 11 U.S.C. § 330(a)(5).

## BACKGROUND

1. The Court granted the Debtor's application to employ counsel on February 5, 2024. (ECF No. 18.)

2. On July 5, 2024, an application captioned "INITIAL FEE APPLICATION" was filed covering services from January 5, 2024 through June 30, 2024. (ECF No. 55.) On July 29, 2024, the Court granted it, awarding fees of $14,252.00 and expenses of $190.90. (ECF No. 57.) In its order of July 2, 2026, the Court stated that it "approved the First Application on an interim basis [ECF No. 57] (see 11 U.S.C. § 331)" and that "Mr. Blay has not filed a final application for approval of his fees and expenses". (ECF No. 118, at 2.)

3. On August 26, 2026, the Court ordered that Mr. Blay show cause why a final application for compensation had not been filed, or in the alternative that one be filed within twenty-one days. (ECF No. 123.)

4. On September 16, 2026, Mr. Blay filed a response to that order (ECF No. 125) and the Application (ECF No. 126). The response stated that the application would be filed "in order to comply with the OSC, the Order Confirming Plan, and 11 U.S.C. Sec. 330 et. seq." (ECF No. 125.) On September 17, 2026, the Clerk gave notice that the Application "will not be considered by the court until the required Notice is served and filed". (ECF No. 127.) The order to show cause was vacated on September 18, 2026. (ECF No. 128.)

5. The Application seeks fees of $3,780 and expenses of $0 for 10.8 hours of services "from January 1, 2026 through April 15, 2026". (ECF No. 126, ¶¶ 6-7.) It states that "WM Law

has elected to write off any fees for work performed between July 1, 2024 and January 1, 2026." (Id. at 2.) It refers to "the previously approved Application for Compensation" without identifying it by docket number. (Id. ¶ 4.)

## I. THE APPLICATION DOES NOT PLACE THE COMPENSATION APPROVED ON AN INTERIM BASIS BEFORE THE COURT FOR FINAL ALLOWANCE

6. Section 330(a)(5) provides that the Court "shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331".

7. The Application covers January 1, 2026 through April 15, 2026. Fed. R. Bankr. P. 2016(a)(1) requires an entity that "seeks from the estate interim or final compensation for services" to file an application. The Application does not seek final allowance of the compensation awarded at ECF No. 57.

## II. THE ITEMIZED STATEMENT THE APPLICATION DESCRIBES IS NOT ON THE DOCKET

8. Section 330(a)(1) permits an award of "reasonable compensation for actual, necessary services rendered" by a professional person employed under section 327. Section 330(a)(2) provides that the Court may, "on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested." Section 330(a)(3) requires the Court, in determining the amount of reasonable compensation, to "consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" those enumerated in subparagraphs (A) through (F).

9. Fed. R. Bankr. P. 2016(a)(1)(A) requires an application to show "in detail the amounts requested and the services rendered, time spent, and expenses incurred". Local Rule 2016-3(C) provides that "[a] detailed, itemized statement of the kind required by Fed. R. Bankr. P. 2016(a) shall be filed with the application," that all such applications "shall be based upon contemporaneous time records," and that "[f]ailure to include this information may result in disallowance of fees."

10. The Application states at paragraph 6 that "[a]ttached hereto as Exhibit A are itemized billing statements of fees and expenses incurred by WM Law showing the total amount of $3,780 in attorney's fees and $0 in expenses for fees incurred from January 1, 2026 through April 15, 2026." (ECF No. 126, ¶ 6.) The document filed at ECF No. 126-1 is the creditor mailing matrix. No itemized statement appears in the filing. The docket entry for ECF No. 126 reads "5 pgs; 2 docs" and lists one attachment, identified as "Matrix". The application filed at ECF No. 55 states at paragraph 6 that itemized billing statements are attached as Exhibit A, and an itemized statement was filed with it. (ECF No. 55, ¶ 6; ECF No. 55-1.) The Application states that "[a]ttorneys and paraprofessionals of WM Law have expended a total of 10.8 hours" (id. ¶ 7). Local Rule 2016-3(C) requires that all such applications include "the attorney or other employee performing such services"; the Application does not identify them.

11. The Application states that the fees sought "include[] time spent due to the Debtor's principal's voluminous pro se objections to the Motion to Withdraw as Counsel." (ECF No. 126, ¶ 7.) It files no record from which the Court could determine how many of the 10.8 hours that time represents.

