**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | | |
|---|---|---|---|
| In re: | VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| | Debtor | ) | Chapter 11 (Voluntary), Subchapter V |

**AMENDED FINAL FEE APPLICATION OF WM LAW AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE OF COMPENSATION FROM JULY 1, 2024 THROUGH APRIL 15, 2026 AS AN ADMINISTRATIVE EXPENSE**

Pursuant to 11 U.S.C. §330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of WM Law applies to this Court for a final order authorizing the reasonable compensation for professional legal services rendered as counsel to Victory Cleaning Systems, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor"), in the amount of $3,780 and reimbursement of expenses in the amount of $0 for a total amount of $3,780 incurred from January 2, 2026 through April 15, 2026, along with Final the fees approved in ECF Doc. #57 of $14,252 and reimbursement of expenses of $190.90.

The movant also requests authorizing the immediate payment of said legal fees and expenses in accordance with Title 11 of the United States Code. In support of this Amended Application, WM Law respectfully states as follows:

## BACKGROUND

1. Debtor filed a voluntary petition under Subchapter V, Chapter 11 of Title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") on January 5, 2024 (the "Petition Date").
2. WM Law was employed under a general retainer to represent Debtor as bankruptcy counsel in connection with this Chapter 11 case. On February 5, 2024, this Court entered an order approving the Debtor's Application to Employ WM Law as Counsel. (Doc. #18).
3. WM Law's representation of Debtor is upon the fee basis set forth in the engagement letter - at the rate of $350.00 per hour for services by WM Law's attorneys and $175 per hour for paralegals.
4. Prior to filing the Chapter 11 case, the Debtor provided WM Law with a retainer of $10,000 plus $1,738 for the Chapter 11 filing fee.
5. Prior to filing, WM Law applied $1,890 of the $10,000 toward pre-filing earned fees and paid the Chapter 11 filing fee with the $1,738 amount, leaving $8,110 in trust.
6. The Debtor's Chapter 11 Plan was confirmed on June 14, 2024, by Docket #49.
7. On July 29, 2024, this Court granted the Movant's request for the First Interim Fee Application, awarding $14,252 in attorney's fees and $190.90 in expenses (Doc. #57). This application covered the time period of January 5, 2024, through June 30, 2024.

8. To address these fees, WM Law applied the remaining $8,110 in trust and requested monthly payments by ACH from the Debtor toward approved fees as anticipated by the Debtor's confirmed Chapter 11 Plan.

9. From July 31, 2024, through December 1, 2025, WM Law received $8,000 from ACH Payments of the Debtor. There were 16 payments of $500 per month.

10. In December 2025, WM Law refunded the Debtor $1,657.10 in overpayments as it had not filed an application for further fees.

11. WM Law has not received any payments since that time.

12. This Court granted Ryan Blay's Motion to Withdraw as counsel on April 15, 2026 (Doc. #112).

13. WM Law is not holding any funds in trust, all funds in trust were applied to the previously approved Application for Compensation. Any approved fees would need to be paid by Debtor directly as a court approved Administrative Expense under 11 U.S.C.. §503(b)(2).

14. All services for which compensation is requested by WM Law were performed for or on behalf of the Debtor and were necessary for the proper administration of the bankruptcy estate.

## SUMMARY OF SERVICES RENDERED

15. Attached hereto as **Exhibit A** are itemized billing statements of fees and expenses incurred by WM Law showing the total amount of $3,780 in attorney's fees and $0 in expenses for fees incurred from January 2, 2026 through April 15, 2026. Movant asks this Court to approve those fees as well as granting final allowance of the fees previously subject to the approved fee application in 2024.

## VALUATION OF SERVICES

16. Attorneys a of WM Law have expended a total of 10.8 hours in connection with this matter from January 2, 2026 through April 15, 2026. The services rendered by WM Law as counsel for Debtor from January 2, 2026 through April 15, 2026 in the amount of $3,780 in attorney's fees and $0 in expenses were all relevant to representation of the Debtor and includes time spent due to the Debtor's principal's voluminous pro se objections to the Motion to Withdraw as Counsel.

17. In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title.

18. Services were done in a reasonable time given the case complexity. The work performed demonstrated the skill and experience in bankruptcy of the Applicant.

## CASE STATUS

19. No compensation has been shared by WM Law with any person, and no agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in connection with this case.

20. The source of compensation sought is from the Debtor..

21. Because WM Law is no longer counsel for the Debtor and has no access to Debtor's financials, it has no ability to determine the status of the Debtor's Chapter 11 Plan or Debtor's ability to pay any awarded fees.

## EXCLUDED SERVICES

WM Law has elected to write off any fees for work performed between July 1, 2024 and January 1, 2026. Accordingly, WM Law is not seeking reimbursement for any work performed during that time frame. Additionally, WM Law is not seeking reimbursement for work performed after being granted withdrawal on April 15, 2026, or on its Motion to Modify the Confirmation Order, as that motion was ultimately denied.

**WHEREFORE**, WM Law seeks approval as an Administrative Expense under 11 U.S.C. §503(b)(2) of legal fees in the amount of $3,780 in attorney's fees and $0 in expenses for a total amount of $3,780 incurred from July 1, 2024 through April 15, 2026, along with final allowance of the fees ($14,252 in attorney's fees and $190.90 in expenses) approved in ECF Doc. #57 in 2024 pursuant to 11 U.S.C. §330.

Dated: August 26, 2026
.

Respectfully submitted,
WM Law

/s/ Ryan A. Blay

Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
FORMER ATTORNEYS FOR DEBTOR, VICTORY CLEANING SYSTEMS, INC.

## NOTICE OF MOTION

Any response to the motion must be filed within 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Parties represented by an

attorney shall file electronically at https://ecf.mowb.uscourts.gov . Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem. The Court will serve such response electronically on the Trustee, debtor's attorney and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no response is filed within 21 days, the Court will enter an order.

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-466-9302.

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2026, the foregoing was delivered via e-mail to the parties listed below that are registered to receive electronic filings on ECF, and regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings on ECF.

**[See attached mailing matrix]**

s/ Ryan A. Blay