**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: VICTORY CLEANING SYSTEMS, INC. | ) | Case No. 24-40010 |
| Debtor | ) | Chapter 11 (Voluntary), Subchapter V |

**WM LAW'S MOTION TO STRIKE LIMITED OBJECTION OF DAN BROWN, PARTY IN INTEREST, TO THE FINAL FEE APPLICATION OF WM LAW (ECF No. 126)**

Now Comes WM Law, by and through attorney Ryan Blay, and for its Motion to Strike Dan Brown's Limited Objection to the Final Fee Application of WM Law (ECF No. 126), states as follows:

## BACKGROUND

1. Debtor filed a voluntary petition under Subchapter V, Chapter 11 of Title 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") on January 5, 2024 (the "Petition Date").

2. WM Law was employed under a general retainer to represent Debtor as bankruptcy counsel in connection with this Chapter 11 case. On February 5, 2024, this Court entered an order approving the Debtor's Application to Employ WM Law as Counsel. (Doc. #18).

3. The Debtor's Chapter 11 Plan was confirmed on June 14, 2024, by Docket #49.

4. On July 29, 2024, this Court granted the Movant's request for the First Interim Fee Application, awarding $14,252 in attorney's fees and $190.90 in expenses (Doc. #57). This application covered the time period of January 5, 2024 through June 30, 2024.

5. This Court granted Ryan Blay's Motion to Withdraw as counsel on April 15, 2026 (Doc. #112).

6. WM Law filed a Final Fee Application (Doc. #126, to which Mr. Brown's objection pertains), and subsequently an Amended Final Application for Compensation (Doc. #132). It is unclear from the argument if the objection pertains to the Amended Application or not.

## ARGUMENT

7. Although Mr. Brown states he is a "party in interest", he lacks standing to raise this objection on an individual basis. To the extent Mr. Brown seeks any recovery or disallowance of fees, he fails to show how any recovery would flow to him personally and therefore provide him with a personal pecuniary interest.

8. Further, Mr. Brown, although noting himself as "principal, equity security holder" affirmatively states he is not bringing the objection on behalf of the Debtor. This would be appropriate since it has been over 6 months since this Court granted withdrawal of counsel, and the Debtor still, apparently, lacks counsel of its own.

9. While a pro se litigant is not held to the same standard as an attorney, even a pro se pleading must meet basic pleading requirements and demonstrate the basis for relief in order to provide notice to opposing party. In re McFadden, 477 B.R. 686, 696 (Bankr. N.D. Ohio 2012)[1]

**WHEREFORE**, WM Law seeks an order striking Mr. Brown's Limited Objection to the Final Fee Application, and for any other relief appropriate under the circumstances.

Dated: October 26, 2026
.

Respectfully submitted,
WM Law

/s/ Ryan A. Blay

Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
FORMER ATTORNEYS FOR DEBTOR, VICTORY CLEANING SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, the foregoing was delivered via e-mail to the parties listed below that are registered to receive electronic filings on ECF, and regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings on ECF.

**[See attached mailing matrix]**

s/ Ryan A. Blay

1 *See* Hon. Cynthia Norton, *Practice Advice for Dealing with Pro Se Litigants in a GenAI World*, in American Bankr. Inst. ABI Talks, P. 321 (2026).