12. Section 330(a)(1) permits an award "[a]fter notice to the parties in interest and the United States Trustee". Local Rule 2016-3(C) provides that "[a]n application for professional fees and expenses and the required notice shall be served on debtor's attorney, the case trustee, the United States Trustee, the attorneys for all committees, and all parties who have requested service of notices". Paragraph (D) of the same rule provides that when an application seeks compensation exceeding $1,000, the applicant "shall serve on all creditors a notice (See Local Form - MOW 2016-3.1) stating: the amount of fees and expenses sought; period covered; number of previous applications filed; amounts of compensation previously sought and allowed; original retainer and balance". No notice under either paragraph appears on the docket.

## III. THE APPLICATION'S STATEMENT REGARDING FUNDS HELD IN TRUST DOES NOT STATE THE DATE OF THE TRANSFER

13. In the affidavit filed with the application to employ, Mr. Blay stated that "WM Law is holding in trust any unbilled pre-petition retainer after application of earned pre-petition work and the Chapter 11 filing fee and agrees not to transfer these funds without approval of this Court." (ECF No. 13, at 5, Affidavit ¶ 9.) The July 2024 application stated that the firm was holding $8,110 of the retainer in trust and would seek to apply it first to fees and expenses approved on that application, which the Court granted. (ECF No. 55, ¶ 4; ECF No. 57.)

14. The Application now states: "WM Law is not holding any funds in trust, all funds in trust were applied to the previously approved Application for Compensation. Any approved fees would be paid by Debtor directly." (ECF No. 126, ¶ 4.) No date on which any transfer of those funds was made accompanies the Application, and none appears elsewhere on the docket. Local Rule 2016-3(B) requires that an application be filed "with respect to all retainers and other payments made or fees sought," and that debtor's attorney disclose "all subsequent payments by filing a supplemental statement as required by Fed. R. Bankr. P. 2016(b)" until the case is closed by final decree. No supplemental statement under Fed. R. Bankr. P. 2016(b) appears on the docket. Fed. R. Bankr. P. 2016(a)(1)(B) requires an application to show "all payments previously made or promised for services rendered or to be rendered in connection with the case". The Application states the source of the compensation sought and that no compensation has been shared. (ECF No. 126, ¶¶ 9-10.) It does not state the amount of any payment previously made to the applicant in connection with the case, or the refund made in December 2025. See ECF No. 122, ¶ 5.

15. The undersigned respectfully submits that the Court may require the applicant to state the date on which the funds held in trust were applied before determining final allowance.

16. This objection asserts no position on the reasonableness of any particular service or charge sought in the Application. The undersigned reserves any position as to the reasonableness of services described in any itemized statement hereafter filed. Nothing in this objection asks that any record be produced to the undersigned or to the Debtor.

## PRAYER

WHEREFORE, the undersigned respectfully requests that the Court decline to approve the Application to the extent it is not supported by the itemized statement required by Fed. R. Bankr. P. 2016(a) and Local Rule 2016-3(C), to the extent the Application does not supply the record on which the consideration required by 11 U.S.C. § 330(a)(3) depends, and to the extent the Application does not seek final allowance of the compensation awarded at ECF No. 57 for the purpose of 11 U.S.C. § 330(a)(5); or, in the alternative, that the Court defer consideration of the Application until the itemized statement required by Fed. R. Bankr. P. 2016(a) and Local Rule 2016-3(C) is filed and the notice required by Local Rule 2016-3 is served and filed, without prejudice to the objections stated above.

Respectfully submitted,
Dated: 9.25, 2026

[signature]

Dan Brown
Individually, pro se, as principal, equity security holder, and party in interest
1000 W. 100th St., Kansas City, MO 64114
(913) 269-2103
danbrown20@gmail.com

## CERTIFICATE OF SERVICE

I certify that on 9.25, 2026, I served a true and correct copy of the foregoing Limited Objection by United States mail, postage prepaid, on each of the following:

WM Law, c/o Ryan M. Graham
15095 W. 116th St.
Olathe, KS 66062

Ryan A. Blay
15095 W. 116th St.
Olathe, KS 66062

Office of the United States Trustee
Attn: Adam E. Miller
400 East 9th Street, Room 3440
Kansas City, MO 64106

Robbin L. Messerli, Subchapter V Trustee
6917 Tomahawk Rd.
P.O. Box 8686
Prairie Village, KS 66208

[signature]

Dan Brown, Date: 9.25, 2026